IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DION STORM HOLLAND<br><br>Plaintiff,<br><br>v.<br><br>JERSEY SHORE AREA JOINT WATER AUTHORITY<br><br>and<br><br>TIADAGHTON MUNICIPAL SEWER AUTHORITY,<br><br>Defendant. | Civil Action No. 4:25-cv-01323-DFB<br><br>The Honorable Daryl F. Bloom<br><br>Electronically Filed |

## DEFENDANT'S MOTION TO DISMISS COMPLAINT

1. Plaintiff Dion Storm Holland ("Plaintiff") filed his Complaint on or about June 27, 2025 in the Court of Common Pleas for Lycoming County, Pennsylvania.

2. In the Complaint, Plaintiff makes several claims related to the shut off of his water service at his residence.

3. On July 21, 2025, Defendants Tiadaghton Municipal Sewer Authority, properly the Tiadaghton Valley Municipal Authority ("TVMA"), and the Jersey Shore Area Joint Water Authority ("JSAJWA") filed a Notice of Removal to the United States District Court for the Middle District of Pennsylvania.

13193631.1

4. Defendant TVMA respectfully sets forth this Motion to Dismiss pursuant to Rule 12(b)(6) due to the legal insufficiency of Plaintiff's claims.

## LEGAL ARGUMENT

5. A Rule 12(b)(6) motion tests the sufficiency of the complaint's allegations.

6. A complaint need only contain a short and plain statement of the facts demonstrating the plaintiff's entitlement to relief. *See* Fed. R. Civ. P. 8(a)(2).

7. The complaint's factual allegations, however, "must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 545 (S. Ct. 2007).

8. The rule is designed to screen out cases when "a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted. . . ." *Port Auth. v. Arcadian Corp.*, 189 F.3d 305, 312 (3d Cir. 1999) (internal quotations and citations omitted).

9. When analyzing a 12(b)(6) motion, courts consider the allegations contained in the complaint, exhibits attached to the complaint, and public records of which the court may take judicial notice. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Rogan v. Giant Eagle, Inc.*, 113 F. Supp.2d 777, 782 (W.D. Pa. 2000) (holding that a court may consider,

among other documents, an EEOC charge of discrimination without converting a motion to dismiss into a motion for summary judgment).

10. Here, based on application of federal and Pennsylvania law, Plaintiff's claims are legally insufficient and there is no right to relief.

### Motion to Dismiss - Plaintiff's claims for Injunctive and Declaratory Relief

11. Plaintiff has already obtained injunctive relief.

12. On June 30, 2025, an emergency hearing was held during which the Court ordered that water service be restored within twenty-four (24) hours. See, Exhibit A (Order dated June 30, 2025 docketed at 2025-00952 in the Court of Common Pleas of Lycoming County).

13. Also on June 30, 2025, service was restored. See, Exhibit B ¶ 6 (Plaintiff's Motion for Contempt filed July 10, 2025 to docket 2025-00952 in the Court of Common Pleas of Lycoming County).

14. No controversy exists that warrants injunctive relief.

15. As such, Plaintiff's claim for injunctive relief is now moot and should be dismissed.

16. Further, Plaintiff's claim for declaratory relief fails for similar reasons.

17. Preliminarily, it is not clear whether Plaintiff seeks declaratory relief pursuant to state or federal law. However, under both statutory schemes, the relief requested is not available.

13193631.1

18. Under both federal and Pennsylvania law, declaratory judgment requires consideration of the likelihood that a declaration will resolve the uncertainty of obligation which gave rise to the controversy.[1] *United States v. Com. of Pa., Dep't of Env't Res.*, 923 F.2d 1071, 1075 (3d Cir. 1991); *Indep. Blue Cross v. Pennsylvania Ins. Dep't*, 802 A.2d 715, 719 (Pa. Commw. Ct. 2002).

19. Here, the Defendants were ordered to restore water service because the Court found that the procedure for shut off was not properly followed. See <u>Exhibit A</u>. As such, there is no longer a controversy to resolve as requested by Plaintiff.

20. Yet, Plaintiff requests that the Court "declar[e] judgment that Defendants' actions were unlawful." See, <u>Exhibit C</u> (Plaintiff's Complaint docketed at 2025-00952 in the Court of Common Pleas of Lycoming County).

