# Exhibit B

## IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

### CIVIL ACTION – LAW

DION STORM HOLLAND,

    Plaintiff,

v.

JERSEY SHORE AREA JOINT WATER AUTHORITY and

TIADAGHTON MUNICIPAL SEWER AUTHORITY,

    Defendants.

Docket No: CV-25-00952

Judge: William P. Carlucci

## PROPOSED ORDER

(Filed Pursuant to Pa.R.C.P. Nos. 206.5, 1955, and 4019)

AND NOW, this _____ day of _____, 2025, upon consideration of Plaintiff's Motion for Contempt filed pursuant to Pa.R.C.P. No. 206.1(a)(1), and in accordance with the Court's authority under Pa.R.C.P. Nos. 206.5, 1955, and 4019(c)(2), it is hereby ORDERED as follows:

1. A Rule is issued upon Defendants JERSEY SHORE AREA JOINT WATER AUTHORITY and TIADAGHTON MUNICIPAL SEWER AUTHORITY, and upon their counsel of record, Paul Ryan, Esq., to show cause why they should not be held in civil contempt of court for willfully violating the Court's Order dated June 30, 2025.

2. A hearing on this matter shall be held on the _____ day of _____, 2025, at _____ __.m. in Courtroom ____ at the Lycoming County Courthouse, 48 West Third Street, Williamsport, Pennsylvania.

3. Defendants shall file a verified response to the Motion for Contempt no later than five (5) days prior to the hearing, pursuant to Pa.R.C.P. No. 206.5(d).

4. If the Court finds Defendants or their counsel in contempt, the Court may enter such orders and impose such sanctions as it deems appropriate, including but not limited to:

      a. Monetary fines;

      b. Award of costs and enforcement-related expenses to Plaintiff;

      c. Entry of further injunctive relief to prevent future violations;

      d. Referral of counsel to the appropriate disciplinary authority.

5.  Plaintiff shall serve this Order and the Motion for Contempt on all parties as required by the Rules of Civil Procedure and file a Certificate of Service with the Court.

BY THE COURT:

JUDGE WILLIAM P. CARLUCCI

Court of Common Pleas – Lycoming County

COURT OF COMMON PLEAS, LYCOMING COUNTY, PENNSYLVANIA
MOTION COVER SHEET

Caption (may be abbreviated)
Dion Storm Holland

vs.
Jersey shore water authority, et al

Docket No. CV-2625-00952

Case assigned to Judge william P. Carlucci
□ none
□ Family Court Hearing Officer

1. Name of filing party: Dion Storm Holland

2. Filing party's attorney: Pro se

3. Type of filing: Motion for contempt

4. The following is/are requested:
□ Argument
□ Evidentiary Hearing
□ Court conference
✓Rule to show cause
□ Entry of uncontested order
   (attach supporting documentation)
□ Expedited consideration. State the basis:

□ Video conferencing requested. Request form
has been submitted. See Lyc. Co. R.G.C.B. L8.
✓ Attach this cover sheet to original motion
previously filed on: 6/27/2025
5. Time required:

6. Name and addresses of all counsel of record
and unrepresented parties:
Dion Storm Holland    566 High St
                      Jerseyshore, pa
                           [17740]

Paul Ryan, ESP. coploff,
ryan & Houser 136 E. water st
                 Lock Haven, PA
                      17745

□ Continued on separate sheet.

ORDER

1. _____ An ___ argument ___ factual hearing ___ court conference is scheduled for _____

   at _____M. in courtroom no. _____, Lycoming County Courthouse, Williamsport, PA.

2. _____ Briefs are to be filed by the following dates:

           Filing party_____.

           Responding party(ies)_____.

3. _____ A rule is issued upon respondent to show cause why the petitioner is not entitled to the relief
   requested.

4. _____ A response to the motion/petition shall be filed within _____ days.

5. _____ See order attached. _____ See separate order issued this date.

6. _____ Other_____

           _____        _____
                     Judge                      Date

cc: ALL PARTIES OR OTHERS TO BE SERVED WITH NOTICE MUST BE DESIGNATED IN "6." ABOVE.
NOTICE: The parties are directed to confer for the purpose of resolving any issue raised in the motion/petition.
If a resolution is reached prior to the scheduled date, the moving party shall immediately notify the court
scheduling technician, the judge or hearing officer assigned to hear the matter, and all counsel of record or
parties if unrepresented. Such notice may be in writing or by email.

**IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA**

**CIVIL ACTION – LAW**

DION STORM HOLLAND,

    Plaintiff,

v.

JERSEY SHORE AREA JOINT WATER AUTHORITY and

TIADAGHTON MUNICIPAL SEWER AUTHORITY,

    Defendants.

Docket No: CV-25-00952

Judge: William P. Carlucci

## MOTION FOR CONTEMPT

Filed Pursuant to Pa.R.C.P. Nos. 206.1(a)(1), 1955, and 4019

Plaintiff, Dion Storm Holland, respectfully moves this Honorable Court to hold Defendants and their legal counsel, Paul Ryan, Esq., in civil contempt for willfully violating the Court's Order dated June 30, 2025, and for conduct inconsistent with the Pennsylvania Rules of Civil Procedure. In support, Plaintiff states as follows:

## I. INTRODUCTION

1. This Motion is brought under Pa.R.C.P. No. 206.1(a)(1), as it seeks enforcement of a prior Court Order through contempt proceedings.

