# Exhibit C



## IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA
### Civil Division

DION STORM HOLLAND,
    Plaintiff,

v.

No. _____

CV 25 - 0 0 9 5 2

JERSEY SHORE AREA JOINT WATER AUTHORITY,
1111 Bardo Ave, Jersey Shore, PA, and
TIADAGHTON MUNICIPAL SEWER AUTHORITY,
290 Rice Rd, Jersey Shore, PA,
    Defendants.

### PRAECIPE

TO THE PROTHONOTARY:

Please issue Writs of Summons directed to:

• Jersey Shore Area Joint Water Authority
  1111 Bardo Ave
  Jersey Shore, Pennsylvania

• Tiadaghton Municipal Sewer Authority
  290 Rice Rd
  Jersey Shore, Pennsylvania

and forward them, along with one (1) copy of the Complaint, to the Sheriff of Lycoming County
for service upon the Defendants pursuant to Pa.R.C.P. 400.

Enclosed is the $100 sheriff's service deposit.

Date: June 27, 2025

Respectfully submitted,

UCC 1-308
without Prejudice
All right reserved

Dion Storm Holland, Plaintiff
566 High Street
Jersey Shore, Pennsylvania
(814) 574-9664
subarudion@gmail.com

DION STORM HOLLAND

VS.

JERSEY SHORE AREA JOINT WATER AUTHORITY. TIADAGHTON MUNICIPAL
SEWER AUTHORITY

**IN THE COURT OF COMMON PLEAS
OF LYCOMING COUNTY, PA
CIVIL DIVISION
29th JUDICIAL DISTRICT**

**CASE NUMBER**
CV-2025-00952

## WRIT OF SUMMONS

06/27/2025

Tiadaghton Municipal Sewer Authority
290 Rice Road
Jersey Shore, PA 17740

You are hereby notified that the following Plaintiff(s),

**Dion Storm Holland**

has commenced an action against you, which you are required to defend.

**Attorney for the Plaintiff**

_Thomas D. Heap_

Thomas D. Heap
Lycoming County Prothonotary
*June 27, 2025*

| | |
|---|---|
| DION STORM HOLLAND<br><br>VS.<br><br>JERSEY SHORE AREA JOINT WATER AUTHORITY, TIADAGHTON MUNICIPAL<br>SEWER AUTHORITY | IN THE COURT OF COMMON PLEAS<br>OF LYCOMING COUNTY, PA<br>CIVIL DIVISION<br>29th JUDICIAL DISTRICT<br><br>CASE NUMBER<br>CV-2025-00952 |

# WRIT OF SUMMONS

06/27/2025

Jersey Shore Area Joint Water Authority
1111 Bardo Avenue
Jersey Shore, PA 17701

You are hereby notified that the following Plaintiff(s),

**Dion Storm Holland**

has commenced an action against you, which you are required to defend.

**Attorney for the Plaintiff**

_____
Thomas D. Heap
Lycoming County Prothonotary
*June 27, 2025*

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

Lycoming County

| For Prothonotary Use Only: |
|---|
| Docket No: |

CV 25 - 0095 2

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

### SECTION A

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

Lead Plaintiff's Name: Dion Storm Holland

Lead Defendant's Name: Jersey Shore area Joint water Authority. Tiadaghton municipal Sewer Authority

Are money damages requested? ☒ Yes ☐ No

Dollar Amount Requested: (check one) ☐ within arbitration limits ☒ outside arbitration limits

Is this a *Class Action Suit*? ☐ Yes ☒ No

Is this an *MDJ Appeal*? ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: _____

☒ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

### SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☒ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☒ Other: verified complaint for emergency injunctive relief- utility termination

*Updated 1/1/2011*

**COURT OF COMMON PLEAS, LYCOMING COUNTY, PENNSYLVANIA**
**CASE MONITORING NOTICE**

Dion Storm Holland

Plaintiff
    vs. Jersey Shore AREA Joint water
           Authority and Tiadaghton
    Municipal Sewer Authority

Defendant

DOCKET NO. CV 25 - 00952

CIVIL ACTION

I. This matter is:

_____ **Mortgage Foreclosure** (file once an **Answer** has been filed).
        Time needed for trial _____ (1 day) _____ (1/2 day).

_____ **Credit Card Collection Case** (file once an **Answer** has been filed)
        a) _____ Arbitration. ($50,000 or less) Time needed for discovery? _____ months
        b) _____ Trial. Time needed for discovery? _____ months

_____ **Forfeiture** (file once an **Answer** has been filed)

_____ **Administrative Agency Appeal** (file with **Notice of Appeal**)

__X__ **General Civil Case** (file with **Complaint**):
        a) _____ Arbitration. ($50,000 or less) Time needed for discovery? _____ months
        b) _____ Fast track (4 month discovery period)
        c) __X__ Normal track (9 month discovery period)
        d) _____ Complex track (12 month discovery period)
        e) _____ Medical Malpractice (14 month discovery period)

_____ **Other.** Action requested: _____

II. Jury trial demanded? _____ YES __X__ NO

III. Please note any special scheduling concerns: Emergency relief requested
Plaintiff is a disabled veteran with medical hardship requiring expeditious
                                                  hearing.

Name of filing counsel or pro se party: Dion Storm Holland     for _____
Address: 566 High St Jersey Shore Pennsylvania 17740
Telephone number: 814-574-9664
Email address: Subaru dion@gmail.com

                                    Tiadaghton municipal sewer Authority
Opposing counsel or pro se party: _____ for Jersey Shore area water Authority
Address: 1111 Bardo Avenue, Jersey shore, PA 17740, P.O. Box 5039, 290 rice road
Telephone number: 570-398-1443    570-398-2366
Email address: Janet @ Jersey Shore water.com

Dion Storm Holland

_____

Plaintiff

: IN THE COURT OF COMMON PLEAS OF
: LYCOMING COUNTY, PENNSYLVANIA
:
Jersey Shore Area Joint Water Authority    : CIVIL ACTION - LAW
:
Tiadaghton Municipal Sewer Authority
            Defendant    : NO.  CV 25 - 0 0 9 5 2

## NOTICE TO DEFEND AND CLAIM RIGHTS

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Pennsylvania Bar Association
Lawyer Referral Service
100 South Street (P.O. Box 186)
Harrisburg, PA 17108
(800) 692-7375

### AMERICANS WITH DISABILITIES ACT OF 1990

The Court of Common Pleas of Lycoming County is required by law to comply with the Americans With Disabilities Act of 1990. For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the Court, please contact the office of the Lycoming County Court Administrator, Lycoming County Courthouse, 48 West Third Street, Williamsport, PA 17701, Telephone No. (570) 327-2330. All arrangements must be made at least 72 hours prior to any hearing or business before the Court. You must attend the scheduled conference or hearing.

