## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DION STORM HOLLAND

    Plaintiff,

  v.

JERSEY SHORE AREA JOINT
WATER AUTHORITY

and

TIADAGHTON VALLEY
MUNICIPAL AUTHORITY, ERIC
JOHNSTON, JOHN DOE 1-5 in their
individual capacities,

    Defendants.

Civil Action No. 4:25-cv-01323-DFB

The Honorable Daryl F. Bloom

Electronically Filed

### <u>DEFENDANT'S MOTION TO DISMISS COMPLAINT</u>

1. Plaintiff Dion Storm Holland ("Plaintiff") filed his Complaint on or about June 27, 2025 in the Court of Common Pleas for Lycoming County, Pennsylvania.

2. In the Complaint, Plaintiff makes several claims related to the shut off of his water service at his residence.

3. On July 21, 2025, Defendants Tiadaghton Municipal Sewer Authority, properly the Tiadaghton Valley Municipal Authority ("TVMA"), and the Jersey Shore Area Joint Water Authority ("JSAJWA") filed a Notice of Removal to the United States District Court for the Middle District of Pennsylvania.

13258751.1

4.      Thereafter, TVMA and JSAJWA filed Motions to Dismiss.

5.      Plaintiff filed an Amended Complaint on August 1, 2025, adding Eric Johnston and John Does 1-5 as defendants.

6.      TVMA now sets forth this renewed Motion to Dismiss pursuant to Rule 12(b)(6) due to the legal insufficiency of Plaintiff's claims.

## LEGAL ARGUMENT

7.      A Rule 12(b)(6) motion tests the sufficiency of the complaint's allegations.

8.      A complaint need only contain a short and plain statement of the facts demonstrating the plaintiff's entitlement to relief. *See* Fed. R. Civ. P. 8(a)(2).

9.      The complaint's factual allegations, however, "must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 545 (S. Ct. 2007).

10.     The rule is designed to screen out cases when "a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted. . . ." *Port Auth. v. Arcadian Corp.*, 189 F.3d 305, 312 (3d Cir. 1999) (internal quotations and citations omitted).

11.     When analyzing a 12(b)(6) motion, courts consider the allegations contained in the complaint, exhibits attached to the complaint, and public records

of which the court may take judicial notice. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Rogan v. Giant Eagle, Inc.*, 113 F. Supp.2d 777, 782 (W.D. Pa. 2000) (holding that a court may consider, among other documents, an EEOC charge of discrimination without converting a motion to dismiss into a motion for summary judgment).

12.    Here, based on application of federal and Pennsylvania law, Plaintiff's claims are legally insufficient and there is no right to relief.

## I.    Motion to Dismiss - Plaintiff's Claims at Count I related to Procedural Due Process and 42 U.S.C. § 1983 against TVMA

13.    Plaintiff sets forth an allegation that his right to procedural due process was violated and he seeks redress pursuant to 42 U.S.C. § 1983.

14.    "To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law." *Dunmore Sch. Dist. v. Pennsylvania Interscholastic Athletic Ass'n*, 505 F. Supp. 3d 447, 459 (M.D. Pa. 2020).

### A.    Plaintiff fails to set forth a policy or custom of TVMA's that violated federal law.

15.    "…a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a

government's *policy or custom*, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (S. Ct. 1978)(emphasis added).

16.    Importantly, Plaintiff does not set forth a policy or custom of TVMA that violated the law.

17.    Further, he does not contend that JSAJWA's *policy* regarding water shutoff is inherently violative of his rights, nor does he allege an unlawful custom.

18.    Rather, he asserts that the act of shutting off his water actually violated the JSAJWA's policy.

19.    As such, his claim should be dismissed for failure to state a claim.

20.    However, even if this Court were to find that Plaintiff set forth requisite facts to establish a policy or custom that caused his alleged injuries, Plaintiff's claim still must fail.

    B.    Plaintiff admits that there are amounts owed to Defendants.

21.    Regarding the first prong set forth in *Dunmore*, *supra*, receipt of water service is a cognizable state law property interest. "As a constitutionally cognizable state law property interest, the interest in receiving water service is subject to the tri-partite balancing analysis of 1) the property interest, 2) the risk of erroneous deprivation, and 3) the government's interest… for a determination of what

13258751.1

procedural safeguards are due." *Ransom v. Marrazzo*, 848 F.2d 398, 409 (3d Cir. 1988).

