# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DION STORM HOLLAND, | : |
| | : |
| Plaintiff, | : **Civil Action No**. 4:25-CV-01323-DFB |
| | : |
| | : **The Honorable Daryl F. Bloom** |
| v. | : **(Chief U.S. Magistrate Judge)** |
| | : |
| JERSEY SHORE AREA JOINT | : **MOTION FOR CONTEMPT** |
| WATER AUTHORITY, | : **AND PERMANENT INJUNCTIVE** |
| | : **RELIEF** |
| and | : |
| | : |
| TIADAGHTON VALLEY | : |
| MUNICIPAL AUTHORITY, ERIC | : |
| S. JOHNSTON, JOHN DOE 1-5 in | : |
| their individual capacities, | : |
| | : |
| Defendants. | : |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR CIVIL CONTEMPT AND PERMANENT INJUNCTIVE RELIEF

## I. INTRODUCTION

Plaintiff Dion Storm Holland ("Plaintiff") respectfully submits this brief in support of his Motion for Civil Contempt and Permanent Injunctive Relief. Defendants knowingly violated a clear and specific court order entered on June 30, 2025, by Hon. William Carlucci, directing immediate restoration of Plaintiff's water service and barring termination absent strict statutory compliance. Despite actual notice, Defendants attempted to terminate Plaintiff's water service on July 9, 2025, and enlisted local police officers to gain access to Plaintiff's shut-off valve.

This conduct constitutes contempt of court, violated Plaintiff's constitutional and statutory rights, and warrants permanent injunctive relief and sanctions.

## II. STANDARD OF REVIEW

To establish civil contempt, the movant must show by clear and convincing evidence that:

1. A valid court order existed;

2. The contemnor knew of the order; and

3. The contemnor disobeyed the order.

Marshak v. Treadwell, 240 F.3d 184, 194 (3d Cir. 2001); Robin Woods, Inc. v. Woods, 28 F.3d 396, 399 (3d Cir. 1994). Willfulness is not required. McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949).

## III. ARGUMENT

A. The June 30th Order Was Clear and Enforceable

The Order directed Defendants to restore Plaintiff's water within 24 hours and provided that termination could occur only after a mailed and posted 10-day notice, unless Plaintiff submitted a statutory written dispute. Plaintiff complied, sending notice July 2; Defendants received it July 3.

B. Defendants Had Actual Notice

Defendants were represented at the June 30 hearing and had direct knowledge of the Order's terms.

C. Defendants Violated the Order

On July 9, 2025, Defendants attempted a shutoff without lawful notice, despite Plaintiff's statutory dispute and medical certificate. They even enlisted uniformed police officers to assist, compounding the constitutional violation. This is clear and convincing evidence of contempt.

D. Permanent Injunctive Relief Is Warranted

A permanent injunction requires: (1) actual success on the merits; (2) irreparable harm; (3) the balance of equities favors Plaintiff; and (4) the public interest favors relief. eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006).

- Success on the merits: Defendants' violation of due process (Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1 (1978)), ADA/§504 (Ziegler v. Reading Area Water Auth., 639 F.3d 615 (3d Cir. 2011)), and Fourth Amendment (Florida v. Jardines, 569 U.S. 1 (2013)) is already established by the record.

- Irreparable harm: Loss of water in a medically vulnerable household constitutes ongoing irreparable harm.

- Equities: Compliance imposes little burden on Defendants; termination imposes grave hardship on Plaintiff.

- Public interest: Obeying court orders and disability protections serves the public interest.

## IV. CONCLUSION

Defendants violated a clear order and persisted in unlawful conduct. Civil contempt, coercive sanctions, and permanent injunctive relief are necessary to ensure compliance and protect Plaintiff's rights.

**Requested Relief**

For the reasons stated, Plaintiff respectfully requests that this Court:

1. Adjudge Defendants in civil contempt of the June 30, 2025 Order;

2. Issue a permanent injunction barring termination absent strict statutory compliance and recognition of valid medical certificates;

3. Impose coercive sanctions for any future non-compliance;

4. Award compensatory damages and costs, including prospective attorneys' fees under 42 U.S.C. § 1988(b);

5. Require Defendants to submit a compliance plan and designate a responsible official;

6. Hold a compliance hearing within 14 days; and

7. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Dion Storm Holland

Plaintiff, Pro Se

566 High Street

Jersey Shore, PA 17740

(814) 574-9664

subarudion@gmail.com

Dated: August 19th, 2025