# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DION STORM HOLLAND, | : |
| Plaintiff, | : Civil Action No. 4:25-CV-01323-DFB |
| v. | : The Honorable Daryl F. Bloom<br>: (Chief U.S. Magistrate Judge) |
| JERSEY SHORE AREA JOINT WATER AUTHORITY, | : MOTION FOR CONTEMPT<br>: AND PERMANENT INJUNCTIVE<br>: RELIEF |
| and | : |
| TIADAGHTON VALLEY MUNICIPAL AUTHORITY, ERIC S. JOHNSTON, JOHN DOE 1-5 in their individual capacities, | : |
| Defendants. | : |

## PLAINTIFF'S MOTION FOR CIVIL CONTEMPT AND PERMANENT INJUNCTIVE RELIEF

AND NOW COMES, Plaintiff, Dion Storm Holland ("Plaintiff"), pro se, moves for an Order holding Defendants in civil contempt and issuing permanent injunctive relief. As explained below, Defendants knowingly violated a clear court order and, in doing so, infringed Plaintiff's federal constitutional and statutory rights.

1

## I. PROCEDURAL HISTORY AND JURISDICTION

1. On June 27th, 2025, Plaintiff filed a verified complaint and sought emergency relief in the Lycoming County Court of Common Pleas (No. CV-2025-00952).

2. On June 30th, 2025, following an emergency hearing, Judge William Carlucci issued a preliminary injunction (the "June 30th Order") that stated, verbatim:

"Defendant is directed, within twenty-four (24) hours of the filing of this Order, to restore water service to 566 High Street, Jersey Shore, Pennsylvania. That water service may be terminated after ten (10) days after mailing and posting of a new termination notice, **unless Plaintiff provides a written notice in the form required by the statute.**" (Defendants Exhibit(s) A Doc. #5, Attachment #3 June 30th Order) (emphasis added).

3. Plaintiff complied: on July 2nd, 2025, he mailed the **written notice in the form required by statute**, and Defendants **received and signed** for it on **July 3rd, 2025** (USPS PS 3811 green card). (Ex. O, Certified-Mail Receipts; Ex. D, P, Dispute Packet). Doc #10 attachment #1

4. Defendants nonetheless attempted to shut off service on **July 9th, 2025,** using municipal police to try to gain access to Plaintiff's shut-off valve, contrary to the June 30 Order and despite Plaintiff's statutory dispute and medical-certificate protections. (Ex. Q, Photos / video stills; Ex. G, Medical Certificate). Doc #10 attachment #1

5. On July 10th, 2025, Plaintiff moved for contempt in state court. On July 21st, 2025, Defendants removed this case here. **All state-court orders remain in force** after removal. 28 U.S.C. § 1450; Fed. R. Civ. P. 81(c). This Court has jurisdiction to enforce the June 30 Order and grant further equitable relief.

## II.  RELEVANT FACTS

6. Plaintiff is a permanently disabled U.S. Marine veteran with medical needs that require uninterrupted water service. (Am. Compl. ¶¶ 10–11).

7. Defendants shut off Plaintiff's water on June 23rd, 2025, without mailing/posting the required 10-day notice, and **refused** to honor a valid medical certificate tendered at the point of termination. (Am. Compl. ¶¶ 12, 16–18; Ex. G, Medical Cert.).

8. Judge Carlucci's **June 30th Order** restored service and set prospective conditions:

    (a) 10-day mailed **and** posted notice **unless** (b) Plaintiff provides the **statutory written notice**. Plaintiff provided that notice July 2nd; Defendants **received** it July 3rd 2025.

9. On **July 9th, 2025**, Defendants (through their field staff) came to effectuate a shutoff anyway. When blocked by Plaintiff's parked vehicle, Defendants **caused** uniformed Lycoming County Regional Police officers—including **Captain Cody Smith and Unidentified Officer**—to arrive at Plaintiff's home **without a warrant** to "gain access" for a civil shutoff. (Ex. Q). The officers ultimately stood down after being shown the June 30th Order via email to captain cody smith  the next day.

10. Defendants have never **substantively responded** to Plaintiff's sworn billing-error dispute(s) (initial and corrected), the medical-certificate documentation, or

his written demands for a signed service application/contract required by the Authority's own Rule II.A. (Ex. F), JSAJWA Rules—Rule II.A & Rule X).

