IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DION STORM HOLLAND,<br><br>    Plaintiff,<br><br>v.<br><br>JERSEY SHORE AREA JOINT WATER AUTHORITY,<br><br>and<br><br>TIADAGHTON VALLEY MUNICIPAL AUTHORITY, ERIC S. JOHNSTON, JOHN DOE 1-5 in their individual capacities,<br><br>    Defendants. | Civil Action No. 4:25-CV-01323-DFB<br><br>**The Honorable Daryl F. Bloom (Chief U.S. Magistrate Judge)**<br><br>**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT TIADAGHTON VALLEY MUNICIPAL AUTHORTIY MOTION TO DISMISS** |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT TIADAGHTON MUNICIPAL AUTHORITY'S MOTION TO DISMISS**

## I. INTRODUCTION

This case is about Defendants' unlawful termination of essential residential water service to a disabled Marine Corps veteran and his household in open defiance of constitutional rights, statutory protections, and a state court injunction. Plaintiff has a protected property interest in continued utility service (Memphis Light, Gas & Water v. Craft, 436 U.S. 1, 11–18 (1978)). Yet Defendants repeatedly shut off and attempted to shut off service without the required notice, without honoring a valid physician-certified medical certificate, and even after Judge William Carlucci ordered restoration on June 30, 2025.

1

Defendants' Motion to Dismiss seeks to avoid accountability by invoking sovereign immunity, denying a private right of action, and citing inapposite unpublished authority. But none of these defenses can excuse:

1. Blatant **due process violations**;
2. Refusal to provide **ADA and Rehabilitation Act accommodations**;
3. **Warrantless entry** onto Plaintiff's property with police officers;
4. **Willful violations** of binding injunctive orders; and
5. Complete disregard of **federal billing error protections** under 15 U.S.C. § 1666 and 12 C.F.R. § 1026.13.

Dismissal is not only unwarranted — it would endorse Defendants' lawless conduct. The Motion should be denied in its entirety.

## II. THEME OF THE CASE

At its core, this case is about the right of every family to the basic necessities of life, and the duty of government actors to follow the law. Plaintiff is a disabled Marine Corps veteran who depends on water service for his health, his medical needs, and the well-being of his household. Defendants — local authorities entrusted with that responsibility — instead chose to weaponize utility shutoffs, ignore medical hardship protections, trespass on private property with police officers, and openly defy a court order.

The Constitution and Congress have long recognized that essential services cannot be withheld arbitrarily or discriminatorily. Defendants' conduct here was not a mere mistake; it was a calculated course of retaliation and disregard for the law. This Court's role is to ensure that fundamental rights — due process, equal protection, disability accommodation, and the authority of judicial orders — are not reduced to empty promises.

## III. FACTUAL BACKGROUND

1. On June 23, 2025, Defendants shut off Plaintiff's water service without mailing or posting the required 10-day notice under 53 P.S. § 3102.502(b)(1)–(2) and Rule X of JSAJWA's Rules. Defendants also refused to honor Plaintiff's physician-certified medical certificate under 66

Pa.C.S. § 1406(f).

2. On June 30, 2025, Judge William Carlucci of the Lycoming County Court of Common Pleas issued a Preliminary Injunction (the "June 30th Order"), directing:

    "Defendant is directed, within twenty-four (24) hours of the filing of this Order, to restore water service to 566 High Street, Jersey Shore, Pennsylvania. That water service may be terminated after ten (10) days after mailing and posting of a new termination notice, unless Plaintiff provides a written notice in the form required by the statute."

3. On July 2, 2025, Plaintiff mailed the statutory written notice; Defendants received and signed for it on July 3, 2025.

4. On July 9, 2025, Defendants attempted to circumvent the injunction by sending field staff to Plaintiff's residence. When unable to gain access, they enlisted uniformed Lycoming County Regional Police officers, including Captain Cody Smith, to enter Plaintiff's property without a warrant. The next day Officers Confirmed they would not get involved only after Plaintiff produced the injunction order.

    Defendants have never responded to Plaintiff's sworn billing-error disputes under 12 C.F.R. § 226.13 (Regulation Z), nor to demands for a signed service contract as required under Rule II of JSAJWA's Rules.

## IV. STANDARD OF REVIEW

A Rule 12(b)(6) motion may be granted only if the complaint fails to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Courts must accept factual allegations as true and draw all reasonable inferences in the nonmovant's favor.

## V. ARGUMENT

### A. Plaintiff States a Valid Procedural Due Process Claim

- **Memphis Light**: The Supreme Court held that utility customers have a constitutionally protected property interest in continued service, requiring notice and opportunity to be heard before termination. 436 U.S. at 11–18.
- Defendants terminated Plaintiff's service without mailing or posting the required 10-day notice (53 P.S. § 3102.502(b)(1)–(2); Rule X of JSAJWA Regulations).
- Defendants further refused to honor Plaintiff's physician-certified medical certificate, violating both Pennsylvania law (66 Pa.C.S. § 1406(f)) and federal due process guarantees.
- The Third Circuit has reaffirmed such claims in Ziegler v. Reading Area Water Auth., 639 F.3d 616, 622–23 (3d Cir. 2011).

