IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY,
PENNSYLVANIA

DION STORM HOLLAND,
    Plaintiff,

vs.

JERSEY SHORE AREA JOINT
WATER AUTHORITY and
TIADAGHTON MUNICIPAL SEWER
AUTHORITY,
    Defendants.

: No. CV 25-00,952
:
: CIVIL ACTION
:

## OPINION AND ORDER

AND NOW, this 12th day of August, 2025, the Court has before it Defendant Jersey Shore Area Joint Water Authority's motion to strike notice of default judgment[1] and motion to vacate scheduling order,[2] Plaintiff's response to those motions,[3] and Defendant Tiadaghton Municipal Sewer Authority's motion to vacate scheduling order and strike notice of default judgment.[4]

## I. BACKGROUND.

Plaintiff Dion Storm Holland commenced this action by Complaint filed on June 27, 2025.[5] Simultaneously, Plaintiff filed a motion for emergency injunctive relief.[6] The dispute between Plaintiff and the Defendants concerns termination of water service to Plaintiff's residence.[7]

---

[1] "Defendant Jersey Shore Area Joint Water Authority's Motion to Strike Notice of Default Judgment," filed August 6, 2025 ("JSAJWA's Motion to Strike").
[2] "Defendant Jersey Shore Area Joint Water Authority's Motion to Vacate Scheduling Order," filed August 6, 2025 ("JSAJWA's Motion to Vacate").
[3] "Plaintiff's Response in Opposition to Defendants' Motion to Vacate Notice of Intent to Enter Default Judgment and to Strike Default Entry," filed August 7, 2025 ("Plaintiff's Response").
[4] "Defendant Tiadaghton Municipal Sewer Authority's Motion to Vacate Scheduling Order and Strike Notice of Default Judgment," filed August 7, 2025 ("TMSA's Motion to Vacate and Strike").
[5] Plaintiff's "Verified Complaint for Injunctive and Declaratory Relief Damages, and Equitable Relief," filed June 27, 2025 (the "Complaint").
[6] Plaintiff's "Motion for Emergency Injunctive Relief," filed June 27, 2025 (the "Motion for Injunction").
[7] Complaint; Motion for Injunction.

The Court held a hearing on the request for an injunction on June 30, 2025. Thereafter, the Court issued an order finding, among other things, not only that Plaintiff did not establish that he had a just defense to termination of water service because he did not provide Defendant Jersey Shore Area Joint Water Authority ("JSAJWA") with the appropriate notice, but also that JSAJWA did not follow the statutorily mandated procedures for terminating Plaintiff's water service. Accordingly, the Court directed JSAJWA to restore water service to Plaintiff within twenty-four (24) hours and held that the water service could be terminated ten (10) days after mailing and posting of a new termination notice, unless Plaintiff provided a written notice in the form required by statute.[8]

On July 10, 2025, Plaintiff filed a motion for contempt, praying that Defendants be held in civil contempt for willful violation of this Court's June 30, 2025 Order and requesting a hearing on his motion.[9] The Court thereafter issued an Order scheduling a factual hearing on the motion for contempt for August 15, 2025.[10] On July 22, 2025 Plaintiff, in accordance with Rule 237.1, Pennsylvania Rules of Civil Procedure, filed notice of his intention to take a default judgment against the Defendants for their failure to respond to his complaint.[11]

On June 21, 2025, JSAJWA's co-defendant in the instant case, Defendant Tiadaghton Municipal Sewer Authority ("TMSA"), filed a Notice of Removal of this case to the United States District Court for the Middle District of Pennsylvania.[12] Both Defendants filed motions in the Federal Court to vacate this Court's Scheduling

---

[8] Order dated June 30 and entered July 2, 2025.
[9] Plaintiff's "Motion for Contempt," filed July 10, 2025.
[10] Scheduling Order dated July 11 and entered July 15, 2025.
[11] Plaintiff's "10-Day Notice of Intent to Take Default Judgment (Pursuant to Pa. R.C.P. 237.1)," filed July 22, 2025.
[12] Defendant TMSA's "Notice of Removal," filed July 21, 2025. This case is docketed to Civil Action No. 4:25-CV-01323 in the United States District Court for the Middle District of Pennsylvania.

