IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DION STORM HOLLAND<br><br>          Plaintiff,<br><br>    v.<br><br>JERSEY SHORE AREA JOINT WATER AUTHORITY<br><br>and<br><br>TIADAGHTON VALLEY MUNICIPAL AUTHORITY, ERIC JOHNSTON, JOHN DOE 1-5 in their individual capacities,<br><br>          Defendants. | Civil Action No. 4:25-cv-01323-DFB<br><br>The Honorable Daryl F. Bloom<br><br>Electronically Filed |

## DEFENDANT'S BRIEF IN OPPOSITION TO MOTION FOR CONTEMPT AND PERMANENT INJUNCTION

BARLEY SNYDER

Michael J. Crocenzi, Esquire (#66255)
mcrocenzi@barley.com
Sarah L. Doyle, Esquire (#321149)
sdoyle@barley.com
100 East Market Street
York, PA  17401
Telephone (717) 846-8888
*Counsel for Tiadaghton Valley Municipal Authority*

Date:  September 2, 2025

13339741.1

## **Procedural and Factual History**

Plaintiff Dion Storm Holland ("Plaintiff") filed a Complaint and Motion for Preliminary Injunction on or about June 27, 2025 in the Court of Common Pleas for Lycoming County, Pennsylvania. In the Complaint, Plaintiff makes several claims related to the shut off of his water service at his residence. On June 30, 2025, a hearing on Plaintiff's Motion for Preliminary Injunction was held before the Honorable Judge Carlucci in Lycoming County. Judge Carlucci ordered that Plaintiff's water service be restored, but indicated that the Defendants could renew the shutoff process by mailing and posting a notice of termination ("Court Order"). Plaintiff's water service was restored on June 30, 2025 in compliance with the Court Order.

On July 21, 2025, Defendants Tiadaghton Valley Municipal Authority ("TVMA"), and the Jersey Shore Area Joint Water Authority ("JSAJWA") filed a Notice of Removal to the United States District Court for the Middle District of Pennsylvania and, thereafter, Motions to Dismiss. Plaintiff filed an Amended Complaint on August 1, 2025, adding Eric Johnston and John Does 1-5 as defendants. On August 19, 2025, Plaintiff filed a Motion for Contempt and thereafter a Corrected Motion for Contempt, as well as a Brief in Support of the Motion for Contempt, alleging that Defendants violated the Court Order. On August 15, 2025, TVMA filed a renewed Motion to Dismiss pursuant to Rule 12(b)(6) due to the legal

2

13339741.1

insufficiency of Plaintiff's claims in his Amended Complaint. Defendant TVMA now files this Brief in Opposition to the Motion for Contempt.

In the Motion for Contempt and Brief in Support, Plaintiff alleges the following disputed facts:

1. That Defendants attempted to shut off Plaintiff's water on July 9, 2025. This is specifically denied. Defendants did not attempt to shut off Plaintiff's water on July 9, 2025.

2. That Defendants attempted to utilize municipal police to gain access to Plaintiff's shut off valve contrary to the Court Order. This is specifically denied. TVMA did not take any actions that were contrary to the Court Order.

3. That Plaintiff has a medical condition that protects him from water shutoff. TVMA denies that a medical condition is a valid excuse for non-payment or in any way prohibits a municipal authority from shutting off his water service.

4. That Plaintiff is a permanently disabled U.S. Marine veteran with medical needs that require uninterrupted water service. After reasonable investigation, TVMA is unable to confirm or deny the truth of this statement, and therefore denies its veracity.

5. That Defendants failed to post the required ten (10) day notice before shutting off Plaintiff's water. This is specifically denied, as Plaintiff admits that his property was posted at least ten days prior to water shut off.

3

6. That Plaintiff produced a "valid medical certificate" that prevented Defendants from shutting off his water. TVMA denies that a medical condition is a valid excuse for non-payment or in any way prohibits a municipal authority from shutting off his water service.

## Questions Involved

1. When TVMA did not violate the Court Order because there was no attempt to shut off Plaintiff's water or sewer service after the June 30, 2025 hearing, should the Motion for Contempt be denied?

    Suggested Answer: Yes.

2. When Plaintiff is not likely to succeed on the merits of his claim, and cannot prove the requirements to show civil contempt, should his request for an injunction, sanctions, compensatory damages and litigation costs, and to require Defendants to submit a compliance plan and attend a compliance hearing be denied?

    Suggested Answer: Yes.

## **ARGUMENT**

### I. DEFENDANT TVMA DID NOT SHUT OFF PLAINTIFF'S WATER OR SEWER SERVICE, ATTEMPT TO SHUT OFF PLAINTIFF'S WATER OR SEWER SERVICE, OR CONSPIRE WITH OTHERS TO SHUT OFF HIS WATER OR SEWER SERVICE IN VIOLATION OF THE COURT ORDER.

"To prove civil contempt the court must find that (1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order." *Harris v. City of Philadelphia*, 47 F.3d 1311, 1326 (3d Cir. 1995).

