IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DION STORM HOLLAND | : |
| | : CIVIL NO. 4:25-CV-01323 |
| Plaintiff, | : |
| | : |
| vs. | : (JUDGE DARYL F. BLOOM) |
| | : |
| JERSEY SHORE AREA JOINT | : |
| WATER AUTHORITY, et al. | : |
| | : |
| Defendants: | : (ELECTRONICALLY FILED) |

**BRIEF OF DEFENDANTS JERSEY SHORE AREA JOINT WATER AUTHORITY AND ERIC S. JOHNSTON IN OPPOSITION TO PLAINTIFF'S MOTION FOR CIVIL CONTEMPT AND PERMANENT INJUNCTIVE RELIEF**

**I.   PROCEDURAL HISTORY**

This action was originally filed in the Court of Common Pleas of Lycoming County on June 27, 2025 by Writ of Summons together with an Emergency Motion for Injunctive Relief.  A hearing was held to address that Emergency Motion on June 30, 2025.  In the Emergency Motion, Plaintiff Dion Storm Holland ("Holland") alleged that the Jersey Shore Area Joint Water Authority ("JSAJWA") acted unlawfully in discontinuing water service to his property for

1

the non-payment of water service. In an Order of June 30, 2025[1], the Court held that one of the statutory notice requirements preceding a water shut-off had not been met and directed that service be restored. At the conclusion of the hearing, the service was restored.

On July 10, 2025, a Motion for Contempt was filed by Holland against JSAJWA and newly named Defendant Tiadaghton Municipal Sewer Authority ("TMSA"). Subsequent to that filing, the case was removed to this Court on July 21, 2025 (Doc. 1). On August 19, 2025, Holland filed a First Motion for Contemp along with a Supporting Brief (Doc. 21). Pursuant to direction from the Clerk's Office, Holland filed his supporting brief as a separate document on August 21, 2025 (Doc. 26).[2]

This brief and the accompanying exhibits are filed in opposition to Holland's First Motion for Contempt.

## II.   STATEMENT OF FACTS

The entire basis for Mr. Holland's Motion for Civil Contempt and

---

[1] The Order of Judge William P. Carlucci, dated June 30, 2025, is appended to this brief as Exhibit "A".

[2] Counsel for JSAJWA calendared its responsive brief as being due fourteen days from the August 21, 2025 filing. However, in an abundance of caution, since Holland had filed the brief as an attachment to his August 19, 2025 filing, JSAJWA has filed a request for enlargement of one day to meet the fourteen day response requirement of L.R. 7.6.

Permanent Injunctive Relief lies in his unfounded assumption that the JSAJWA attempted to shut off his water service on July 9, 2025. He does not, because he cannot claim that at any point in time after the June 30, 2025 hearing, that his service has been interrupted.

Eric Johnston's sworn affidavit[3] establishes the following facts, which Mr. Holland cannot dispute:

> 2. On June 11, 2025, I, along with Chad Marshall, posted a termination notice on the property of Dion Holland which included the statutory notice relating to posting Mr. Holland's property required under the Pennsylvania Water Services Act, 53 P.S. §3102.101, et seq.[4] Said notice indicated that the water service to Mr. Holland's property was to be terminated on June 20, 2025.
>
> 3. Mr. Holland filed a Petition for Preliminary Injunction on June 27, 2025 and I was personally served with that document on Monday, June 30, 2025 along with a notice that a hearing would be conducted in the Court of Common Pleas of Lycoming County on that same date.
>
> 4. At the conclusion of the hearing on June 30, 2025, Mr. Holland's water service was restored. Between June 30, 2025 and the present, notwithstanding the continued non-payment for current water service or any payment of arrears by Mr. Holland, Mr. Holland's

---

[3] The Affidavit of Eric Johnson is appended to this Brief as Exhibit "B".

[4] The statutory provisions related to required notices incident to the termination of service are found at 53 P.S. §3102.502(b).

water service has continued uninterrupted.

5. I have reviewed Mr. Holland's petition for civil contempt and permanent injunctive relief as it relates to his contention that JSAJWA did attempt to discontinue his water service on July 9, 2025. This allegation is false insofar as what JSAJWA did do was to request that the Lycoming Regional Police Department advise Mr. Holland to move a vehicle which, upon information and belief, Mr. Holland had positioned to preclude JSAJWA from accessing Mr. Holland's curb stop/water shutoff valve.

6. The Lycoming Regional Police Department was asked to notify Mr. Holland to move his vehicle so that the Authority could gain access to the curb stop/shut off valve which was broken. The purpose of the repair was to ensure that JSAJWA had access to the shut off valve once there had been a judicial determination as to the status of Mr. Holland's delinquency. At that time it was not my intention or the Authority's intention to interrupt Mr. Holland's water service until a subsequent hearing could be scheduled with the Court to adjudicate the issues Mr. Holland had voiced regarding his bills with the Authority.

7. At no time was it my intention to discontinue Mr. Holland's water service until there had been a judicial determination that the charges were due and owing and that Mr. Holland had been provided all the procedural protections to which he is entitled under the Municipal Authorities Act and the Pennsylvania Water Services Act.

8. There will be no termination of Mr. Holland's water service until there has been a judicial determination as to what is due and owing on Mr.

        Holland's account pursuant to §3102.502(b)(2) of the
        Pennsylvania Water Services Act.

(Exhibit "B").

In light of these unrefuted facts of record, Mr. Holland's motion must be denied in its entirety.

