# EXHIBIT "B"

# AFFIDAVIT OF ERIC JOHNSTON

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DION STORM HOLLAND | : |
| | : CIVIL NO. 4:25-CV-01323 |
| Plaintiff, | : |
| | : |
| vs. | : (JUDGE DARYL F. BLOOM) |
| | : |
| JERSEY SHORE AREA JOINT | : |
| WATER AUTHORITY, et al. | : |
| | : |
| Defendants: | : (ELECTRONICALLY FILED) |

**AFFIDAVIT**

I, Eric Johnston, hereby verify that the foregoing facts set forth in this Affidavit are true and correct and based on my knowledge and personal information.

1. I am the Manager of Jersey Shore Area Joint Water Authority (JSAJWA). It is my understanding that JSAJWA is governed by the Municipal Authorities Act and not the Public Utility Commission.

1

2. On June 11, 2025, I, along with Chad Marshall, posted a termination notice on the property of Dion Holland which included the statutory notice relating to posting Mr. Holland's property required under the Pennsylvania Water Services Act, 53 P.S. §3102.101, et seq.[1]  Said notice indicated that the water service to Mr. Holland's property was to be terminated on June 20, 2025.

3. Mr. Holland filed a Petition for Preliminary Injunction on June 27, 2025 and I was personally served with that document on Monday, June 30, 2025 along with a notice that a hearing would be conducted in the Court of Common Pleas of Lycoming County on that same date.

4. At the conclusion of the hearing on June 30, 2025, Mr. Holland's water service was restored. Between June 30, 2025 and the present, notwithstanding the continued non-payment for current water service or any payment of arrears by Mr. Holland, Mr. Holland's water service has continued uninterrupted.

5. I have reviewed Mr. Holland's petition for civil contempt and permanent injunctive relief as it relates to his contention that JSAJWA did attempt to discontinue his water service on July 9, 2025. This allegation is false insofar as what JSAJWA did do was to request that the Lycoming Regional Police

---

[1] The statutory provisions related to required notices incident to the termination of service are found at 53 P.S. §3102.502(b).

Department advise Mr. Holland to move a vehicle which, upon information and belief, Mr. Holland had positioned to preclude JSAJWA from accessing Mr. Holland's curb stop/water shutoff valve.

6. The Lycoming Regional Police Department was asked to notify Mr. Holland to move his vehicle so that the Authority could gain access to the curb stop/shut off valve which was broken. The purpose of the repair was to ensure that JSAJWA had access to the shut off valve once there had been a judicial determination as to the status of Mr. Holland's delinquency. At that time it was not my intention or the Authority's intention to interrupt Mr. Holland's water service until a subsequent hearing could be scheduled with the Court to adjudicate the issues Mr. Holland had voiced regarding his bills with the Authority.

7. At no time was it my intention to discontinue Mr. Holland's water service until there had been a judicial determination that the charges were due and owing and that Mr. Holland had been provided all the procedural protections to which he is entitled under the Municipal Authorities Act and the Pennsylvania Water Services Act.

8. There will be no termination of Mr. Holland's water service until there has been a judicial determination as to what is due and owing on Mr. Holland's account pursuant to §3102.502(b)(2) of the Pennsylvania Water Services Act.

I verify and affirm that all of the statements made in the foregoing Affidavit are true and correct to the best of knowledge, information and belief.

Date: 09-03-2025

Eric Johnston

Sworn to and subscribed before me, a Notary Public, this 3rd day of September, 2025.

Notary Public
My commission expires: 04/01/2026

Commonwealth of Pennsylvania - Notary S...
Meredith A. Welshans, Notary Public
Centre County
My commission expires April 1, 2026
Commission number 1282546
Member, Pennsylvania Association of Notaries

4