21. "Declaratory judgment is inappropriate solely to adjudicate past conduct. Nor is declaratory judgment meant simply to proclaim that one party is liable to another." *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006)(internal citations omitted).

---

[1] Courts may also consider the convenience of the parties; the public interest in settlement of the uncertainty of obligation; the availability and relative convenience of other remedies; and whether the controversy may "better be settled" in a currently pending state court proceeding. *United States v. Com. of Pa., Dep't of Env't Res.*, 923 F.2d 1071, 1075 (3d Cir. 1991). However, none of these factors are relevant here.

4

13193631.1

22. Count I requesting an injunction and declaratory relief should be dismissed because the requested relief cannot be granted.

**Motion to Dismiss - Plaintiff's claims for Punitive Damages**

23. Plaintiff appears to be seeking an entry of judgment that includes the award of punitive damages due to alleged extreme and reckless conduct on the part of Defendants.

24. Again, Plaintiff does not distinguish between his state and federal law claims; however, punitive damages are generally not recoverable against municipal entities under federal law, and are specifically not available in claims made pursuant to 42 U.S.C. § 1983 against municipal entities. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (S. Ct. 1981).

25. Further, punitive damages are not available against municipal entities under Pennsylvania law. *Feingold v. Se. Pennsylvania Transp. Auth.*, 488 A.2d 284, 293 (Pa. Super. 1985), aff'd, 517 A.2d 1270 (Pa. 1986).

26. As such, Plaintiff's claims for punitive damages should be dismissed.

**Motion to Dismiss - Plaintiff's claims related to  
Procedural Due Process and 42 U.S.C. § 1983**

27. Plaintiff sets forth an allegation that his right to procedural due process was violated and he seeks redress pursuant to 42 U.S.C. § 1983.

28. "To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual

interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law." *Dunmore Sch. Dist. v. Pennsylvania Interscholastic Athletic Ass'n*, 505 F. Supp. 3d 447, 459 (M.D. Pa. 2020).

29. "…a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's *policy or custom*, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (S. Ct. 1978)(emphasis added).

30. Importantly, Plaintiff does not contend that the Defendants' *policy* regarding water shutoff is inherently violative of his rights, nor does he allege an unlawful custom.

31. Rather, he asserts that the act of shutting off his water actually violated the Defendants' policy.

32. As such, his claim should be dismissed for failure to state a claim. However, even if this Court were to find that Plaintiff set forth requisite facts to establish a policy or custom that caused his alleged injuries, Plaintiff's claim still must fail.

33.     Regarding the first prong set forth in *Dunmore*, *supra*, receipt of water service is a cognizable state law property interest. "As a constitutionally cognizable state law property interest, the interest in receiving water service is subject to the tri-partite balancing analysis of 1) the property interest, 2) the risk of erroneous deprivation, and 3) the government's interest… for a determination of what procedural safeguards are due." *Ransom v. Marrazzo*, 848 F.2d 398, 409 (3d Cir. 1988).

34.     The Court in *Ransom* goes on to analyze the tri-partite test, finding that, "Although the private interest in receiving water and sewer service is strong, so too is the [government's] interest in recovering the costs of providing service." *Id*. at 410-411

35.     The Third Circuit in *Ransom* found that, "no particular risk of erroneous deprivation of service due to inadequate notice was posed by [the government] because, as a substantive matter, it is not error to deprive service to property where unpaid services have been rendered." *Id*.

36.     Here, Plaintiff does not contend that he paid his bills and that the charges were unwarranted. To the contrary, he asserts that there is a discrepancy in what is owed, but tacitly acknowledges that some amount is owed to Defendant JSAJWA for water service. See, Exhibit C ¶ 6 and Exhibit B to Complaint.

37. Further, he admits that he had knowledge of the statutory procedure related to termination of service for non-payment of bills, and he attempted to follow the dispute process outlined in Pennsylvania's termination of service statute (though he did not produce the proper affidavit or affirmation, as noted by the Court in its June 30, 2025 Order, Exhibit A). 53 P.S. § 3102.502.