2. Plaintiff also seeks sanctions and enforcement authority under Pa.R.C.P. No. 1955 and Pa.R.C.P. No. 4019(c)(2).

## II. BACKGROUND

3.  On June 27, 2025, Plaintiff filed a Verified Complaint and Emergency Motion for Injunctive Relief regarding the unlawful termination of water and sewer service at 566 High Street, Jersey Shore, Pennsylvania.

4.  An emergency hearing was held before this Honorable Court on June 30, 2025.

5.  That same day, the Court issued a written Order dated June 30, 2025, requiring:

    a. Immediate restoration of water and sewer service within 24 hours;

    b. A prohibition on any future termination of service without at least ten (10) days' mailed and posted notice, as required by 53 Pa.C.S. § 502(b) and Rule X of Defendants' own regulations.

6.  Water service was restored on or about June 30th, 2025, but Defendants immediately resumed retaliatory conduct designed to circumvent the Court's injunction.


## III. CONTEMPTUOUS CONDUCT

7.  On July 9, 2025, Plaintiff was visited by officers from the Lycoming County Regional Police Department, who advised that "the Authority" contacted the borough and requested access to the shutoff point at Plaintiff's residence.

8.  Although the requestor was not named, it is likely that the request originated with Manager Eric Johnson, based on prior actions.

9.  Officers noted that Plaintiff's son's vehicle was parked in a manner that blocked access to the shutoff valve.

10. During a conversation on July 10, 2025, at approximately 9:42 AM, officers informed Plaintiff that while the borough might tow the vehicle, they could not compel Plaintiff to move it or authorize towing without a court order.

11. Defendants made no attempt to seek modification of the June 30, 2025 Order and provided no 10-day mailed and posted notice, as required by both law and the Court's directive.

12. This conduct constitutes a bad-faith, extrajudicial attempt to bypass this Court's Order through coercion and misuse of municipal enforcement.


## IV. FAILURE TO RESPOND TO PLAINTIFF'S LEGAL NOTICES

13. On July 2, 2025, Plaintiff mailed the following legal notices to both Defendants:

      a. Notice of Correction and Reassertion of Billing Dispute;

      b. Corrected Billing Error Affidavit of Truth;

      c. Affidavit of Truth Regarding Medical Certification;

      d. Notice of Fault and Opportunity to Cure;

      e. Notice of Commercial Liability.

14. USPS return receipts confirm that Defendants received and signed for these documents on July 3, 2025.

15. As of the filing of this Motion, no response has been received from either Defendant or their counsel to any of the notices.

## V. PROCEDURAL STATUS

16. Plaintiff acknowledges that Defendants' 20-day response period under Pa.R.C.P. No. 1026(a) is still open as of this filing, with service completed on June 30, 2025.

17. However, Attorney Paul Ryan has not filed any Notice of Appearance, in violation of Pa.R.C.P. No. 1012(b), nor any responsive pleading, motion, or request for relief from the Court's Order.

## VI. LEGAL BASIS FOR CONTEMPT SANCTIONS

18. Under Pa.R.C.P. No. 206.1(a)(1), a motion for civil contempt must be filed as a petition with an accompanying proposed order.

19. Pa.R.C.P. No. 4019(c)(2) authorizes the Court to impose sanctions where a party disobeys a court order.

20. Pa.R.C.P. No. 1955 allows the Court to enter judgment on a contempt finding and award damages, costs, and other enforcement relief.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1.  Issue a Rule to Show Cause why Defendants and Attorney Paul Ryan should not be held in civil contempt for willful violation of the Court's June 30, 2025 Order;

2.  Schedule a hearing under Pa.R.C.P. No. 206.5 and require Defendants to file a verified response at least five (5) days in advance;

3.  Upon hearing, enter an Order:

    a. Holding Defendants and Paul Ryan in civil contempt;

    b. Imposing monetary sanctions for continued violation;

    c. Awarding costs, filing fees, and attorney-equivalent fees to Plaintiff;

    d. Strengthening the injunction to prohibit any shutoff action or enforcement request without written court approval and strict compliance with 53 Pa.C.S. § 502(b);

    e. Referring counsel for appropriate disciplinary review if warranted;

4.  Awarding such other relief as this Court deems just and proper.

Respectfully submitted,

Dion Storm Holland

566 High Street

Jersey Shore, Pennsylvania 17740

(814) 574-9664

subarudion@gmail.com

Pro Se Plaintiff

Date: July 10, 2025

UCC 1-308
without prejudice

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of July, 2025, a true and correct copy of the foregoing Motion for Contempt and Proposed Order was served via first-class mail and email upon:

Paul Ryan, Esq.

Coploff, Ryan & Houser

136 East Water Street

Lock Haven, PA 17745

Email: pryan@crhlaw.com

Jersey shore water authority & tiadaghton municipal authority

1111 Bardo road ave Jersey shore PA, 17740

290 Rice road Jersey shore PA, 17740

Respectfully,

UCC 1-308
without prejudice

Dion Storm Holland

Pro Se