Date: 06/26/2025

(signature)
Name: Dion Storm Holland
Address: 566 High St   Jersey Shore
            Pennsylvania  17740
Phone: _____

CV 25 - 0 0 9 5 2

**IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA**
**Civil Division**

DION STORM HOLLAND,
  Plaintiff,

v.              No. _____

JERSEY SHORE AREA JOINT WATER AUTHORITY
1111 Bardo Ave, Jersey Shore, PA 17740, and
TIADAGHTON MUNICIPAL SEWER AUTHORITY
290 Rice Rd, Jersey Shore, PA 17740,
  Defendants.

## VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF DAMAGES,

## AND EQUITABLE RELIEF

### I. NOTICE TO DEFEND

You have been sued.  Within twenty (20) days of service you must file a written Answer or Preliminary

Objection with the Prothonotary or a default judgment may be entered.

### II. JURISDICTION AND VENUE

1. This Court has jurisdiction under 42 Pa.C.S. § 931 and 42 U.S.C. § 1983.

2. Venue is proper under Pa.R.C.P. 2153 because all events occurred at 566 High Street, Jersey Shore, PA

17740.

### III. PARTIES AND STANDING



3. Plaintiff is Dion Storm Holland, a disabled veteran and non-citizen national under 8 U.S.C. §

1101(22)(B), domiciled at 566 High Street, Jersey Shore, PA 17740.

4. Defendant Jersey Shore Area Joint Water Authority ("JSAJWA") is a municipal authority under 53

Pa.C.S. § 5601 et seq., principal place of business at 1111 Bardo Ave, Jersey Shore, PA 17740.

5. Defendant Tiadaghton Municipal Sewer Authority ("TMSA") is a municipal authority under 53

Pa.C.S. § 5601 et seq., principal place of business at 290 Rice Rd, Jersey Shore, PA 17740.


## IV. FACTUAL ALLEGATIONS

6. Plaintiff suffers from TBI, PTSD, major depression, chronic pain, and kidney impairment from

rhabdomyolysis—conditions making uninterrupted water service medically critical.

7. Plaintiff never received any mailed bills or shut-off notices. On June 11, 2025, Defendants posted a

door notice stating:

   "Your water and sewer service will be disconnected by June 20, 2025." (Exhibit A.)

8. Immediately on June 11, 2025, Plaintiff emailed Janet@jerseyshorewater.com—the only address listed

on JSAJWA's website—the following:

   a. A Billing Error Notice & Medical Emergency Conditional Acceptance disputing all charges (Exhibit

B);

   b. A Demand for Forensic Audit (Exhibit C,&D).

   (No email contact was available for TMSA.)

9. Plaintiff's balance and usage records were inconsistent and disputed throughout this period, further

evidencing billing inaccuracies.

10. On June 20, 2025, Plaintiff received from Dr. Sean Burke the Medical Certificate confirming his

serious medical conditions.

11. On June 23, 2025, at approximately 11:30 AM—while Manager Eric Johnson and a field technician

were shutting off Plaintiff's water on his private property—Plaintiff handed them the original Medical

Certificate. They rejected it, demanded invasive disclosures ("Are you on dialysis?"), and completed the shut-off. (Exhibits G & J.)

12. Defendants' shut-off violated JSAJWA Rule X and 53 Pa.C.S. § 502(b), each barring termination upon timely dispute or hardship certification. (Exhibits F & I.)

13. Since June 23, Plaintiff's minor children, emotional-support animals, and medical needs have been without water, causing immediate medical, sanitary, and emotional harm. (Exhibit H.)

14. On June 25, 2025, Defendants enlisted **Detective Segura** and **Captain Smith of the Lycoming County Regional Police** to threaten Plaintiff into silence. (Exhibit K.)


## V. COUNT I – INJUNCTIVE & DECLARATORY RELIEF

15. Plaintiff incorporates ¶¶ 1–14.

16. Under 66 Pa.C.S. § 1406(f), 53 Pa.C.S. § 502(b), and Rule X, Defendants were prohibited from shutting off service after hardship certification or dispute.

17. An actual controversy exists; Plaintiff is entitled to an injunction restoring service and a declaratory judgment that Defendants' actions were unlawful.


## VI. COUNT II – DAMAGES & EQUITABLE RELIEF

18. Plaintiff incorporates ¶¶ 1–14.

19. Defendants' conduct—shutting off life-essential water to a disabled veteran despite his lawful dispute and medical certification—was extreme and reckless, entitling Plaintiff to compensatory and punitive damages, equitable relief, a full forensic audit, and attorneys' fees.


## VII. COUNT III – PROCEDURAL DUE PROCESS

20. Plaintiff incorporates ¶¶ 1–14.

21. Defendants, under color of state law, deprived Plaintiff of property (water/sewer) without constitutionally adequate notice or hearing, violating the Fourteenth Amendment and actionable under 42 U.S.C. § 1983.

## VIII. COUNT IV – EQUAL PROTECTION

22. Plaintiff incorporates ¶¶ 1–14.

23. Defendants' refusal to honor Plaintiff's medical certification and disparate treatment of a disabled veteran violates the Equal Protection Clause of the Fourteenth Amendment and is actionable under 42 U.S.C. § 1983.

## IX. COUNT V – PENNSYLVANIA CONSTITUTIONAL RIGHTS

24. Plaintiff incorporates ¶¶ 1–14.

25. Article I §§ 1 and 27 of the Pennsylvania Constitution protect inherent rights (including bodily integrity) and environmental rights to clean water.