22.     The Court in *Ransom* goes on to analyze the tri-partite test, finding that, "Although the private interest in receiving water and sewer service is strong, so too is the [government's] interest in recovering the costs of providing service." *Id*. at 410-411

23.     The Third Circuit in *Ransom* found that, "no particular risk of erroneous deprivation of service due to inadequate notice was posed by [the government] because, as a substantive matter, it is not error to deprive service to property where unpaid services have been rendered." *Id*.

24.     Here, Plaintiff does not contend that he paid his bills and that the charges were unwarranted. To the contrary, he asserts that there is a discrepancy in what is owed, but tacitly acknowledges that some amount is owed to Defendants for water and sewer service. *See*, Exhibit C and D to Amended Complaint.

25.     As such, his claim should be dismissed.

    C.    Plaintiff was afforded due process.

26.     Further, pre- and post-deprivation procedures exist, which Plaintiff utilized to have his water service restored.

27.     "The constitutional [procedural due process] violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and

5

13258751.1

until the State fails to provide due process." *McDaniels v. Flick*, 59 F.3d 446, 460 (3d Cir. 1995)(citing the U.S. Supreme Court in *Zinermon v. Burch*, 494 U.S. 113, 126 (S. Ct. 1990).

28.    For example, a discharged tenured employee cannot claim in federal court that a deprivation of due process occurred because a pretermination hearing was held by a biased individual where the employee has not taken advantage of his right to a post-termination hearing before an impartial tribunal. *Id*.

29.    While Plaintiff correctly cites to the statute that governs pre-deprivation procedures in municipal water services matters (53 P.S. § 3102.502), Plaintiff erroneously refers to regulations under Pennsylvania Code Title 52 that govern public utilities instead of municipal authorities. Amended Complaint ¶¶ 38[1], 42 a-c.

30.    Despite this, he followed the pre-termination dispute process outlined in Pennsylvania's termination of service statute (though he did not set forth a just defense to the unpaid bills, as noted by the Court in its June 30, 2025 Order, Amended Complaint, Exhibit T). 53 P.S. § 3102.502.

31.    Even though the pre-termination procedure resulted in a deprivation, Plaintiff availed himself to a post-deprivation proceeding in the form of a complaint

---

[1]    Plaintiff includes the correct statutory citation, however, upon review, Counsel for TVMA is not able to verify the existence of the case cited in the Amended Complaint as "*Zeigler v. Reading Area Water Authority*, 639 F.3d 615 (3d Cir. 2011)."

and motion for preliminary injunction at the Court of Common Pleas for Lycoming County. *See*, Amended Complaint, ¶ 19.

32.    After the post-deprivation proceeding at the Court of Common Pleas, his water service was ordered to be restored. *See*, Amended Complaint, ¶ 20, <u>Exhibit T</u>.

33.    His water service was, in fact, restored in compliance with the Court's order. *See*, Amended Complaint ¶ 20.

34.    Finally, he admits to receiving the posted notice on his property regarding water shut off for non-payment. *See*, Amended Complaint, <u>Exhibit A</u>.

35.    As such, while Plaintiff was allegedly not afforded notice because the posting was not also mailed, Plaintiff admits that he was placed on actual notice of the Defendants' rules and that water shut off was imminent unless his account was paid in full. *See*, Amended Complaint,¶ 12, <u>Exhibit A</u>.

36.    Due to Plaintiff's actual notice that amounts were owed for services rendered and the non-payment thereof could result in water shutoff, as well as post-deprivation proceedings that adequately protected his rights, there was no procedural due process violation.

37.    As such, Plaintiff's Procedural Due Process claim and the related § 1983 claim for damages should be dismissed.

## II. Motion to Dismiss - Plaintiff's Equal Protection Claim and related 42 U.S.C. § 1983 Claim at Count II against TVMA

38. Plaintiff next makes a claim that the Defendants violated the Equal Protection clause of the 14th Amendment, and seeks redress pursuant to 42 U.S.C. § 1983.

39. "The Equal Protection Clause of the Fourteenth Amendment provides that a state may not 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *Dunmore Sch. Dist. v. Pennsylvania Interscholastic Athletic Ass'n*, 505 F. Supp. 3d 447, 462 (M.D. Pa. 2020).