### III. SPECIFIC RIGHTS VIOLATED (FACT-TO-LAW)

A.   **Procedural Due Process** – Fourteenth Amendment

11.   **Protected property interest**: Continued residential utility service is a protected property interest; termination may not occur without due process. **Memphis Light, Gas & Water Div. v. Craft**, 436 U.S. 1, 11–18 (1978).

12.   **Required procedures**: Pennsylvania law and JSAJWA Rules require (i) **mailed and posted** 10-day termination notice (53 P.S. § 3102.502(b)(1)–(2); JSAJWA Rule X),

   (ii) **dispute instructions** and opportunity to contest (52 Pa. Code §§ 56.114–.115), and (iii) honor of a valid **medical certificate** (52 Pa. Code § 56.113; 66 Pa.C.S. § 1406(f)). See also **Ziegler v. Reading Area Water Auth**., 639 F.3d 615, 622–23 (3d Cir. 2011) (recognizing these procedures and allowing ADA/§504 claims).

13.   **Violations**:

   June 23 shutoff with **no mailed/posted notice** and refusal to honor medical cert.

   July 9 attempted shutoff despite Plaintiff's **statutory written notice** received July 3, and without any new lawful notice or hearing.

   Termination/attempts occurred **without furnishing required dispute procedures.**

B.   **Fourth Amendment** – Unreasonable Search/Seizure

14.   Warrantless, nonconsensual entry onto the curtilage to effect utility shutoff is a **search**; absent a valid warrant or exigent circumstances, it is unreasonable. **Florida v. Jardines**, 569 U.S. 1, 6–7 (2013); **Camara v. Municipal Court**, 387 U.S. 523, 534–39 (1967). Police presence to "gain access" for a civil shutoff, without a warrant, amplifies the constitutional violation. Police Assisted entry is a seizure. **Soldal v. Cook County**, 506 U.S. 56, 61 (1992). No warrant, exigency, or lawful order justified Defendants' actions.

C.   **ADA Title II / Rehabilitation Act § 504**

15.   JSAJWA/TMA are public entities that receive public funds; they must accommodate disabilities, provide **reasonable modifications** and may not deny benefits **by reason of disability**. 42 U.S.C. § 12132; 29 U.S.C. § 794(a). Refusing to honor a **medical certificate** and threatening/attempting shutoff despite known medical need violates Title II/§504. **Ziegler v. Reading Area Water Auth.**, 639 F.3d 615, 622–23. (3d Cir. 2011)

D.   **Color of Law / Joint Action – 42 U.S.C. § 1983**

16.   Defendants enlisted municipal police to advance a civil shutoff. **Private parties who willfully participate in joint activity with the State act under color of law** and are liable under § 1983. **Lugar v. Edmondson Oil Co.,** 457 U.S. 922, 941–42 (1982); **Dennis v. Sparks**, 449 U.S. 24, 27–28 (1980). Supervisory actors are not shielded by sovereign immunity when sued in their individual capacity. **Hafer v. Melo**, 502 U.S. 21, 25–31 (1991).

E.   **Continued Non-Response to Statutory Disputes / Medical Certificate**

17.   After receiving Plaintiff's **statutory written dispute** (July 2nd/3rd) and medical-need documentation, Defendants persisted in collection/shutoff efforts **without** any lawful process or substantive response. Their silence in the face of a

duty to respond is probative of bad faith. See **United States v. Tweel**, 550 F.2d 297, 299 (5th Cir. 1977) (silence where there is a duty to speak can be fraudulent); cf. 52 Pa. Code §§ 56.114–.115.

## IV.   CONTEMPT STANDARD AND APPLICATION

18.   Civil contempt requires clear and convincing proof that (1) a valid order existed; (2) the contemnor knew of it; and (3) the contemnor disobeyed it. **Marshak v.Treadwell**, 240 F.3d 184, 194 (3d Cir. 2001); **Robin Woods, Inc. v. Woods**, 28 F.3d 396, 399 (3d Cir. 1994). **Willfulness is not required**. **McComb v. Jacksonville Paper Co.**, 336 U.S. 187, 191 (1949). Pennsylvania law is in accord. **In re Shaffer**, 548 Pa. 453, 698 A.2d 1180, 1183–85 (1997) (civil contempt lies for violation of a clear order). Attempted violations suffice. **U.S. v. Greyhound Corp.**, 508 F.2d 529, 531 (7th Cir. 1974)

19.   Application:

   • **Valid Order**: The **June 30 Order** is clear and specific. (Defendants Exhibit(s) A Doc. #5, Attachment #3 June 30th Order)).