### B. ADA Title II and Rehabilitation Act Claims Are Proper

- TMA is a "public entity" under 42 U.S.C. § 12131(1)(B) and receives public funds, making it subject to ADA and § 504 obligations.
- Plaintiff submitted a physician-certified medical certificate documenting disability-related need for continuous water service. Refusal to honor it constitutes denial of a reasonable accommodation.
- Ziegler, 639 F.3d at 622–23 confirms such claims are actionable.

### C. Fourth Amendment and § 1983 Liability Are Stated

- On July 9, 2025, Defendants attempted to bypass the injunction by sending staff with armed police officers to Plaintiff's residence. Entry onto curtilage to effectuate a shutoff without a warrant is a search. Florida v. Jardines, 569 U.S. 1, 6–7 (2013).
- Civil inspections and enforcement actions require warrants. Camara v. Municipal Court, 387 U.S. 523, 534–39 (1967).
- By enlisting police to enforce a shutoff, Defendants acted "under color of law" within the meaning of § 1983. Lugar v. Edmondson Oil Co., 457 U.S. 922, 941–42 (1982).

### D. Immunity Does Not Apply

- TMA is a local municipal authority, not an arm of the state; no Eleventh Amendment immunity applies. Mt. Healthy City Sch. Dist. v. Doyle, 429 U.S. 274, 280 (1977).

- Even if immunity were claimed, Congress abrogated it for ADA Title II and § 504. 42 Pa.C.S. § 8550 further excludes willful misconduct from state-law immunity.

### E. Claims Are Not Moot

- Restoration of service does not moot the case because Defendants attempted another shutoff **after** the June 30 injunction.
- Under Friends of the Earth v. Laidlaw, 528 U.S. 167, 189 (2000), voluntary cessation does not defeat jurisdiction unless it is "absolutely clear" misconduct will not recur. Defendants' July 9th actions prove otherwise.

### F. Permanent Injunction Standard Is Met

- Plaintiff demonstrates actual success on the merits, irreparable harm (loss of water to a medically dependent household), balance of equities, and the public interest. See eBay v. MercExchange, 547 U.S. 388, 391 (2006).

### G. Defendants' Reliance on *Gagliardi v. Clark* Is Misplaced

- Defendants cite *Gagliardi v. Clark*, No. 06-20, 2006 WL 2847409 (W.D. Pa. Sept. 28, 2006), an unpublished, non-precedential opinion. It is inapposite:
    1. **Non-Binding**: Unpublished district opinions carry no precedential weight. Fed. R. App. P. 32.1; 3d Cir. I.O.P. 5.7.
    2. **PUC Distinction**: *Gagliardi* faulted plaintiffs for not using PUC procedures. Here, Defendants admitted they are **not subject to PUC jurisdiction**, making that process categorically unavailable.
    3. **Different Claims**: *Gagliardi* involved only constitutional claims. This case includes ADA, § 504, and federal billing error statutes — protections wholly absent from *Gagliardi*.

### H. Defendants Ignored Federal Billing Error Protections

- Under the Fair Credit Billing Act, 15 U.S.C. § 1666, and Regulation Z, 12 C.F.R. § 1026.13, creditors must:
    1. Acknowledge billing error notices within 30 days;
    2. Investigate and resolve or explain in writing within 90 days; and
    3. Refrain from treating the disputed amount as delinquent during review.

5

- Plaintiff sent emails pre litigation & mailed corrected billing error affidavits reaffirming the original dispute by certified mail. Defendants signed for them but never responded.
- Their failure to comply creates **independent federal liability**, which Defendants' Motion **conspicuously ignores**.

## VI. CONCLUSION

For all the reasons above, Plaintiff's Amended Complaint more than states viable claims under the Constitution, ADA, Rehabilitation Act, Fair Credit Billing Act, and Pennsylvania law. Defendants' Motion to Dismiss rests on inapposite authority, misstatements of law, and factual denials inappropriate at this stage.

Accordingly, the Motion to Dismiss should be denied in its entirety and this case allowed to proceed to discovery.

Respectfully submitted,

/s/ Dion Storm Holland

Dion Storm Holland

566 High Street

Jersey Shore, PA 17740

(814) 574-9664

subarudion@gmail.com

Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August 2025, I caused a true and correct copy of the foregoing Brief in opposition and Proposed Order to be served by electronic filing through the Court's CM/ECF system, which constitutes service under Fed. R. Civ. P. 5(b)(2)(D), upon the following counsel of record:

Sean P. McDonough, Esq. (PA I.D. #47428)

Dougherty, Leventhal & Price, LLP

459 Wyoming Avenue

Kingston, PA 18704

E-mail: smcdonough@dlplaw.com


Michael J. Crocenzi, Esq. (PA I.D. #66255)

Barley Snyder

100 East Market Street

York, PA 17401

E-mail: mcrocenzi@barley.com


Sarah L. Doyle, Esq. (PA I.D. #321149)

Barley Snyder

100 East Market Street

York, PA 17401

E-mail: sdoyle@barley.com


I declare under penalty of perjury that the foregoing is true and correct.

/s/ Dion Storm Holland

Dion Storm Holland, Pro Se

In Care of: 566 High Street

Jersey Shore, Pennsylvania 17740

(814) 574-9664 subarudion@gmail.com