Order and to strike the Plaintiff's motion for default judgment. By Order dated and entered August 6, 2025, Chief United States Magistrate Judge Daryl F. Bloom denied the Defendants' Motions, concluding that the Federal Court does not have the authority to vacate this Court's Scheduling Order or to strike a motion from this Court's docket and that the Defendants must seek appropriate relief here.[13]

Defendants thereafter filed their various motions to vacate this Court's Scheduling Order scheduling argument on the Motion for Contempt for August 15, 2025 and to strike the notice of intention to take a default judgment.[14] Plaintiff argues in opposition that he did not seek or enter a default judgment, so the motions to strike should be denied as moot, as no default judgment was entered; and that this Court retains continuing jurisdiction over enforcement of its own Order and should find Defendants in contempt for failing to abide by it.[15]

## II. LAW AND ANALYSIS.

### A. The Motion for Contempt.

Section 1446 of the United States Judicial Code provides that after removal of a case from state court, "the State court shall proceed no further unless and until the case is remanded,"[16] provided that notice of the removal has been given to the state court.[17] Upon removal of a case to federal court, "[t]he federal court accepts the case in its current posture as though everything done in state court had in fact been

---

[13] Order of the United States District Court for the Middle District of Pennsylvania dated August 6, 2025 and docketed to Civil Action Case No. 4:25-CV-1323, attached as Exh. A to JSAJWA's Motion to Strike, JSAJWA's Motion to Vacate, and TMSA's Motion to Vacate and Strike.
[14] *See*, *supra*, nn. 1, 2, 4.
[15] Response.
[16] 28 U.S.C. § 1446(d).
[17] *Crown Constr. Co. v. Newfoundland American Ins. Co.*, 239 A.2d 452, 455-56 (Pa. 1968) (holding that state court retained jurisdiction over the action, for purposes of entry of a default judgment, even though a petition for removal had been filed, where federal court found that as the result of failure to timely file a copy of removal petition with the state court, the action had never been effectively removed).

3

done in the federal court."[18]  Thus, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."[19]

The pending Motion for Contempt alleges willful failure to follow this Court's June 30, 2025 Order.  "Courts possess an inherent power to enforce their orders by way of the power of contempt,"[20] and

> [t]here is no hierarchical arrangement between state courts and federal courts that exercise jurisdiction within that state.  Under the federal system, the states possess sovereignty concurrent with that of the federal government.[21]

Thus, this Court appropriately could hear a motion for contempt for violation of one of its orders notwithstanding removal of the underlying action to federal court.

The pending Motion for Contempt is a motion for civil contempt, however. Contempt may be civil or criminal.  It is civil if the dominant purpose of the contempt proceeding is to coerce compliance and criminal if the dominant purpose is to punish the offender for past misconduct.[22]

> The purpose of a civil contempt proceeding is remedial.  Judicial sanctions are employed to coerce the defendant into compliance with the court's order, and in some instances, to compensate the complainant for the losses sustained.[23]

---

[18] *Kurns v. Soo Line R.R.*, 72 A.3d 636, 639 (Pa. Super. 2013) (quoting *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1303 (5th Cir.1988) (quotation and citation omitted)).
[19] 28 U.S.C. § 1450
[20] *Com. v. Bowden*, 838 A.2d 740, 760 (Pa. 2003) (citations omitted); *see also Shillitani v. U.S.*, 86 S.Ct. 1531, 1535 (1966) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt") (citation omitted).
[21] *Werner v. Plater-Zyberk*, 799 A.2d 776, 788 (Pa. Super. 2002), *alloc. denied*, 806 A.2d 862 (Pa. 2002)
[22] *Schnabel Associates, Inc. v. Building and Const. Trades Council of Philadelphia and Vicinity, AFL-CIO*, 487 A.2d 1327, 1332 (Pa. Super. 1985) (quoting *Rouse Philadelphia Inc. v. Ad Hoc '78*, 417 A.2d 1248, 1258 (Pa. Super. 1979)).
[23] *Stahl v. Redcay*, 897 A.2d 478, 486 (Pa. Super. 2006) (citation omitted).

Because the pending contempt motion is a motion for civil contempt,[24] it primarily concerns coercing compliance with this Court's June 30, 2025 Order going forward, rather than punishment for Defendants' alleged past misconduct.

Thus, although this Court, following a hearing, could hold Defendants in contempt and impose sanctions for their failure to comply with this Court's Order, a consequence of the removal of this case to federal court is that the United States District Court for the Middle District of Pennsylvania is now charged with enforcement of any order in this case into the future. Since any remedial order issued by this Court to coerce compliance with its June 30, 2025 Order would impinge upon an area that is now within the purview of the Federal Court, the Court finds that the Motion for Contempt to be moot to the extent it seeks action by this Court to coerce future compliance with its June 30 Order,[25] unless and until this matter is remanded from federal court.

### B. *The notice of intention to enter default judgment.*

The document Defendants seek to strike is not a default judgment; rather it is a 10-day notice of intention to enter default judgment pursuant to Rule 237.1,

---

[24] The Motion for Contempt explicitly prays for a finding that Defendants are in civil contempt of this Court's Order. Motion for Contempt, prayer for relief.