Here, there is no dispute that the Court Order entered on June 30, 2025 was a valid court order. Further, there is no dispute that Defendant TVMA had knowledge of the Court Order. However, TVMA disputes that it disobeyed the Court Order in any way. Attached hereto and incorporated herein is the Affidavit of Shawn Lorson, the Executive Director of TVMA.

Preliminarily, TVMA does not have the ability to physically effectuate a water shutoff. TVMA is a sewer authority and does not provide water service. TVMA's only connection to water service is that its charges are included on the same invoice as JSAJWA's. JSAJWA handles the administrative billing for TVMA and collects payments for TVMA. However, TVMA is not involved in the decision-making process for when to shut off a customer's water service.

13339741.1

In fact, TVMA was never specifically told that Plaintiff's water would be shut off in the first instance, however TVMA knew that Plaintiff's payments were past due. After the June 30, 2025 hearing, TVMA was aware that JSAJWA was going to proceed with the ten (10) day notice process again to rectify the mailing mistake. The visit to Plaintiff's property on July 9, 2025 was conducted to repair an issue with the shutoff valve at the curb. There was no attempt to shut off the water. Regardless, none of TVMA's employees were present at Plaintiff's property at any time.

Finally, Plaintiff admits that his water was not shut off, and Plaintiff's property continues to receive water service and sewer service, despite non-payment for the same. As such, there has been no violation of the Court Order, and Plaintiff's Motion for Contempt should be denied.

## II. PLAINTIFF'S ADDITIONAL REQUESTS FOR RELIEF SHOULD BE DENIED BECAUSE THE RELIEF REQUESTED IS NOT RIPE FOR CONSIDERATION, HE IS UNLIKELY TO SUCCEED ON THE MERITS OF HIS CLAIM, AND HE HAS NOT SHOW A VIOLATION OF A COURT ORDER.

Plaintiff argues that he should be granted a permanent injunction preventing Defendants from terminating or attempting to terminate water/sewer service absent strict statutory compliance and honoring of medical certificates pursuant to 66 Pa. C.S. § 1406(f), 52 Pa. Code § 56.113 and related provisions.

The issues in this case are not yet ripe for a determination on a request for permanent injunction. Before the Court considers whether plaintiffs are entitled to a

permanent injunction, plaintiffs must succeed on the merits of their claims. *A.H. v. Minersville Area Sch. Dist.*, 408 F. Supp. 3d 536, 582 (M.D. Pa. 2019). Plaintiff has not yet succeeded on the merits of his claim, as they have not been litigated yet.

Assuming *arguendo* that Plaintiff is actually seeking a *preliminary* injunction, that request should also be denied. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014). Plaintiff is unlikely to succeed on the merits of his claims for the reasons stated above and in Defendant TVMA's Motion to Dismiss. *See*, TVMA's Motion to Dismiss (Doc. 19).

Finally, Plaintiff's requests for sanctions, compensatory damages and litigation costs, and requiring Defendants to submit a compliance plan and attend a compliance hearing should be denied because Plaintiff cannot establish a violation of the Court Order. As stated *supra* and in Mr. Lorson's Affidavit attached hereto, TVMA did not make any attempt to shut off Plaintiff's water in violation of the Court Order, and therefore, should not be held in contempt.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Contempt and other relief should be denied.

13339741.1

Respectfully submitted,

BARLEY SNYDER

By:    <u>/s/ Sarah L. Doyle</u>
Michael J. Crocenzi, Esquire
Attorney I.D. #66255
mcrocenzi@barley.com
Sarah L. Doyle, Esquire
Attorney I.D. #321149
sdoyle@barley.com
100 East Market Street
York, PA 17401
Telephone (717) 846-8888
*Counsel for Tiadaghton Valley Municipal Authority*

Date: September 2, 2025

## **CERTIFICATE OF SERVICE**

I certify that on this 2nd day of September, 2025, the foregoing Brief was electronically filed and available for downloading from the ECF system and, pursuant to Fed. R.C.P. 5(b)(2)(D), such electronic filing constitutes service of the foregoing document on the following parties who have consented to electronic service:

Sean P. McDonough, Esquire
Dougherty Leventhal & Price, LLP
459 Wyoming Avenue
Kingston, PA 18704
*Counsel for Defendant Jersey Shore
Area Joint Water Authority and Eric Johnston*

Dion Storm Holland
566 High Street
Jersey Shore, PA 17740
*Pro Se Plaintiff*

Respectfully submitted,

BARLEY SNYDER

By:    */s/ Sarah L. Doyle*
        Michael J. Crocenzi, Esquire (#66255)
        mcrocenzi@barley.com
        Sarah L. Doyle, Esquire (#321149)
        sdoyle@barley.com
        100 East Market Street
        York, PA 17401
        Telephone (717) 846-8888
        *Counsel for Tiadaghton Valley Municipal
        Authority*

Date: September 2, 2025

13339741.1