**III.   STATEMENT OF THE QUESTIONS PRESENTED**

    **A.   WHETHER HOLLAND'S MOTION FOR CIVIL CONTEMPT MUST BE DENIED BECAUSE HE CANNOT ESTABLISH THAT THERE WAS ANY INTERRUPTION OF HIS WATER SERVICE SUBSEQUENT TO THE ENTRY OF THE JUNE 30, 2025 ORDER DIRECTING THE RE-ESTABLISHMENT OF WATER SERVICE?**

    (Suggested Answer: In the Affirmative)

    **B.   WHETHER HOLLAND'S MOTION FOR PERMANENT INJUNCTIVE RELIEF SHOULD BE DENIED BECAUSE HOLLAND HAS FAILED TO ESTABLISH SUCCESS ON THE MERITS OF HIS CHALLENGE TO THE ACCURACY OF HIS ACCOUNT WITH THE JSAJWA?**

    (Suggested Answer: In the Affirmative)

**IV.   ARGUMENT**

    **A.   HOLLAND'S MOTION FOR CIVIL CONTEMPT MUST BE DENIED BECAUSE HE CANNOT ESTABLISH THAT THERE WAS ANY INTERRUPTION OF HIS WATER SERVICE SUBSEQUENT TO THE ENTRY OF THE JUNE 30, 2025 ORDER DIRECTING THE RE-ESTABLISHMENT OF WATER SERVICE.**

The sworn statement of Eric Johnston, in his capacity as Manager of the JSAJWA establishes that Holland is not entitled to a finding of civil contempt. This is so because immediately upon the conclusion of the June 30, 2025 hearing, Holland's water service was restored and that service has continued uninterrupted ever since (Exhibit "B"). As such, there has been no violation of a Court Order or injunctive relief. As the Third Circuit Court of Appeals explained in <u>U.S. v. Spectro Foods Corp.</u>, 544 F.2d 1175 (3d Cir. 1976):

> [T]he purpose of a civil contempt order is remedial – to coerce compliance with the injunction or recompense a party for losses caused by noncompliance.

544 F.2d at 1182 (footnotes omitted); *accord* <u>U.S. v. United Mine Workers</u>, 330 U.S. 258, 294-95, 91 L.Ed.884, 67 S.Ct. 677 (1947); <u>Latrobe Steel Co. v. United Steelworkers</u>, 545 F.2d 1336, 1345 (3d Cir. 1976).

In light of the fact that Mr. Holland has not alleged any interruption in service, his motion for civil contempt relief should be denied.

    **B.    HOLLAND'S MOTION FOR PERMANENT INJUNCTIVE RELIEF SHOULD BE DENIED BECAUSE HOLLAND HAS FAILED TO ESTABLISH SUCCESS ON THE MERITS OF HIS CHALLENGE TO THE ACCURACY OF HIS ACCOUNT WITH THE JSAJWA.**

With all due respect to Mr. Holland, he is not entitled to a permanent

injunction because he cannot satisfy the requirement that he has prevailed on the merits of his underlying claim. The standard for the entry of a permanent injunction is well-settled:

> "In deciding whether to grant a permanent injunction, the district court must consider whether: (1) the moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest."

Shields v. Zuccarini, 254 F.3d 476, 482 (3d Cir. 2001).

Here, there has been no determination on the merits as to what, if any, relief Mr. Holland is due from the calculation of charges he has accumulated. The JSAJWA has placed of record its position that until Mr. Holland's account is adjudicated in the appropriate forum, his service will continue. Eric Johnston has acknowledged in his Affidavit that Holland will be afforded the opportunity to challenge the appropriateness of the charges he disputes pursuant to the provisions of Section 3102.502(b)(2) of the Water Services Act, 53 P.S. §3102.502(b)(2).[5]

---

[5] 53 P.S. §3102.502(b)(2) provides as follows:

> (2) If during the ten-day period the person liable for payment of the rentals and charges delivers to the water utility authority or municipality supplying water to the premises a written statement under oath or affirmation averring that there is a just defense to all or part of the claim and that the statement was not executed for the purpose of delay, the water supply shall not be shut

Under these circumstances, Holland has failed to satisfy the high threshold which would entitle him to permanent injunctive relief.

## V. CONCLUSION

Based upon the foregoing, Plaintiff's Motion for Civil Contempt and Permanent Injunctive Relief should be denied.

        Respectfully submitted:

        DOUGHERTY, LEVENTHAL & PRICE, L.L.P.

        s/Sean P. McDonough
By: _____
        Sean P. McDonough, Esquire
        Attorney for Defendants Jersey Shore Area
        Jt. Water Authority & Eric S. Johnston
        PA ID# 47428
        459 Wyoming Avenue
        Kingston, PA 18704
        Phone (570) 347-1011 or 570-288-1427
        Fax (570) 347-7028 or 570-288-7099
        smcdonough@dlplaw.com

## CERTIFICATE OF SERVICE

I, SEAN P. McDONOUGH, ESQUIRE, hereby certify that on the 3rd day of September, 2025, I served the foregoing Jersey Shore Defendants' Brief in Opposition to Plaintiff's Motion for Civil Contempt and Permanent Injunctive

---

off until the claim has been judicially determined.

Relief upon the persons indicated below as follows:

Via first class mail, postage prepaid and email transmission

Dion Storm Holland
566 High Street
Jersey Shore, PA 17740
subarudion@gmail.com
(Plaintiff- pro se)

Via electronic filing

Michael J. Crocenzi, Esquire
Sarah L. Doyle, Esquire
100 East Market Street
York, PA 17401
mcrocenzi@barley.com
sdoyle@barley.com
(Counsel for Defendant Tiadaghton Mun. Sewer Authority)

Respectfully submitted,

DOUGHERTY, LEVENTHAL & PRICE, L.L.P.

s/Sean P. McDonough

_____
SEAN P. McDONOUGH, ESQUIRE
Attorney for Defendants Jersey Shore Area Jt.
Water Authority and Eric S. Johnston