38. Finally, he admits to receiving the posted notice on his property regarding water shut off for non-payment. See, Exhibit C ¶ 7.

39. As such, while Plaintiff was allegedly not afforded notice because the posting was not also mailed, Plaintiff admits that he was placed on actual notice of the Defendants' rules and that water shut off was imminent unless his account was paid in full. See, Exhibit C ¶ 7.

40. Due to his lack of payment for services rendered by Defendants, and his actual notice that amounts were owed for services rendered and the non-payment thereof could result in water shutoff, there was no procedural due process error when the Defendants shut off Plaintiff's water supply.

41. As such, Plaintiff's Procedural Due Process claim and the related § 1983 claim for damages should be dismissed.

13193631.1

## Motion to Dismiss - Plaintiff's Equal Protection
## Claim and related 42 U.S.C. § 1983 Claim

42.     Plaintiff next makes a claim that the Defendants violated the Equal Protection clause of the 14th Amendment, and seeks redress pursuant to 42 U.S.C. § 1983.

43.     "The Equal Protection Clause of the Fourteenth Amendment provides that a state may not 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *Dunmore Sch. Dist. v. Pennsylvania Interscholastic Athletic Ass'n*, 505 F. Supp. 3d 447, 462 (M.D. Pa. 2020).

44.     "A plaintiff must allege that: (1) he or she was a member of a protected class, (2) he or she was treated differently from similarly situated persons outside of his or her protected class, and (3) the resultant discrimination was purposeful or intentional rather than incidental." *Dunmore Sch. Dist. v. Pennsylvania Interscholastic Athletic Ass'n*, 505 F. Supp. 3d 447, 462 (M.D. Pa. 2020).

45.     Here, Plaintiff sets forth no facts to support his allegation of discrimination or disparate treatment.

46.     He does not assert that his treatment was based on his status in a protected class.

47. He only baldly asserts that he is a veteran and is disabled; he does not even assert that other non-veteran, non-disabled individuals have not had their water shut off for failure to pay.

48. Similar to his due process claim, he also does not establish a policy or custom that he alleges caused his injuries. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (S. Ct. 1978).

49. As such, Plaintiff has failed to plead a claim under the Equal Protection clause and related § 1983 claim, and the same should be dismissed.

### Motion to Dismiss - Plaintiff's Claims pursuant to the Constitution of the Commonwealth of Pennsylvania

50. Plaintiff generically avers that Defendants' actions deprived him of his rights under Sections 1 and 27 of Article I of the Constitution of the Commonwealth of Pennsylvania.

51. However, no private right of action exists under Article I of the Pennsylvania Constitution, unlike the right of action provided by federal law at 42 U.S.C. § 1983. *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011)(citing *Jones v. City of Philadelphia*, 890 A.2d 1188, 1213 (Pa. Commw. Ct. 2006).

52. "There is no state statute similar to § 1983, that … provides for a general right to sue for a constitutional violation." *Jones v. City of Philadelphia*, 890 A.2d 1188, 1213 (Pa. Commw. Ct. 2006).

53. While Article I provides for remedies, there must be an underlying cause of action available to a claimant in order to seek the remedies afforded by Article I. *See generally, Wolfe v. Beal*, 384 A.2d 1187 (Pa. 1978)(holding that the right to reputation in Article I Section 1 of the Pennsylvania Constitution affords a claimant the *remedy* of expungement of mental health commitment records when she had proven her mental health commitment was unlawful in a prior proceeding, but not that it affords a claimant a separate cause of action to invalidate the commitment in the first instance.).

54. As such, Plaintiff's claims under the Constitution of the Commonwealth of Pennsylvania fail as legally insufficient and should be dismissed.

### Motion to Dismiss - Plaintiff's Claims pursuant to the Unfair Trade Practices and Consumer Protection Law (UTPCL)

55. Plaintiff claims that Defendants violated the UTPCL by engaging in deceptive practices.

56. However, the UTPCL does not apply to political subdivision agencies such as the Defendants. *Meyer v. Cmty. Coll. of Beaver Cnty.*, 93 A.3d 806, 815 (Pa. 2014).