26. Defendants' actions deprived Plaintiff of these rights without due process or justification.

## X. COUNT VI – UTPCPL

27. Plaintiff incorporates ¶¶ 1–14.

28. Defendants engaged in unfair or deceptive practices by misrepresenting policies, ignoring disputes, and coercing payment, in violation of 73 P.S. §§ 201-1 et seq.

## XI. COUNT VII – BREACH OF REGULATIONS

29. Plaintiff incorporates ¶¶ 1–14.

30. Defendants violated JSAJWA's own Rule X and Termination Notice procedures, constituting a breach of their published regulations and misrepresentation.

## XII. COUNT VIII – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

31. Plaintiff incorporates ¶¶ 1–14.

32. Defendants conspired with law enforcement to chill Plaintiff's right to petition and access the courts, violating 42 U.S.C. § 1983 and 18 U.S.C. § 241.

## XIII. COUNT IX – RETALIATION-BASED EMOTIONAL DISTRESS

33. Plaintiff incorporates ¶¶ 1–14.

34. Defendants' retaliation—using police threats and shut-off—recklessly disregarded Plaintiff's known medical and mental health conditions, causing severe emotional distress actionable under Pennsylvania tort law.

## XIV. COUNT X – UNIVERSAL DECLARATION OF HUMAN RIGHTS

35. Plaintiff incorporates ¶¶ 1–14.

36. Access to clean water is a fundamental human right under the Universal Declaration of Human Rights, Art. 25(1).

37. Defendants' shut-off violated this right, warranting equitable relief.

## XV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter a preliminary and permanent injunction restoring water and sewer service immediately;

B. Declare Defendants' actions unlawful under all cited statutes, regulations, and constitutional provisions;

C. Award compensatory, punitive, and equitable damages;

D. Order a full forensic accounting of Plaintiff's account;

E. Award attorneys' fees and costs; and

F. Grant any other relief the Court deems just and proper.

## XVI. VERIFICATION

VERIFICATION

I, Dion Storm Holland, hereby state that I am the Plaintiff in the foregoing Verified Complaint. I understand that the statements made herein are subject to the penalties of 18 Pa.C.S. § 4904 (relating to unsworn falsification to authorities). I verify that the facts set forth in the Complaint are true and correct to the best of my knowledge, information, and belief.

Date: June 27, 2025

Dion Storm Holland

ucc 1-308
All rights reserved
without prejudice

## EXHIBIT INDEX

Exhibit A: Termination Notice dated June 11, 2025.

Exhibit B: First Legal Notice and Medical Hardship Email.

Exhibit C: Notice of Emergency and Conditional Acceptance.

Exhibit D: Affidavit of Billing Error and Demand for Forensic Audit.

Exhibit E: Medical Certificate signed by Dr. Sean Burke.

Exhibit F: Jersey Shore Area Joint Water Authority Rules and Regulations (Rule X).

Exhibit G: Post-Termination Notice dated June 23, 2025.

Exhibit H: Image of Medical Certificate Hand Delivery at Shutoff Site.

Exhibit I: Text of 53 Pa.C.S. § 502 (Water Shutoff Protections – Judicial Determination Requirement).

Exhibit J: Photograph of Plaintiff handing Eric Johnson the medical certificate.

Exhibit K: Image of armed Lycoming County Regional Police officers (Detective Justin Segura and Captain Cody Smith) on Plaintiff's property.

Exhibit L: Fee Schedule for Commercial Liability for Rights Violations.

Exhibit (A)

# TERMINATION NOTICE

**Name** DION HOLLAND    **Date** 6-11-25

**Address** 566 HIGH ST

**Acct. No.** 5000960.00-0

The water service to this property will be terminated on  6-20-25

This action will be taken because your bill period is 30 days or more overdue in

the amount of $ 461.15

As stated in our Rate Resolution, a  $50.00  reconnection fee will be required to have the
service restored and this charge will be collected in addition to the total amount due on the bill.
Service will only be restored during the normal working hours of this company.

You may arrange for restoration of service by contacting a Service Representative at the
address or telephone number listed below to make payment arrangements.

### MEDICAL EMERGENCY NOTICE
If you, or anyone presently and normally living in your home is seriously ill, we will restore
your water service during such illness provided you:

(a)  Have a physician certify by phone or in writing that such illness exists and that it may be
     aggravated if your service is not restored; and
(b)  Make some equitable arrangements to pay the company your past due and current bills
     for service.
(c)  Contact us by calling the telephone number listed below.

Jersey Shore Area Joint Water Authority          Tiadaghton Municipal Sewer Authority
Office: 1111 Bardo Avenue, Jersey Shore, PA 17740    P.O. Box 5039 • 290 Rice Road
Telephone: (570) 398-1443                        Telephone: (570) 398-2366

tjr @lde ᵽrm1 ℮ʰₐₚₚₑᵣ - JSAJWA Termination Notice - Orbit Orange

Exhibit (B)

 Gmail

**Dion Holland <subarudion@gmail.com>**

## First Legal Notice – Medical Hardship & Billing Dispute – Acct #50209902.00-0

**Dion Holland** <subarudion@gmail.com>
To: <janet@jerseyshorewater.com>

Wed, Jun 11 at 12:49 PM

To Whom It May Concern,

This email serves as my first and original formal notice regarding the account referenced below:

Account Name: DION HOLLAND
Service Address: 566 High Street, Jersey Shore, PA
Account No.: 50209902.00-0

On June 11, 2025, a termination notice was left on my private property without prior contact, contract, or disclosure of lawful billing records. The notice claimed an overdue balance of $461.15, while your online system reports a conflicting amount of $559.84. These inconsistencies, combined with the absence of any signed agreement, constitute a material billing error and failure of lawful due process.

I am attaching the following legal notices:
1. **FIRST Notice of Medical Emergency and Conditional Acceptance of Termination Notice**
2. **FIRST Affidavit of Billing Error and Demand for Forensic Audit**

Be advised that I am a permanently disabled veteran with Traumatic Brain Injury and PTSD. Any disconnection of essential water/sewer service would endanger my health and violate both the Americans with Disabilities Act (ADA) and your own emergency provisions. You are now on legal notice of a medically documented hardship, and all disconnection efforts must immediately cease.