40. "A plaintiff must allege that: (1) he or she was a member of a protected class, (2) he or she was treated differently from similarly situated persons outside of his or her protected class, and (3) the resultant discrimination was purposeful or intentional rather than incidental." *Dunmore Sch. Dist. v. Pennsylvania Interscholastic Athletic Ass'n*, 505 F. Supp. 3d 447, 462 (M.D. Pa. 2020).

41. Here, Plaintiff sets forth no facts to support his allegation of discrimination or disparate treatment.

42. He only baldly asserts that his treatment was based on his status in a protected class.

43.    Similar to his due process claim, he also does not establish a policy or custom that he alleges caused his injuries. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (S. Ct. 1978).

44.    As such, Plaintiff has failed to plead a claim under the Equal Protection clause and related § 1983 claim, and the same should be dismissed.

### III.    Motion to Dismiss - Plaintiff's Claims pursuant to The Rehabilitation Act and Americans With Disabilities Act at Count III against TVMA

45.    "No otherwise qualified handicapped individual ... shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...." *Strathie v. Dep't of Transp.,* 716 F.2d 227, 229 (3d Cir. 1983).[2]

46.    "In order to make out a case under section 504 of the Rehabilitation Act, a plaintiff must prove (1) that he is a "handicapped individual" under the Act, (2) that he is "otherwise qualified" for the position sought, (3) that he was excluded from the position sought solely by reason of his handicap, and (4) that the program or activity in question receives federal financial assistance." *Id*.

---

[2]    Plaintiff again cites to *Zeigler v. Reading Area Water Authority*, 639 F.3d 615 (3d Cir. 2011), which does not appear to be a legitimate case citation. 639 F.3d 615 is contained within *Knopick v. Connelly*, 639 F.3d 600 (3d Cir. 2011).

9

47.    Plaintiff has failed to set forth any facts establishing that Defendants received federal financial assistance.

48.    Further, "…under Title II of the ADA a plaintiff must establish that 1) he or she has a disability; 2) he or she is otherwise qualified; and 3) he or she is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely because of her disability." *Spieth v. Bucks Cnty. Hous. Auth.*, 594 F. Supp. 2d 584, 591 (E.D. Pa. 2009).[3]

49.    Here, Plaintiff does not allege that his water shut off was a result "solely of his disability." *Id*. Instead, he indicates that his water was shut off *despite* being disabled. See, Amended Complaint, ¶ 59-60.

50.    As such, Plaintiff claims pursuant to the Rehabilitation Act and Title II of the ADA should be dismissed.

### IV.    **Motion to Dismiss – Plaintiff's Claims pursuant to the Fourth Amendment and 42 U.S.C. § 1983 at Count IV against TVMA**

51.    "The Fourth Amendment, made applicable to the States by the Fourteenth [Amendment] ... provides in pertinent part that the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated....' *Soldal v. Cook County, Ill*., 506 U.S. 56, 61 (S.

---

[3]    Plaintiff cites to "*Gaynor v. City of Wilson*, 501 F.3d 165, 174 (4th Cir. 2007)" in his Amended Complaint. This also does not appear to be a legitimate case citation.

Ct. 1992) (quoting U.S. CONST. amend. XIV), see also *Gagliardi v. Clark*, No. CIV A 06-20, 2006 WL 2847409, at *14 (W.D. Pa. Sept. 28, 2006)(attached hereto as <u>Appendix A</u>).

52.    "A 'seizure' of property, we have explained, occurs when 'there is some meaningful interference with an individual's possessory interests in that property." *Id*.

53.    The Fourth Amendment protects the people from unreasonable searches and seizures of "their persons, houses, papers, and effects." *Id*. at 62 (quoting U.S. CONST. amend. XIV).

54.    It, however, "does not protect possessory interests in all kinds of property." *Id*. at 63 n. 7 (citing *Oliver v. United States*, 466 U.S. 170, 176-77 (S. Ct. 1984))(emphasis added).

55.    "Access to utility service cannot reasonably be construed as a 'personal effect' which is protected by the Fourth Amendment." *Gagliardi,* No. CIV A 06-20, 2006 WL 2847409, at *14 (attached hereto as <u>Appendix A</u>) (cited by the United States District Court for the Eastern District of Pennsylvania in *Martinez v. City of Reading Prop. Maint. Div.*, No. CV 16-1290, 2017 WL 4347667, at *23 (E.D. Pa. Sept. 29, 2017).