   • **Knowledge**: Defendants were present/represented at the hearing and had actual notice.

   • **Violation**: On **July 9**, Defendants attempted shutoff—after Plaintiff invoked statutory protections (received **July 3rd**)—and used police to "gain access," contrary to the Order's plain terms (and contrary to state law requiring mailed and posted notice and respecting medical certificates). This is **clear disobedience**.

  Defendants' post-Order conduct thus satisfies contempt—separately and together.

## V.   PERMANENT INJUNCTION STANDARD AND SHOWING

20.  A permanent injunction requires: (1) actual success on the merits; (2) irreparable injury; (3) the balance of hardships favors the plaintiff; and (4) the public interest supports relief. **eBay Inc. v. MercExchange**, 547 U.S. 388, 391 (2006); **Reilly v. City of Harrisburg**, 858 F.3d 173, 176–79 (3d Cir. 2017).

21.  **Success on the Merits**: The due-process, ADA/§504, and Fourth Amendment violations are established on this record (Memphis Light; Ziegler; Jardines; Camara). The contempt record confirms ongoing disregard for law and the June 30 Order.

22.  **Irreparable Harm**: Loss of water to a medically vulnerable household threatens health and sanitation—harm that is not compensable by money alone and is recurring absent court protection.

23.  **Balance of Equities**: Keeping water on while Defendants follow the **law** imposes minimal burden on them; unlawful termination imposes grave harm on Plaintiff.

24.  **Public Interest**: Compliance with court orders and disability-rights statutes serves the public interest; unlawful shutoffs and police-assisted intimidation do not.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

**A.** Adjudging Defendants in **civil contempt** of the June 30, 2025 Order;

**B.** Issuing a **permanent injunction** barring Defendants from terminating or attempting to terminate water/sewer service at 566 High Street absent strict statutory compliance and honoring of medical certificates pursuant to 66 Pa.C.S. § 1406(f), 52 Pa. Code § 56.113, and related provisions;

**C.** Ordering **coercive sanctions** sufficient to ensure ongoing compliance, including daily monetary sanctions for each day of continued non-compliance;

**D.** Awarding **compensatory damages and litigation costs**, including prospective attorneys' fees pursuant to **42 U.S.C. § 1988(b)**, for the injuries, expenses, and distress directly caused by Defendants' contemptuous conduct;

**E.** Requiring Defendants to submit a **compliance plan** and designating a responsible official to certify, under penalty of perjury, ongoing adherence to state regulations and the Court's Orders;

**F.** Directing that a **compliance hearing** be held within fourteen (14) days to monitor and ensure strict adherence to this Court's directives; and

**G.** Granting such other and further relief as this Court deems just and proper.


Respectfully submitted,


/s/ Dion Storm Holland

Dion Storm Holland, Pro Se

566 High Street

Jersey Shore, PA 17740

(814) 574-9664

subarudion@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of August 2025, I caused a

true and correct copy of the foregoing Motion For Contempt and Permanent Injunction, to be served by electronic filing through the Court's CM/ECF

system, which constitutes service under Fed. R. Civ. P. 5(b)(2)(D), upon the

following counsel of record:

Sean P. McDonough, Esq.

Dougherty, Leventhal & Price, LLP

459 Wyoming Avenue

Kingston, PA 18704

E-mail: smcdonough@dlplaw.com


Michael J. Crocenzi, Esq. (PA I.D. #66255)

Barley Snyder

100 East Market Street

York, PA 17401

E-mail: mcrocenzi@barley.com


Sarah L. Doyle, Esq. (PA I.D. #321149)

Barley Snyder

100 East Market Street

York, PA 17401

E-mail: sdoyle@barley.com

9

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Dion Storm Holland

Dion Storm Holland, Pro Se

In Care of: 566 High Street

Jersey Shore, Pennsylvania 17740

(814) 574-9664 subarudion@gmail.com