[25] "Pennsylvania courts are loath to decide abstract questions or to issue advisory opinions, so it follows that 'courts will not decide moot questions.' A matter becomes moot when 'changes in the facts or in the law [ ] ... deprive the litigant of the necessary stake in the outcome.' We have explained that 'the critical inquiry in determining whether a case has become moot is whether the court's decision could, in substance, accord the injured party relief.' " *County of Fulton v. Secretary of Commonwealth*, 330 A.3d 481, 491-92 (Pa. Commw. 2024) (citations omitted) (quoting *Public Defender's Office of Venango County v. Venango County Court of Common Pleas*, 893 A.2d 1275, 1279 (Pa. 2006); *Magnelli v. Pa. State Civ. Serv. Comm'n*, 423 A.2d 802, 804 (Pa. Commw. 1980) (quoting *In re Gross*, 382 A.2d 116, 119 (Pa. 1978)); *Toland v. Pa. Bd. of Prob. & Parole*, 311 A.3d 649, 658 (Pa. Commw. 2024)) (citing *DeWeese v. Ridge*, 681 A.2d 852, 853 (Pa. Commw. 1996)). Here, by virtue of removal of this case to federal court, any decision the Court would make concerning the alleged contempt would intrude into an area now under the jurisdiction of the federal court, effectively meaning that this Court cannot issue an Order in response to the Motion that would afford relief to any party. Thus, the Motion is moot to the extent it seeks such an order. Accordingly, the Court will stay its scheduling order indefinitely, until such time as the case is remanded.

Pennsylvania Rules of Civil Procedure.[26] Rule 237.1 provides that the Prothonotary may not enter judgment by default for failure to plead to a complaint unless the praecipe for entry of a default judgment includes a certification that written notice of the intention to file the praecipe was mailed or delivered after the failure to plead to a complaint and at least ten days prior to filing the pracipe to the party against whom judgment is to be entered and to the party's attorney of record, if any.[27]

In short, the document that Defendants seek to have stricken is not a default judgment against either of them but is simply a notice of intention to file a praecipe directing the Prothonotary to enter a default judgment if they do not plead in opposition to the Complaint within ten days thereafter. Indeed, under Rules 237.1 and 1037, such a notice of intention to enter judgment by default need not even be filed until the Plaintiff files his praecipe pursuant to Rule 1037. The mere filing of a notice of intention to enter default judgment without an accompanying praecipe to enter judgment by default has no discernable impact on the substantive rights of any party. Therefore, the notice will not be stricken.

### III. CONCLUSION AND ORDER.

For reasons explained above, it is hereby ORDERED and DIRECTED as follows:

> 1. The Defendants' motions to vacate this Court's Scheduling Order are GRANTED in part and DENIED in part. The Hearing on the Plaintiff's Motion for Contempt scheduled for August 15, 2025 is CANCELLED. If and when this case is remanded from the federal court, this Court will entertain the Motion for Contempt at a time scheduled after notice of remand is provided to the Court. Consistent with the foregoing, the Plaintiff's request in his

---

[26] See, supra, n. 11.
[27] Pa. R. Civ. P. 237.1(a)(2)(ii). See also Pa. R. Civ. P. 1037(b) (providing that "[t]he prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant for failure to file within the required time a pleading to a complaint which contains a notice to defend or, except as provided by subdivision (d), for any relief admitted to be due by the defendant's pleadings." The note to Rule 1037(b) requires that the praecipe be accompanied by the certification required by Rule 237.1).

6

Response that this Court proceed with the hearing on Plaintiff's Motion for Contempt is GRANTED in part and DENIED in part, as explained in this Paragraph.

2. The Defendants' Motions to Strike Plaintiff's 10-day Notice of Intent to Enter Default Judgment are DENIED.  Correspondingly, the Plaintiff's request in his Response that the Court not strike his Notice of Intent is GRANTED.

IT IS SO ORDERED.

BY THE COURT,

Eric R. Linhardt, Judge

ERL/bel

cc:   Dion Storm Holland (subarudion@gmail.com), *566 High Street, Jersey Shore, PA 17740*
Sean P. McDonough, Esq. (smcdonough@dlplaw.com), *Dougherty Leventhal & Price LLP, 459 Wyoming Avenue, Kingston, PA 18704*
Michael J. Crocenzi, Esq. (mcrocenzi@barley.com) and Sarah L. Doyle, Esq. (sdoyle@barley.com), *Barley Snyder, 100 East Market Street, York, PA 17401*
Court Administration/Court Scheduling
United States District Court for the Middle District of Pennsylvania (Civil No. 4:25-CV-1323 (Chief Magistrate Judge Bloom)), *240 West Third Street, Suite 218, Williamsport, PA 17701*

**Office of Prothonotary**
County of Lycoming
48 West Third Street
Williamsport PA 17701-6514

Forwarding Service Requested

PRST 1CL MAILED@196 DS2E69 081425



FIRST-CLASS
NONAUTO
PRSRT LTR

US POSTAGE PITNEY BOWES

ZIP 17701 $ 000.68
02 7W
0008035555 AUG 14. 2025

RECEIVED
WILLIAMSPORT
AUG 20 2025
PER _____NR_____
DEPUTY CLERK

FAHRSMM 17701