57. Therefore, Plaintiffs claims under the UTPCL are legally insufficient and should be dismissed.

**Motion to Dismiss - Plaintiff's Claims that Defendants  
breached Defendant JSAJWA's rules and regulations**

58. Plaintiff claims that Defendants violated JSAJWA's rules and regulations when it shut off Plaintiff's water.

59. He indicates that this was a 1) breach of published regulations and 2) misrepresentation.

60. It is not clear whether Plaintiff is making a claim sounding in contract or tort (or both); however, under either cause of action, Plaintiff's claims must fail for legal insufficiency.

61. Assuming Plaintiff is claiming breach of contract, the rules and regulations are not contract terms.

62. Specifically, the procedures set forth at Section X of Defendant JSAJWA's rules and regulations indicate no offer, assent, or meeting of the minds, which are the requisite elements of a contract. *Glover v. Junior*, 333 A.3d 323, 339 (Pa. 2025).

63. Further, Plaintiff does not include facts that would establish a meeting of the minds regarding the performance of services or consideration for the same.

64. As such, Plaintiff's claim for breach of the rules and regulations must fail.

65. If Plaintiff intended to set forth a claim of misrepresentation or fraud, so too must his claim fail.

66. The elements of intentional misrepresentation require a showing of a representation, 2) which is material to the transaction, 3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false, 4) with the intent to mislead another into relying on it, 5) justifiable reliance on the misrepresentation, and 6) the resulting injury was proximately caused by the reliance. *Bortz v. Noon*, 729 A.2d 555, 560 (Pa. 1999).

67. Plaintiff does not set forth facts to establish any of these elements.

68. Even if Plaintiff has set forth the bare minimum to establish a specific enough pleading for fraud, Plaintiff's claim must fail because Defendants are immune from liability for any damages pursuant to the Political Subdivision Tort Claims Act. 42 Pa.C.S.A. § 8541.

69. Both Defendants are municipal authorities organized under the Pennsylvania Municipal Authorities Act. See, Exhibit C ¶¶ 4-5.

70. As municipal authorities, they are subject to the protections from tort liability afforded by 42 Pa.C.S.A. § 8541.

71. Therefore, Plaintiff's claims of breach and/or misrepresentation are legally insufficient and should be dismissed.

## Motion to Dismiss – Plaintiff's claim of
## Conspiracy to interfere with Civil Rights

72. Plaintiff claims that the Defendants conspired with law enforcement to chill Plaintiff's right to petition and access the courts in violation of 42 U.S.C. § 1983 and 18 U.S.C. § 241.

73. However, it appears that Plaintiff simply is restating his claim of violation of his due process.

74. He does not offer any facts that suggest Defendants were conspiring with law enforcement to keep him from accessing the courts.

75. Similar to Plaintiff's Due Process and Equal Protection claims, Plaintiff fails to establish a custom or policy that caused his alleged injuries for purposes of his § 1983 claim. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (S. Ct. 1978).

76. Further, Plaintiff sets forth no facts that support his assertion that he was not able to access the court, or that there was an attempt to impede his access to court.

77. To the contrary, Plaintiff was able to immediately access the court, as he filed his Complaint within five days of his water being shut off and was granted a preliminary injunction within three days of filing his Complaint.

78. Finally, Plaintiff cites to 18 U.S.C.A. § 241, which is a section of the federal crimes code making conspiracy to deprive someone of their civil rights a crime.

79. Plaintiff does not have a private right of action pursuant to 18 U.S.C.A. § 241. *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 634 (E.D. Pa.), aff'd, 572 F. App'x 68 (3d Cir. 2014)(citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, (S. Ct. 1973)).

80. As such, Plaintiff's claims of conspiracy pursuant to § 1983 and 18 U.S.C.A. § 241 should be dismissed for legal insufficiency.

**Motion to Dismiss – Plaintiff's claim of Retaliation-Based Emotional Distress**

81. Plaintiff asserts that the actions of Defendants caused emotional distress actionable under Pennsylvania torts law.

82. As stated above, Plaintiff's underlying federal and state constitutional claims and tort claims are without merit, and therefore, Plaintiff cannot establish a claim for emotional distress damages.

83. If Plaintiff is asserting a separate claim for emotional distress, it is not clear if he is asserting that the infliction of emotional distress was intentional or negligent.