You are hereby demanded to:
- Provide a complete forensic audit and itemized statement for the alleged account.
- Refrain from any termination or further collection activity until this dispute is lawfully resolved.
- Acknowledge receipt of this notice within **72 hours** and respond to all points made in the attached affidavits.

Failure to respond or act in good faith will result in immediate legal escalation, including but not limited to: injunctive relief, ADA violation claims, and formal regulatory complaints.

Respectfully,

Dion Storm Holland
Authorized Agent for the Estate of DION HOLLAND
c/o 566 High St, Jersey Shore, Pennsylvania Republic, near [17740]
FIRST_Affidavit_of_Billing_Error_and_Demand_for_Forensic_Audit_Dion_Holland.docx,
FIRST_Notice_of_Medical_Emergency_and_Conditional_Acceptance_Dion_Holland.docx

Exhibit (C)

## NOTICE OF MEDICAL EMERGENCY AND CONDITIONAL ACCEPTANCE

To: Jersey Shore Area Joint Water Authority

1111 Bardo Avenue

Jersey Shore, PA 17740


To: Tiadaghton Municipal Sewer Authority

290 Rice Road, P.O. Box 5039

Jersey Shore, PA 17740


From: Dion Storm Holland, Private American National, House of Holland

In care of: 566 High Street, Jersey Shore, Pennsylvania Republic, near [17740]


Date: June 11, 2025


RE: Notice of Medical Emergency and Conditional Acceptance of Termination Notice


Dear Agents of the Above-Named Municipal Corporations,


This letter serves as the first and only formal notice of record that I am asserting a medical hardship and billing dispute regarding the water and sewer account referenced herein. A Termination Notice dated June 11, 2025, was left on my private property by your agent(s), without prior notice, lawful process, or consent.


I conditionally accept your demand upon proof of claim and full forensic audit and accounting of the alleged debt pursuant to 15 U.S.C. § 1666, 12 CFR § 226.13, UCC 3-501 and UCC 3-603, showing that the debt has not been discharged, set-off, securitized, or otherwise prepaid through prior tender.


Further, this serves as a formal Medical Emergency Notice. I am a permanently and totally disabled veteran with serious health conditions including Traumatic Brain Injury and Post-Traumatic Stress Disorder (PTSD), documented with the Department of Veterans Affairs. Termination of water service poses a serious health hazard and may cause substantial aggravation to my existing condition.


Accordingly, you are required under the emergency provision listed in your own notice to immediately cease all collection and termination activity, and to accept equitable arrangements pending full resolution of the billing dispute.


Any attempt to terminate essential services while this matter is under lawful dispute, and

Exhibit (C) pg 2

while a medical hardship is active, shall constitute knowing and intentional harm, disability discrimination under Title II of the ADA, and gross negligence under color of law.

You are hereby instructed to respond within seventy-two (72) hours of receipt of this notice with acknowledgment and verification of account status. Silence shall be construed as agreement to all facts stated herein.

Without prejudice, all rights reserved, UCC 1-308.

By: Dion Storm Holland

Authorized Agent for DION HOLLAND, ESTATE

In care of 566 High Street, Jersey Shore, Pennsylvania Republic, near [17740]

Additionally, I note a discrepancy in the reported account balance: the door notice dated June 11, 2025, claims $461.15 is due, while the online billing system simultaneously reflects an amount of $559.84. This material inconsistency further supports the presence of a billing error and mandates full reconciliation prior to any lawful termination of service.

Exhibit (D)
pg 1

# AFFIDAVIT OF BILLING ERROR AND DEMAND FOR FORENSIC AUDIT

To: Jersey Shore Area Joint Water Authority

    1111 Bardo Avenue

    Jersey Shore, PA 17740


To: Tiadaghton Municipal Sewer Authority

    290 Rice Road, P.O. Box 5039

    Jersey Shore, PA 17740


From: Dion Storm Holland, House of Holland

In care of: 566 High Street, Jersey Shore, Pennsylvania Republic, near [17740]


Date: June 11, 2025


RE: AFFIDAVIT OF BILLING ERROR AND DEMAND FOR FORENSIC AUDIT


I, Dion Storm Holland, a living man and beneficiary of the private estate/trust known as DION HOLLAND, submit this first and original Affidavit of Billing Error and Demand for Forensic Audit, initiated after receiving a door notice without prior written billing records, formal agreement, or lawful contract. This serves as my formal dispute and demand under the Truth in Lending Act (15 U.S.C. § 1666), the Fair Credit Billing Act, and Uniform Commercial Code Sections 3-501, 3-603, and 9-210.


I dispute the validity and accuracy of the alleged balance claimed by your office as due and owing under account number 50209902.00-0. A Termination Notice left on my door on June 11, 2025, claimed a balance of $461.15. However, upon logging into the online billing system, I observed a different balance listed as $559.84.


This inconsistency represents a material defect in your accounting records, and constitutes prima facie evidence of a billing error under 15 U.S.C. § 1666(b). Any attempt to enforce collection or termination based on fluctuating or inaccurate balances without proper documentation and reconciliation is unlawful, deceptive, and may constitute constructive fraud.


This document also serves as a formal request for a full and complete forensic audit and itemized accounting of the following:


(1) The original contract bearing my signature that created a lawful debt obligation.

(2) All transactions posted to the account from inception to present, including interest calculations and fees.

(3) Any and all securities, credits, or public trust funds applied to or derived from the account.

(4) The accounting method used to determine the outstanding balance, and explanation for the conflicting totals.

Exhibit (D)
pg2

Absent this documentation, continued demands for payment shall constitute willful billing fraud, deceptive trade practices, and potential violations under the RICO Act (18 U.S.C. § 1962).

You are hereby instructed to suspend all collection activity and cease any threat of service termination until such time as these matters are resolved lawfully. Failure to respond with all requested documentation within ten (10) business days will result in a Notice of Default, Estoppel, and potential civil litigation.

This affidavit shall stand as truth in commerce unless rebutted by sworn affidavit point-for-point within the allotted timeframe.

Without prejudice, UCC 1-308, all rights reserved.