56.    While not binding on this court, the decisions from the Western and Eastern Districts are persuasive, particularly since Plaintiff has not paid for water and sewer services.

57.    As such, Plaintiff's Fourth Amendment claim should be dismissed.

**V.    Motion to Dismiss – Plaintiff's Claims pursuant to the Fifth Amendment and 42 U.S.C. § 1983 at Count V against TVMA**

58.    "The Takings Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, provides that private property cannot be taken for public use without compensation. The Takings Clause not only applies to the government's physical appropriation of private property for public use, but also to government regulation that deprives the owner of the economically beneficial or productive use of his property. A *per se* regulatory taking occurs when a regulation renders the property 'essentially idle.'" *Tulio v. Lansdale Borough*, 660 F. Supp. 3d 368, 379 (E.D. Pa. 2023), aff'd sub nom. *Tulio v. Borough*, No. 23-1644, 2023 WL 8711822 (3d Cir. Dec. 18, 2023)(internal citations omitted).

59.    Termination of water service is not a *per se* or physical taking. As such, the question becomes whether there has been a regulatory taking. *Id*. at 379.

60.    "The government has a legitimate interest in collecting debts to stabilize municipal finances, and the public has a strong interest in a viable utility distribution." *Id.* at 380.

13258751.1

61.    "Government action providing utility services for a fee and disconnecting service for failure to pay does not substantially interfere with his property rights." *Id*. at 381.

62.    Here, the Defendants allegedly disconnected service for failure to pay. Plaintiff does not allege that he has paid his bills; to the contrary, he admits that there are amounts owing.

63.    As such, Plaintiff's claim pursuant to the Fifth Amendment should be dismissed.

## VI.    <u>Motion to Dismiss - Plaintiff's Claims pursuant to the Constitution of the Commonwealth of Pennsylvania at Count VI against TVMA</u>

64.    Plaintiff generically avers that Defendants' actions deprived him of his rights under Article I of the Constitution of the Commonwealth of Pennsylvania.

65.    However, no private right of action exists under Article I of the Pennsylvania Constitution, unlike the right of action provided by federal law at 42 U.S.C. § 1983. *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011)(citing *JOHNs v. City of Philadelphia*, 890 A.2d 1188, 1213 (Pa. Commw. Ct. 2006).

66.    "There is no state statute similar to § 1983, that … provides for a general right to sue for a constitutional violation." *JOHNs v. City of Philadelphia*, 890 A.2d 1188, 1213 (Pa. Commw. Ct. 2006).

67.    While Article I provides for remedies, there must be an underlying cause of action available to a claimant in order to seek the remedies afforded by Article I.

68.    "No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution." *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011).

69.    Plaintiff claims that violations of Pennsylvania's Constitution afford a right of action pursuant to 42 U.S.C.A. § 1983.

70.    However, this is incorrect.

71.    "Although [§1983] provides the citizen with an effective remedy against those abuses of state power that violate federal law, it does not provide a remedy for abuses that do not violate federal law." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 119 (S. Ct. 1992).

72.    "[§ 1983] is a statute designed to protect federal rights and may not be used by litigants as a vehicle to enforce provisions of the Pennsylvania Constitution." *One Three Five, Inc. v. City of Pittsburgh*, 951 F. Supp. 2d 788, 809 (W.D. Pa. 2013).

73.    As such, Plaintiff's claims under the Constitution of the Commonwealth of Pennsylvania fail as legally insufficient and should be dismissed.

## VII.  Motion to Dismiss – Plaintiff's Claims pursuant to 42 U.S.C. § 1985 (Civil Conspiracy) at Count VII against TVMA

74.     Plaintiff claims that the Defendants conspired with law enforcement to chill Plaintiff's right to petition and access the courts in violation of 42 U.S.C. § 1985.

75.     Section 1985(3) "*creates* no rights." *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 376 (1979) (italics in original). Rather, "[i]t is a purely remedial statute, providing a civil cause of action when some otherwise defined federal right—to equal protection of the laws or equal privileges and immunities under the laws—is breached by a conspiracy in the manner defined by the section." *Id.*

76.     In other words, it "permits an action to be brought by one injured by a conspiracy formed 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'" *Farber v. City of Paterson,* 440 F.3d 131, 134 (3d Cir. 2006) (quoting § 1985(3)).