84. To set forth a claim of emotional distress, a plaintiff can show that "the defendant, through his negligence, was the proximate cause of the emotional injury to the plaintiff. The second method is by showing that the defendant acted

intentionally or recklessly to cause the emotional injury to the plaintiff." *Stoddard v. Davidson*, 513 A.2d 419, 421 (Pa. Super. 1986).

85. If Plaintiff is alleging negligent infliction of emotional distress, he must also allege some physical impact, or alternatively that he was within the zone of danger of physical impact, or finally, that he is (1) a close family member, (2) he was located near the scene of the accident, and (3) the emotional distress resulted from direct emotional impact from observing an accident involving his close family member. *Stoddard v. Davidson*, 513 A.2d 419, 421 (Pa. Super. 1986).

86. Here, Plaintiff has alleged none of these things. He merely states that he was the subject of retaliation and that Defendants disregarded his medical and mental health conditions.

87. To prove intentional infliction of emotional distress, Plaintiff must set forth facts so extreme and outrageous that the conduct described must "go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society. Described another way, it has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort." *Hoy v. Angelone*, 720 A.2d 745, 753–54 (Pa. 1998).

88. Here, Plaintiff merely states that Defendants "us[ed] police threats and shut-off" which caused "severe emotional distress."

89. This falls far short of the conduct contemplated by the Pennsylvania Supreme Court in *Hoy,* particularly considering that Plaintiff admits he owes payment for water services and was aware that non-payment could result in water shut-off.

90. As such, Plaintiff's claim for emotional distress should be dismissed for legal insufficiency.

### Motion to Dismiss - Plaintiff's claim pursuant to the Universal Declaration of Human Rights

91. Plaintiff sets forth a claim pursuant to the Universal Declaration of Human Rights, and while Plaintiff does not provide a citation, TVMA assumes he is referring to the declaration adopted by the United Nations in 1948.

92. "[T]he Universal Declaration of Human Rights is a non-binding declaration that provides no private rights of action." *United States v. Chatman*, 351 F. App'x 740, 741 (3d Cir. 2009)(citing *Sosa v. Alvarez–Machain*, 542 U.S. 692, 734, (S. Ct. 2004)).

93. As such, Plaintiff cannot state a claim with legal sufficiency pursuant to the Universal Declaration of Human Rights, and the claim should be dismissed.

WHEREFORE, Defendant TVMA respectfully requests that the Complaint be dismissed pursuant to F.R.C.P. 12(b)(6).

                                        Respectfully submitted,

                                        BARLEY SNYDER

By:       */s/ Sarah L. Doyle*
Michael J. Crocenzi, Esquire
Attorney I.D. #66255
mcrocenzi@barley.com
Sarah L. Doyle, Esquire
Attorney I.D. #321149
sdoyle@barley.com
100 East Market Street
York, PA  17401
Telephone (717) 846-8888
*Counsel for Tiadaghton Municipal Sewer Authority*

Date:  July 28, 2025

18

13193631.1

## CERTIFICATE OF SERVICE

I certify that on this 28th day of July, 2025, the foregoing Motion to Dismiss was electronically filed and available for downloading from the ECF system and, pursuant to Fed. R.C.P. 5(b)(2)(D), such electronic filing constitutes service of the foregoing document on the following parties who have consented to electronic service:

>Sean P. McDonough, Esquire
>Dougherty Leventhal & Price, LLP
>75 Glenmaura National Boulevard
>Moosic, PA 18507
>*Counsel for Defendant Jersey Shore
>Area Joint Water Authority*

and by first-class mail, postage prepaid to:

>Dion Storm Holland
>566 High Street
>Jersey Shore, PA  17740
>*Pro Se Plaintiff*

>Respectfully submitted,
>
>BARLEY SNYDER
>
>By:    */s/ Sarah L. Doyle*
>Michael J. Crocenzi, Esquire (#66255)
>mcrocenzi@barley.com
>Sarah L. Doyle, Esquire (#321149)
>sdoyle@barley.com
>100 East Market Street
>York, PA  17401
>Telephone (717) 846-8888
>*Counsel for Tiadaghton Municipal Sewer Authority*

Date:  July 28, 2025

13193631.1