By: Dion Storm Holland

Authorized Agent for DION HOLLAND, ESTATE

In care of 566 High Street, Jersey Shore, Pennsylvania Republic, near [17740]

Exhibt (E) pg 1

 Gmail

Dion Holland <subarudion@gmail.com>

---

## Final Notice: Rule X Violations, Medical Hardship, and Pending Legal Action

**Dion Holland** <subarudion@gmail.com>                                                        Tue, Jun 24 at 3:25 PM
To: <janet@jerseyshorewater.com>, <scams@attorneygeneral.gov>, <consumer@paoca.org>, <RA-DHCOMPLAINTS@pa.gov>, <ComplaintsOffice08@hud.gov>, <ra-ocs@pa.gov>, <intake@disabilityrightspa.org>, <ncomplai@pa.gov>

To the Jersey Shore Area Joint Water Authority.

This letter serves as formal and final notice of serious violations of your own Rules and Regulations (Rule X), the Pennsylvania Consumer Protection Law, and applicable medical hardship and billing protections under 66 Pa. C.S. § 1406(f) and the Americans with Disabilities Act (ADA), Title II.

1. 1. Violation of Rule X – No Mailed Notice of Shutoff:

Your records will show I never received any written mailed notice as required under Rule X(10). Door hangers do not satisfy the mandate that "written notice shall be mailed to the customer at least ten (10) days prior to termination of service."

2. 2. Violation of Rule X – Judicial Determination Required Before Shutoff:

Your Rules also state:
"If a written statement under oath or affirmation is submitted within the 10-day notice period asserting a just defense to the charges, the water supply shall not be shut off until the claim is judicially determined."

I submitted both:
- A affidavit asserting a billing dispute and
- A physician-certified medical hardship notification.

Despite this, your agents proceeded to shut off my water on June 23, 2025, without any judicial determination, in direct violation of Rule X and due process.

3. 3. Medical Necessity Ignored – ADA and § 1406(f) Violation:

I suffer from multiple medical conditions, including a diagnosed traumatic brain injury (TBI) and complications from rhabdomyolysis that impair kidney function. My physician certified my need for water, which I personally handed to Mr. Eric Johnson during the shutoff. He dismissed the certificate, asked intrusive medical questions (e.g., "Are you on dialysis?"), and willfully ignored my rights under both federal and state law.

4. 4. Billing Error and Inconsistencies:

Since June 11, I have received three different balances on my water bill, demonstrating clear billing inaccuracies. These inconsistencies are actionable under federal billing error laws, and your refusal to provide consistent and itemized billing records violates principles of fair trade and transparency.

5. 5. Admissions of Misconduct:

Mr. Eric Johnson admitted to me that he was unfamiliar with Rule X, which governs your shutoff procedures.

Ignorance of your own policies is not a defense, it is gross administrative negligence.

Exhibit (E)
Pg 2

You are hereby put on final notice:

If my water is not immediately restored, and this matter not addressed in good faith, I will pursue all lawful remedies, including:

- A civil complaint for damages, injunctive relief, and emotional distress;
- UCC claims and commercial liens for breach of trust;
- Regulatory complaints with the PUC, Attorney General, Office of Consumer Advocate, and Disability Rights PA;
- Potential federal ADA and civil rights actions.

I have documented evidence and will submit it to the court and regulators if you do not cure these violations.


Respectfully,

Dion Storm Holland
In care of 566 High St
Jersey Shore, Pennsylvania


Please refer to page 11


https://jerseyshorewater.com/wp-content/uploads/2024/06/Jersey-Shore-Water-Authority-Rules-Regs.pdf

Exhibit (F)
pg 1 of 4

# JERSEY SHORE AREA JOINT WATER AUTHORITY REGULATIONS

## GOVERNING THE FURNISHING OF WATER SERVICE

## TO

## THE GREATER JERSEY SHORE AREA

## ADOPTED JUNE 4, 2024

Exhibit (F)
Pg 2 of 4

# JERSEY SHORE AREA JOINT WATER AUTHORITY

## RULES AND REGULATIONS

### TABLE OF CONTENTS

Title Page                                                              Page No.

| | | |
|---|---|---|
| I. | Definitions | 1 |
| II. | Application for Service | 1 |
| III. | Service Connections | 2 |
| IV. | Service | 4 |
| V. | Discontinuance of Service | 5 |
| VI. | Renewal of Water Service After Discontinuance | 6 |
| VII. | Bills for Water Services | 6 |
| VIII. | Meters | 7 |
| IX. | Main Extensions | 9 |
| X. | Turning Off Water and Turn on Charge | 9 |
| XI. | Vacating the Premises | 10 |
| XII. | Fire Protection | 10 |
| XIII. | General | 11 |
| XIV. | Schedule of Rates | 12 |

Exhibit (F)
Pg 3 of 4

3.    The Authority is hereby authorized to alter all existing water meters so that a remote reading device connected to said meter is in a convenient and accessible location. The Authority shall bear the cost of such alteration.

4.    The Authority reserves the right to determine type, location, and number of remote reading devices required for any service.

5.    If a discrepancy occurs between the remote reading device and the meter generator, the generator reading shall take precedence over the remote reading.

6.    If, due to a discrepancy between the meter generator and the remote reading device, the volume of water used differs from the amount billed, that difference will be included in the next monthly water bill.

J.    Testing of Meters

1.    At the written request of a customer, the Authority will evaluate the meter supplying their premises upon payment of the fee specified by resolution. If the meter evaluated upon such request shall be found to be accurate within ten (10%) per cent, the fee shall be retained by the Authority; but if not so found, then the cost thereof shall be borne by the utility and the fee paid by the customer shall be refunded.

## IX.    MAIN EXTENSIONS.

Main extensions shall only be made upon the execution of a Water Extension Agreement entered between the customer and the Authority upon such terms and conditions established by the Authority.

## X.    TURNING OFF WATER AND TURN ON CHARGE.

The Authority always reserves the right, after ten (10) days notice to the customer, to shut off water for non-payment of water bills and the water shall remain shut off until the water bill(s) together with all applicable penalties and charges for turning on water (except as otherwise provided herein) have been fully paid. Notice shall be sent in accordance with the following:

A.    The charge for turning on/off water service, following discontinuance thereof, whether at the request of the customer or their duly appointed agent or by Authority forces because of settlement on non-payment or correction of violation of the rules and regulations shall be as set forth in the Authority's schedule of fees.