77.     To state a claim under § 1985, a plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person

13258751.1

is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Farber*, 440 F.3d at 134 (quoting *United Bhd. of Carpenters & Joiners v. Scott,* 463 U.S. 825, 828–29 (1983)).

78.     Here, Plaintiff sets forth no facts that support his assertion that he was prevented from the free exercise of his rights to due process, to petition the court, or equal protection.

79.     To the contrary, Plaintiff was able to immediately access the court, as he filed his Complaint within five days of his water being shut off and was granted a preliminary injunction within three days of filing his Complaint.

80.     He also baldly asserts that he was targeted for being a disabled veteran, but offers no facts to support this statement.

81.     As such, Plaintiff's claims of conspiracy pursuant to § 1985 should be dismissed for legal insufficiency.

### VIII.    <u>Motion to Dismiss – Plaintiff's Claim of Fraudulent Misrepresentation at Count VIII against TVMA</u>

82.     Plaintiff sets forth a claim of common law fraud against Defendants.[4]

83.     However, TVMA is immune from a claim of fraud pursuant to the Political Subdivision Tort Claims Act. 42 Pa.C.S.A. § 8541.

---

[4]   Plaintiff cites to "Allegheny Energy Supply Co. v. Wolf Run Mining Co., 860 A.2d 1286, 1293 (Pa. Super. 2004)" in his Amended Complaint. This does not appear to be a legitimate citation.

13258751.1

84.    TVMA is a municipal authority organized under the Pennsylvania Municipal Authorities Act. *See*, Amended Complaint, ¶6-7.

85.    As a municipal authority, it is subject to the protections from tort liability afforded by 42 Pa.C.S.A. § 8541.

86.    Therefore, Plaintiff's claims of fraudulent misrepresentation are legally insufficient and should be dismissed.

## IX.    Motion to Dismiss – Plaintiff's Claim of Unjust Enrichment and Rescission at Count IX against TVMA

87.    "The elements of unjust enrichment are 'benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.'" *Lackner v. Glosser*, 892 A.2d 21, 34 (Pa. Super. 2006).[5]

88.    Plaintiff argues that he should be made whole for the shutoff and reconnection fees, as well as veterinary fees he claims are the result of the water being shut off.

89.    With regard to the shutoff and reconnection fees, these fees were not imposed by TVMA, and therefore, Plaintiff has not set forth a claim against TVMA

---

[5]    Plaintiff cites to "*Gristede's Foods, Inc. Unkechauge Nation*, 532 F. Supp. 2d 439, 460 (E.D. Pa. 2007)" in his Amended Complaint, which again, does not appear to be a legitimate citation.

for unjust enrichment as it pertains to these fees. See, Amended Complaint, <u>Exhibit H</u>.

90.    Additionally, Municipal Authorities are permitted by law to establish reasonable rules and regulations. 53 Pa.C.S.A. § 5607(d)(17).

91.    The rules and regulations of JSAJWA are lawfully adopted rules and regulations of the JSAJWA, which Plaintiff concedes and relies upon in his allegations that the rules were violated. *See*, Amended Complaint, ¶ 32, 34-36, 39, and <u>Exhibit F</u>.

92.    The rules permit the Authority to charge penalties and fees associated with water shutoff. *See*, Amended Complaint, <u>Exhibit F</u>.

93.    As such, it is not "unconscionable" for JSAJWA to charge and ultimately retain these fees for water shutoff and reconnection. Had Plaintiff paid his bill in a timely manner, the fees would not have been incurred.

94.    With regard to his claim for veterinary bills, Plaintiff does not establish that the Defendants received some benefit in exchange for his payment of those fees.

95.    As such, Plaintiff's claim for unjust enrichment should be dismissed.

96.    Further, "[t]he purpose of an equitable rescission is to return the parties as nearly as possible to their original positions with regard to the subject matter of the contract." *Keenheel v. Com., Pennsylvania Sec. Comm'n*, 579 A.2d 1358, 1361 (Pa. Cmwlth. 1990).

97.    "One who wishes to rescind a contract must restore or tender a return of the property or security which was the subject matter of the contract." *Id.*

98.    It would be impossible for Plaintiff to return the water and sewer services he received. As such, recission is not a proper remedy and should be dismissed.