B.    Procedures for Discontinuance of Service.

Exhibit (F)
Pg 4 of 4



1.   In no case shall the water supply be shut off to any premises until ten (10) days after written notice of an intention so to do has been mailed to the person liable for payment for the rentals and charges and in addition thereto, there has been posted a written notice at the main entrance to the premises. If during such ten (10) day period, the person liable for the payment of the rentals and charges delivers to the Authority a written statement, under oath or affirmation, stating that he has a just defense to the claim, or part of it, for such rentals or charges, then the water supply shall not be shut off until claim has been judicially determined. The statement shall also contain a declaration under oath or affirmation that it was not executed for the purpose of delay.

2.   Nothing contained in this section shall authorize Authority to shut off or deny water service to any lessee of a property because a previous lessee failed to pay either the water service rate, rental, or charge.

## XI.   VACATING THE PREMISES.

A.   When the premises are vacated, the owner must give notice at the office of the Authority so that water may be turned off at the curb. The property owner is responsible for water, until notice is given.

B.   A new application must be made on any change in ownership of property as described in any application and the Authority shall be at liberty to discontinue the water supply until such new applications have been made and approved.

C.   A customer desiring an abatement from water bills during a temporary vacancy shall report the same in writing at the office of the Authority. When a temporary vacancy (not less than ninety (90) days) is properly reported in advance, an allowance will be made for the vacancy. Any vacancy for an indeterminant period shall permit the Authority at its discretion to remove the meter, the cost of which and its installation shall be paid by the customer in accordance with the Authority's current fees.

## XII.   FIRE PROTECTION.

A.   Private Fire System – The owner of premises having a private fire protection system shall pay, in addition to the established meter rates, for all water used except that used for extinguishment of fires in accordance with current Authority rate schedule.

1.   Customers will understand that fire protection charges are a compensation for "Standing Ready to Serve," and that for said charge the use of water is not contemplated except for the actual extinguishing of fires or for testing of the system. Testing shall not be done without first notifying and receiving approval of the Authority.

Exhibt (G)

## STANDARD MEDICAL CERTIFICATE FORM

### To Be Completed By The Physician, Nurse Practitioner, or Physician's Assistant

Name of the customer or applicant in whose name the utility account is or will be registered:

Dion Holland

Utility account number (optional):

Address of the customer or applicant in whose name the utility account is or will be registered:

566 High Street Jersey Shore. PA  17740

Name and address of patient if different from the customer or applicant above:

Relationship of patient to customer or applicant if patient is different from the customer or applicant above:

Anticipated length of the affliction/medical condition:

Lifetime

Printed name of the Physician, Nurse Practitioner, or Physician's Assistant:

Scan D. Burke DO

License number of the Physician, Nurse Practitioner, or Physician's Assistant:

OS 009981L

Office address and Office Phone number of the Physician, Nurse Practitioner, or Physician's Assistant:

16 West Market Street  Lewistown, PA 17044

Signature (or E-signature) of the Physician, Nurse Practitioner, or Physician's Assistant and the Date signed:

6-19-25

Exhibit (H)

# POST TERMINATION NOTICE

**Name** DION HOLLAND    **Date** 6-23-25

**Address** 546 HIGH ST

**Acct. No.** 5000960.00-0

**The water service to this property was terminated on** 6-23-25

**This action was taken because your bill period is 30 days or more overdue in the amount of $** 511.15 .

As stated in our Rate Resolution, a $50.00 reconnection fee will be required to have the service restored and this charge will be collected in addition to the total amount due on the bill. Service will only be restored during the normal working hours of this company.

You may arrange for restoration of service by contacting a Service Representative at the address or telephone number listed below to make payment arrangements.

### MEDICAL EMERGENCY NOTICE

If you, or anyone presently and normally living in your home is seriously ill, we will restore your water service during such illness provided you:

(a) Have a physician certify by phone or in writing that such illness exists and that it may be aggravated if your service is not restored; and
(b) Make some equitable arrangements to pay the company your past due and current bills for service.
(c) Contact us by calling the telephone number listed below.

**Jersey Shore Area Joint Water Authority**
**Office: 1111 Bardo Avenue, Jersey Shore, PA 17740**
**Telephone: (570) 398-1443**
Ye Olde Print Shoppe - JSAJWA Post Termination Notice

3:00    Exhibit (I)

legis.state.pa.us

CHAPTER 5
WATER UTILITIES

Section 501.  Definitions.
    The following words and phrases when used in this chapter shall have the meanings given to them in this section unless the context clearly indicates otherwise:
    "Water utility."  The term includes a city, borough, township, municipal authority and public utility engaged in supplying water or water service.
Section 502.  Termination of service.
    (a)  General rule.--Except as set forth in subsection (c), all of the following apply:
        (1)  If the owner or occupant of a premises served by a water utility neglects or fails to pay, for a period of 30 days from the due date, a rental, rate or charge for sewer, sewerage or sewage treatment service imposed by a municipality or municipal authority, the water utility shall, at the request and direction of the municipality, the authority or a city, borough or township to which the authority has assigned its claim or lien, shut off the supply of water to the premises until all overdue rentals, rates, charges and associated penalties and interest are paid.
        (2)  If the authority, city, borough or township also supplies water to premises, the authority, city, borough or township is authorized to shut off the supply of water to the premises.
        (3)  If the rental rate or charge for sewer, sewerage or sewage treatment service is imposed by a municipality as lessee of an authority and the lessee also supplies water to the premises, the municipality is authorized to shut off the supply of water to the premises without prior request from the authority or without prior assignment of its claim or lien for the service.
    (b)  Written notice.--Except as set forth in subsection (c), all of the following apply:
        (1)  In no case shall the water supply to premises be shut off until ten days after a written notice of intention to do so has been posted at a main entrance and mailed to the person liable for payment of the rentals and charges and the owner of the property or property manager.
        (2)  If during the ten-day period the person liable for payment of the rentals and charges delivers to the water utility authority or municipality supplying water to the premises a written statement under oath or affirmation averring that there is a just defense to all or part of the claim and that the statement was not executed for the purpose of delay, the water supply shall not be shut off until the claim has been judicially determined.
    (c)  Exception.--Prior to discontinuing service in a residential building as defined under the act of November 26, 1978 (P.L.1255, No.299), known as the Utility Service Tenants Rights Act, a water utility shall comply with the provisions of that act.
    (d)  Failure of previous lessee to pay bill.--Nothing in this section shall be construed to authorize an authority or privately owned sewer or water company to shut off or deny water service to a lessee for failure of a previous lessee to pay a water or sewer service rate, rental or charge.
Section 503.  Submission of water meter readings and flat-rate water bills.
    A water utility shall, at the request of an authority, supply to the authority, on or before the 15th day of the month following the month during which water bills are issued, a list of all water meter readings and flat-rate water bills issued during the preceding calendar month and the basis of