**X.    Motion to Dismiss - Plaintiff's Claims pursuant to the Unfair Trade Practices and Consumer Protection Law (UTPCL) at Count X against TVMA**

99.    Plaintiff claims that Defendants violated the UTPCL by engaging in deceptive practices.

100.    However, the UTPCL does not apply to political subdivision agencies such as TVMA. *Meyer v. Cmty. Coll. of Beaver Cnty.,* 93 A.3d 806, 815 (Pa. 2014).

101.    Therefore, Plaintiffs claims under the UTPCL and demand for treble damages and attorney's fees are legally insufficient and should be dismissed.

**XI.    Motion to Dismiss – Plaintiff's Claim of Intentional Infliction of Emotional Distress at Count XI against TVMA**

102.    To prove intentional infliction of emotional distress, Plaintiff must set forth facts so extreme and outrageous that the conduct described must "go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Hoy v. Angelone*, 720 A.2d 745, 753–54 (Pa. 1998).

13258751.1

103.   "Described another way, it has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort." *Id*.

104.   Here, Plaintiff asserts that Defendants shut off water and sewer service "during a medical emergency," "enlisting police officers to intimidate Plaintiff under threat of arrest or towing," "conditioning restoration on an in-person signing or full payment despite a court injunction," and "continuing to bill and threaten further shut-offs in knowing violation of state law and judicial order."

105.   Preliminarily, Defendants' rules for service reasonably require payment of bills in exchange for water and sewer service. This is not outrageous or extreme. As such, conditioning restoration of service on full payment does not rise to the level of intentional infliction of emotional distress.

106.   Further, the Court Order dated June 30, 2025 (Exhibit T to Amended Complaint) indicates that Plaintiff failed to produce evidence that his claim of a just defense for non-payment was not sufficient to serve as a bona fide dispute consistent with 53 Pa.C.S. § 3102.502.

107.   In fact, the Order states that water service may be discontinued if the statutory process is followed. As such, Plaintiff's claim that continued threats of shutoff were in violation of state law and court order is meritless.

108.   Additionally, Plaintiff provides no detail regarding what the medical emergency was, or why shutting off water and sewer was conduct was "beyond all possible bounds of decency."

109.   He further fails to provide any context for his interactions with the police officers, other than they "intimidated" him.

110.   This falls far short of the conduct contemplated by the Pennsylvania Supreme Court in *Hoy,* particularly considering that Plaintiff admits he owes payment for water services and was aware that non-payment could result in water shut-off.

111.   As such, Plaintiff's claim for emotional distress should be dismissed for legal insufficiency.

### XII.   <u>Motion to Dismiss – Plaintiff's Claim of Breach of Fiduciary Duty at Count XII against TVMA</u>

112.   Plaintiff claims that the Defendants breached their fiduciary duty to Plaintiff.

113.   "To prevail on [a] breach of fiduciary duty claims, [Plaintiff is] required to prove the following elements: the existence of a fiduciary relationship between

Plaintiff and [Defendants], that [Defendant] negligently or intentionally failed to act in good faith and solely for [Plaintiff]'s benefit, and that [Plaintiff] suffered an injury caused by [Defendants'] breach of … fiduciary duty." *Snyder v. Crusader Servicing Corp.*, 231 A.3d 20, 31 (Pa. Super. 2020).[6]

114.   Breach of fiduciary duty claims sound in tort. *Matarazzo v. Millers Mut. Grp., Inc.*, 927 A.2d 689, 694 (Pa. Commw. Ct. 2007), as amended (Sept. 17, 2007)(holding that "tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual agreements between particular parties.").

115.   However, as explained *supra*, TVMA is immune from tort claims such as a claim of breach of fiduciary duty pursuant to the Political Subdivision Tort Claims Act. 42 Pa.C.S.A. § 8541.

116.   There is no exception to the Political Subdivision Tort Claims Act that applies to this claim.

117.   As such, the Plaintiff's breach of fiduciary duty claim should be dismissed.

---

[6]   Plaintiff cites to "*In re Estate of Hoagland*, 749 A.2d 476, 480 (Pa. Super. 2000) in his Amended Complaint. This appears to be another illegitimate citation.

**XIII.**   **Motion to Dismiss – Plaintiff's Claim pursuant to 42 U.S.C. § 1983 for failure to train at Count XIII against TVMA**

118.   Plaintiff asserts that Defendants' employees were not trained with regard to notice requirements, accommodations, and respecting court orders, rights under the constitution, federal law and JSAJWA's rules and regulations.