Kitchen

Playback | 06/23 11:34:41 AM





Exhibit (K)
Pg 2 of 2

Exhibit (L) Pg 1 of 4

## EXHIBIT L – SCHEDULE OF COMMERCIAL LIABILITY FOR RIGHTS
## VIOLATIONS

This schedule is incorporated by reference into the Verified Complaint and applies to all named Defendants upon service. All fees listed below are per violation, per day where applicable, and reflect the commercial value of infringements upon Plaintiff's secured rights, bodily integrity, emotional and psychological well-being, medical hardship, and private property.

| Violation Type | Commercial Liability (USD) |
|---|---|
| Unlawful Utility Shutoff in Violation of 66 Pa.C.S. § 1406(f) | $75,000 per occurrence |
| Denial of Access to Medical Necessity Water (Kidney Failure, Rhabdomyolysis Risk) | $150,000 per day |
| Failure to Honor Valid Medical Certificate | $50,000 per occurrence |
| Trespass on Private Property Without Due Process | $25,000 per person, per entry |
| Coercion to Pay Disputed Balance During Protected Period | $50,000 per attempt |
| Emotional Distress and Psychological Harm to Disabled Veteran | $100,000 flat rate |
| Failure to Respond in Good Faith to Billing Dispute Affidavit | $10,000 per day post-deadline |
| Violation of Due Process & Equal Protection (14th Amendment) | $75,000 per violation |
| ADA Title II Violation (Medical Discrimination) | $100,000 per incident |
| Intimidation or Surveillance by Law Enforcement Without Legal Cause | $35,000 per officer, per visit |
| Refusal to Reinstate Water Service After Proof of Medical Need | $50,000 per day delayed |
| Unlawful Demand for Payment Under Duress or Threat | $75,000 per instance |
| Suppression or Disregard of UCC Notice, Affidavit, or Private Negotiable Instrument | $20,000 per document ignored |

Exhibit (L)
Pg 2 of 4

# AUTHORITY FOR FINES (DAMAGES) CAUSED BY CRIMES BY GOVERNMENT OFFICERS:

### APPLICABLE TO AUTHORIZING BODIES, CAPTAINS, CHIEFS,
### SUPERVISORS, EMPLOYERS, AGENTS, CLERKS, AND ADMINISTRATORS.

These Damages (charged per COUNT), in part, were determined by THE GOVERNMENT ITSELF for the violation listed:

| BREACH | PENALTY | AUTHORITY |
|---|---|---|
| VIOLATION OF OATH OF OFFICE | $250,000.00 | 18 USC § 3571<br>28 USC § 3002(15) |
| ARMED ABUSE OF OFFICE | $200,000.00 | |
| ARMED ABUSE OF AUTHORITY | $200,000.00 | |
| ARMED USE OF EMERGENCY LIGHTING IN A NON-EMERGENCY | $200,000.00 | |
| ARMED USE OF EMERGENCY SIREN IN A NON-EMERGENCY | $200,000.00 | |
| ARMED ASSAULT AND BATTERY | $200,000.00 | |
| ARMED THREAT OF VIOLENCE | $200,000.00 | |
| ARMED COERCION | $200,000.00 | |
| DENIED PROPER WARRANT(S) | $250,000.00 | 18 USC § 3571 |
| DENIED RIGHT OF REASONABLE DEFENSE ARGUMENTS | $250,000.00 | 18 USC § 3571 |
| DEFENSE EVIDENCE (RECORDS) | $250,000.00 | 18 USC § 3571 |
| DENIED RIGHT TO TRUTH IN EVIDENCE | $250,000.00 | 18 USC § 3571 |
| ARMED VIOLATION OF DUE PROCESS | $200,000.00 | |
| SLAVERY (Forced Compliance to contracts not held) | $250,000.00 | 18 USC § 3571 |
| DENIED PROVISIONS IN THE CONSTITUTION | $250,000.00 | 18 USC § 3571 |
| ARMED TREASON, WAR AGAINST AMERICANS | $250,000.00 | 18 USC § 3571 |
| GENOCIDE AGAINST HUMANITY | $1,000,000.00 | 18 USC § 1091 |
| APARTHEID | $1,000,000.00 | |
| ARMED DEPRIVATION OF RIGHTS UNDER COLOR OF LAW | $200,000.00 | 18 USC § 242 |
| EMOTIONAL DISTRESS | $200,000.00 | 32 CFR § 536.77(a)(3)(vii) |
| MENTAL ANGUISH ABUSE | $200,000.00 | 42 CFR § 488.301 |
| PEONAGE (Felony) | $200,000.00 | 18 USC § 1581<br>42 USC § 1994 |