119.   A plaintiff asserting a municipal liability claim based on a failure or inadequacy of training, supervision, or discipline "need not allege an unconstitutional policy." *Estate of Roman*, 914 F.3d at 798.

120.   Rather, he must show that the municipality's failure to train, supervise, or discipline "its employees 'reflects a deliberate or conscious choice.'" *Id*. (quoting *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 215 (3d Cir. 2001)).

121.   In this regard, the plaintiff must show "a failure or inadequacy amounting to deliberate indifference on the part of the municipality." *Forrest*, 930 F.3d at 106.

122.   This requires a showing that "(1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id*.

123.   To show deliberate indifference, a plaintiff usually must show a "pattern of similar constitutional violations by untrained employees." *Connick*, 563 U.S. at 62.

124.   Here, Plaintiff has not alleged a pattern of constitutional violations by untrained employees.

125.   Also, as stated *supra*, Plaintiff has not established a single constitutional violation.

126.   However, even if Plaintiff has established in his Amended Complaint that his constitutional rights were infringed upon, Plaintiff still cannot set forth a *Monell* claim against Defendants pursuant to 42 U.S.C. § 1983.

127.   In limited circumstances a pattern of prior violations is not required, and "a single incident may evidence deliberate indifference sufficient to establish *Monell* liability." *Loomis v. Montrose Borough Police Dep't*, No. 3:20-CV-1610, 2021 WL 2865290, at *4 n.4 (M.D. Pa. July 8, 2021).

128.   "Liability in single-incident cases depends on '[t]he likelihood that the situation will recur and the predictability that an officer lacking specific tools to handle that situation will violate citizens' rights.'" *Thomas*, 749 F.3d at 223–24 (quoting *Brown,* 520 U.S. at 409).

129.   "To find deliberate indifference from a single-incident violation, the risk of [the plaintiff's] injury must be a 'highly predictable consequence' of the

24

defendant's failure to provide the specific training at issue." *Id*. at 225 (quoting *Connick*, 563 U.S. at 64).

130.    In addition to deliberate indifference, a plaintiff asserting a municipal liability claim based on a failure or inadequacy of training, supervision, or discipline must also allege causation. *Elliott v. Pennsylvania Interscholastic Athletic Assoc.*, No. 3:19-CV-01934, 2022 WL 987887, at *5 (M.D. Pa. Mar. 31, 2022).

131.    "[T]he causation inquiry focuses on whether 'the injury [could] have been avoided had the employee been trained under a program that was not deficient in the identified respect.'" *Thomas*, 749 F.3d at 226 (quoting *City of Canton v. Harris*, 489 U.S. 378, 391 (1989)).

132.    "The alleged deficiency in a training program must be closely related to the alleged constitutional injury because '[i]n virtually every instance where a person has had his or her constitutional rights violated by a [county] employee, [said] plaintiff will be able to point to something the [county] "could have done" to prevent the unfortunate incident.'" *Forrest*, 930 F.3d at 109 (quoting *Harris,* 489 U.S. at 392).

133.    Given that the 1) employees posted notice regarding the termination of service, 2) provided Plaintiff time to correct the delinquency, 3) Plaintiff failed to provide the proper just defense for non-payment, and 4) employees immediately

restored service after the State court found a minor deficiency in their procedure, Plaintiff has failed to establish a *Monell* claim based on a single event.

134.  It is unlikely that Defendants will make the same mistake again, as mailing the notice in addition to posting was all that was required.

135.  As such, Plaintiff's 42 U.S.C. § 1983 claim for failure to train pursuant to *Monell* should be dismissed.

### XIV.  Motion to Dismiss - Plaintiff's Claims for Injunctive and Declaratory Relief against TVMA

136.  Plaintiff has already obtained injunctive relief.

137.  On June 30, 2025, an emergency hearing was held during which the Court ordered that water service be restored within twenty-four (24) hours. *See*, Amended Complaint, Exhibit T.

138.  Also on June 30, 2025, service was restored. *See*, Amended Complaint, ¶ 20.

139.  No controversy exists that warrants injunctive relief.

140.  As such, Plaintiff's demand for injunctive relief is now moot and should be dismissed.

141.  Further, Plaintiff's demand for declaratory relief fails for similar reasons.

13258751.1

142.   Plaintiff seeks declaratory relief pursuant to state and federal law. However, under both statutory schemes, the relief requested is not available.