Exhibit (L) 3 of 4

| UNLAWFUL INCARCERATION | $200,000.00 | |
|---|---|---|
| MALICIOUS PROSECUTION | $200,000.00 | |
| DEFAMATION OF CHARACTER | $200,000.00 | |
| SLANDER | $200,000.00 | |
| LIBEL | $200,000.00 | |
| ARMED TRESPASS | $200,000.00 | |
| NEGLECT/FAILURE TO PROTECT/ACT | $200,000.00 | 18 USC § 1621<br>42 USC § 1986 |
| ARMED GANG PRESSING | $200,000.00 | |
| ARMED LAND PIRACY/PLUNDER | $200,000.00 | |
| UNAUTHORIZED BOND PRODUCTION | $200,000.00 | |
| ARMED FORGERY | $200,000.00 | |
| ARMED EMBEZZLEMENT | $200,000.00 | |
| ARMED STALKING | $200,000.00 | |
| ARMED IMPERSONATING A PUBLIC OFFICIAL | $200,000.00 | |
| ACTING AS AGENTS OF FOREIGN PRINCIPLES | $200,000.00 | 18 USC § 219 |
| ARMED TORTURE | $200,000.00 | |
| ARMED OPERATING STATUTES WITHOUT BOND | $200,000.00 | |
| EXPLOITATION OF A LEGAL JUSTICE MINORITY GROUP BY BAR CLOSED UNION COURTS- CIVIL RIGHTS | $1,000,000.00 | |
| BAR VIOLATION OF ANTI-TRUST LAWS | $200,000.00 | |
| MISAPPROPRIATION OF TAXPAYER FUNDS | $200,000.00 | 18 USC § 641-664 |
| VIOLATIONS OF THE UNIVERSAL DECLARATION OF HUMAN RIGHTS ARMED BREACH OF TRUST | $200,000.00 | |
| ARMED DISTURBING THE PEACE | $200,000.00 | |
| ARMED KIDNAPPING | $200,000.00 | 18 USC § 1201 |
| ARMED MALFEASANCE/MALPRACTICE | $200,000.00 | 22 CFR § 13.3 |
| ARMED MISREPRESENTATION/PERSONAGE | $200,000.00 | |
| MISPRISON OF FELONY | $500.00 | 18 USC § 4 |
| ARMED CONSPIRACY AGAINST RIGHTS OF PEOPLE | $200,000.00 | 18 USC § 241 |
| ARMED CRIMINAL EXTORTION/ECONOMIC OPPRESSION | $200,000.00 | 18 USC § 141<br>18 USC § 872<br>25 CFR § 11.417 |

Exhibt (L) pg4of4

| ARMED EXTORTION OF RIGHTS | $200,000.00 | Title 15 |
|---|---|---|
| ARMED ROBBERY | $200,000.00 | |
| ARMED THEFT BY FORCED REGISTRATION | $200,000.00 | |
| MAIL THREATS | $5,000.00 | 18 USC § 876 |
| MAIL FRAUD | $10,000.00 | 18 USC § 1341 |
| ARMED FRAUD | $10,000.00 | 18 USC § 1001 |
| ARMED VIOLATION OF LIEBER CODE AGAINST NON-COMBATANTS | $200,000.00 | |
| ARMED WRONGFUL ASSUMPTION OF STATUS/STANDING | $200,000.00 | |
| ARMED FALSIFICATION OF DOCUMENTS/RECORD | $10,000.00 | 18 USC § 1001 26 USC § 7701(a)(1) |
| ARMED FICTITIOUS OBLIGATIONS | $200,000.00 | 18 USC § 514 |
| ARMED PERJURY | $2,000.00 | 18 USC § 1621 |
| ARMED SUBORDINATION OF PERJURY | $2,000.00 | 18 USC § 1622 |
| ARMED RACKETEERING (Criminal, Felony) | $200,000.00 | 18 USC § 1961-1968 |
| ARMED RACKETEERING (Civil) | $200,000.00 | |
| Wages Taken | $triple sustained damages | 18 USC § 1964 (c) |

Debtors are responsible for any IRS obligations resulting from the discharge or cancellation of any debts, as well as earned income resulting from accepted settlements.

"Immunity" is invalid, as validity would violate U.S. Constitution Article 2 § IV; 18 USC § 241, 42 USC § 1983, 42 USC § 1985, 42 USC § 1986, and state Constitutions. **The listed laws AUTHORIZE and/or MANDATE removal from public office!**

Violations of law are legally unassailable due to precedents (violations of law) established by court cases. Such situations violate numerous specifically stated intents and purposes of the Constitution, as set forth in the Preamble.

## APPLICABLE TO ANYONE IN ANY BRANCH OF GOVERNMENT

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

**Civil Division**

DION STORM HOLLAND.

    Plaintiff,

v.

JERSEY SHORE AREA JOINT WATER AUTHORITY and

TIADAGHTON MUNICIPAL SEWER AUTHORITY.

    Defendants.

No. _____

# CV 25 - 0 0 9 5 2

## NOTICE OF CLAIMANT'S RIGHT TO ACCESS COURT WITHOUT FEES

To the Clerk of Court:

This notice is submitted to formally assert my Constitutionally secured right to access the courts of Pennsylvania without imposition of fees, charges, or compelled contracts.

I appear in this matter as a living man, one of the people of the several States, not as a corporate fiction or statutory entity. No statute or court rule may lawfully abrogate the fundamental right to petition the government for redress of grievances.

### Authority for Fee-Free Access

Judicial notice is respectfully requested under Pa. R.E. 201(d) of the following binding precedent and constitutional principles:

- Crandall v. Nevada, 73 U.S. (6 Wall.) 35 (1867):

   > "A natural individual entitled to relief is entitled to free access to judicial tribunals and public offices in every State in the Union."

- Murdock v. Pennsylvania, 319 U.S. 105 (1943):

    > "A state may not convert a right into a privilege and charge a fee."

- Hale v. Henkel, 201 U.S. 43 (1906):

    > "There is a legal distinction between living men and legal fictions, and constitutional protections apply differently to each."

## Conclusion and Notice

As a man not engaged in commerce, not operating in a representative capacity for any legal fiction, and not subject to compelled contract, I reject any presumption that a filing fee may be imposed upon me. The rights to due process, redress, and equal protection cannot lawfully be conditioned on the payment of money.

This filing is made in good faith, without waiver of rights, and without submission to adhesion contracts or corporate jurisdiction. If the court refuses to docket or process this filing absent a fee, such action would constitute a direct violation of protected rights under both the Pennsylvania and United States Constitutions.

Respectfully submitted,


Dion Storm Holland

Living man, sui juris

c/o 566 High St

Jersey Shore, Pennsylvania

subarudion@gmail.com

814-574-9664

Dated:  06 / 27 / 2025