143.   Under both federal and Pennsylvania law, declaratory judgment requires consideration of the likelihood that a declaration will resolve the uncertainty of obligation which gave rise to the controversy.[7] *United States v. Com. of Pa., Dep't of Env't Res.*, 923 F.2d 1071, 1075 (3d Cir. 1991); *Indep. Blue Cross v. Pennsylvania Ins. Dep't*, 802 A.2d 715, 719 (Pa. Commw. Ct. 2002).

144.   Here, the Defendants were ordered to restore water service because the Court found that the procedure for shut off was not properly followed. *See,* Amended Complaint, Exhibit T. As such, there is no longer a controversy to resolve as requested by Plaintiff.

145.   Yet, Plaintiff requests that the Court "enter a declaratory judgment that Defendants' conduct violated the U.S. Constitution, federal statutes… and Pennsylvania law and constitutional provisions..." *See*, Amended Complaint, ¶ 124.

146.   "Declaratory judgment is inappropriate solely to adjudicate past conduct. Nor is declaratory judgment meant simply to proclaim that one party is

---

[7]   Courts may also consider the convenience of the parties; the public interest in settlement of the uncertainty of obligation; the availability and relative convenience of other remedies; and whether the controversy may "better be settled" in a currently pending state court proceeding. *United States v. Com. of Pa., Dep't of Env't Res.*, 923 F.2d 1071, 1075 (3d Cir. 1991). However, none of these factors are relevant here.

liable to another." *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006)(internal citations omitted).

147.    The demand at Plaintiff's Prayer for Relief requesting an injunction and declaratory relief should be dismissed because the requested relief cannot be granted.

## XV.    Motion to Dismiss - Plaintiff's Claims for Punitive Damages against TVMA

148.    Plaintiff is seeking an entry of judgment that includes the award of punitive damages due to alleged extreme and reckless conduct on the part of Defendants.

149.    Again, Plaintiff does not distinguish between his state and federal law claims; however, punitive damages are generally not recoverable against municipal entities under federal law, and are specifically not available in claims made pursuant to 42 U.S.C. § 1983 against municipal entities. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (S. Ct. 1981).

150.    Further, punitive damages are not available against municipal entities under Pennsylvania law. *Feingold v. Se. Pennsylvania Transp. Auth.*, 488 A.2d 284, 293 (Pa. Super. 1985), aff'd, 517 A.2d 1270 (Pa. 1986).

151.    As such, Plaintiff's demand for punitive damages should be dismissed.

WHEREFORE, Defendant TVMA respectfully requests that the Complaint be dismissed pursuant to F.R.C.P. 12(b)(6).

28

Respectfully submitted,

BARLEY SNYDER

By:  _____/s/ Sarah L. Doyle_____

Michael J. Crocenzi, Esquire
Attorney I.D. #66255
mcrocenzi@barley.com
Sarah L. Doyle, Esquire
Attorney I.D. #321149
sdoyle@barley.com
100 East Market Street
York, PA  17401
Telephone (717) 846-8888
*Counsel for Tiadaghton Valley
Municipal Authority*

Date:  August 15, 2025

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 15th day of August, 2025, the foregoing Motion to Dismiss was electronically filed and available for downloading from the ECF system and, pursuant to Fed. R.C.P. 5(b)(2)(D), such electronic filing constitutes service of the foregoing document on the following parties who have consented to electronic service:

Sean P. McDonough, Esquire
Dougherty Leventhal & Price, LLP
75 Glenmaura National Boulevard
Moosic, PA  18507
*Counsel for Defendant Jersey Shore
Area Joint Water Authority and Eric Johnston*

and by first-class mail, postage prepaid to:

Dion Storm Holland
566 High Street
Jersey Shore, PA  17740
*Pro Se Plaintiff*

Respectfully submitted,

BARLEY SNYDER

By:    */s/ Sarah L. Doyle*
Michael J. Crocenzi, Esquire (#66255)
mcrocenzi@barley.com
Sarah L. Doyle, Esquire (#321149)
sdoyle@barley.com
100 East Market Street
York, PA  17401
Telephone (717) 846-8888
*Counsel for Tiadaghton Valley Municipal
Authority*

Date:  August 15, 2025

13258751.1