IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DION STORM HOLLAND, | : |
| Plaintiff, | : Civil Action No. 4:25-CV-01323 |
| v. | : The Honorable Keli M. Neary (JUDGE) |
| | : (MAG. JUDGE CARLSON) |
| JERSEY SHORE AREA JOINT WATER AUTHORITY, | : |
| and | : PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT TIADAGHTON VALLEY MUNICIPAL AUTHORITY BRIEF IN OPPOSITION TO CIVIL CONTEMPT |
| TIADAGHTON VALLEY MUNICIPAL AUTHORITY, ERIC S. JOHNSTON, JOHN DOE 1-5 in their individual capacities, | : |
| Defendants. | : |

**PLAINTIFF'S OPPOSITION TO TIADAGHTON VALLEY MUNICIPAL AUTHORITY'S OPPOSITION TO MOTION FOR CONTEMPT AND PERMANENT INJUNCTIVE RELIEF**

## INTRODUCTION

Defendants continue to treat this Court as if it were a debating club rather than a tribunal charged with enforcing binding orders. TVMA's opposition is built on concealment, contradictions, and bad-faith affidavits prepared long after the fact. None of it excuses their coordinated attempt to violate the June 30, 2025 injunction

and cut off Plaintiff's water despite a medical hardship certificate, ongoing billing disputes, and Rule X's judicial-determination requirement.

TVMA now asks the Court to bless its misconduct by hiding behind Shawn Lorson's belated affidavit and pretending that statutory notice defects do not matter. The record tells a different story: Plaintiff was handed a defective 10-day shutoff notice on his porch immediately after the injunction hearing, duplicate copies were rushed through the mail the same day, and by July 9 agents were back at Plaintiff's property with police in tow, threatening escalation. That is contempt, plain and simple.

## ARGUMENT

I. **The June 30, 2025 Order Remains Binding and Defendants Violated It**.

Judge Carlucci's order expressly barred further termination absent proper statutory notice. Instead of complying, Defendants handed Plaintiff a notice on his porch — not posted as required by their own Rule X — and then scrambled to the post office to mail duplicates. A notice that fails to comply with statutory and regulatory requirements is void. Having already once shut off water unlawfully, Defendants cannot be heard to say they substantially complied.

## II. Defendants' "Judicial Determination" Excuse Is Contradicted by Their Own Conduct.

Manager Eric Johnston swore that police were involved only to secure access for "when" a judicial determination was obtained. That claim is fantasy. At the time, no judicial determination had been sought, let alone obtained. Defendants had not filed an answer, motion, or petition. They simply armed themselves with a defective notice and waited to strike. If Plaintiff had not parked his vehicle over the shutoff valve, the termination would have proceeded on July 9th. The presence of unidentified agents first, followed by police 45 minutes later, proves intent to terminate, not intent to wait for court approval.

## III. TVMA's Candor Failures and Fraud by Omission Doom Their Opposition.

This Court cannot ignore the manner in which TVMA has litigated.

First, Plaintiff twice asked counsel to clarify **Shawn Lorson's** involvement. Counsel denied any role. Months later, TVMA files Lorson's affidavit as if it had never been asked. That is concealment of a material fact. The Third Circuit is clear: **"silence in the face of a duty to speak is itself a form of fraud."** Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 611 (3d Cir. 1995).

Second, on August 11, 2025, Plaintiff notified counsel in writing that "payment," as defined by Black's Law Dictionary, requires satisfaction of a valid obligation. Plaintiff explained that no enforceable contract or bill of exchange had been produced. Counsel never rebutted this — yet repeated to the Court that Plaintiff "failed to pay bills." That is a direct violation of Fed. R. Civ. P. 11(b) and Rule 3.3 of the Pennsylvania Rules of Professional Conduct.

When a party hides the ball and repeats falsehoods after notice, it forfeits any claim to credibility. TVMA's opposition is fatally tainted and must be rejected.

**IV. Statutory Defects in Notice Cannot Be Waved Away.**

The June 30 order conditioned further termination strictly on compliance with statutory procedures. Rule X requires that a termination notice be posted at the premises. Plaintiff's was merely handed to him by an unidentified field worker. That failure renders the notice void. Mailing duplicate copies the next day does not cure the defect. By their own admission, Defendants did not follow the rule. That alone establishes contempt.

**V. Retaliation and Escalation Prove Bad Faith.**

Instead of stepping back after the injunction, Defendants escalated. They issued a new defective notice the same day as the order, mailed duplicates, and by July 9th brought police to Plaintiff's door. Captain Cody Smith confirmed that Defendants

represented only that they "needed access to the shutoff valve" — not that they were performing maintenance, not that they were protecting public health, but that they wanted physical access to Plaintiff's curtilage. That is coercion under **color of law**, not legitimate utility practice.

## VI. Plaintiff Has Demonstrated Actual Harm and Ongoing Risk.

Plaintiff has already suffered the trauma of unlawful shutoff, medical jeopardy, and a retaliatory campaign that coincided with **life-saving** veterinary surgery for his service animal. Defendants' conduct **shocks the conscience**. Johnston's belated assurances that water will not be shut off "until judicial determination" cannot erase what happened. The risk of future termination remains live and substantial, making permanent injunctive relief **necessary**.

## CONCLUSION AND PRAYER FOR RELIEF

Defendants' conduct has been marked by bad faith, contradictory affidavits, and procedural gamesmanship. They rushed from a state-court injunction hearing to manufacture new termination notices, mailed them in violation of their own regulations, and then attempted to weaponize law enforcement under a false pretense of "access" to a shut-off valve. Their affidavits are riddled with inconsistencies: Johnston now claims shutoff would occur only after judicial

determination, while Lorson swears to facts that contradict both the timeline and the record. Such contradictions do not excuse contempt — they prove it.

Plaintiff is not paranoid. But for his protective action of parking his vehicle over the shut-off access, Defendants would have unlawfully terminated essential water service in direct defiance of judicial order, statutory protections, and federal billing error laws. Their narrative that these events were merely routine "maintenance" is implausible, unsupported, and offensive to the record.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

1. **Deny TVMA's Motion to Dismiss Plaintiff's Contempt Petition in its entirety**;

2. **Find that Defendants' conduct constituted contempt of the June 30th, 2025 state-court injunction preserved under 28 U.S.C. § 1450;**

3. **Enter permanent injunctive relief** barring Defendants from further termination or interference with Plaintiff's water service absent full judicial determination in strict compliance with 53 Pa.C.S. § 502(b)(2), Rule X, and all applicable statutes;

4. **Sanction Defendants for their bad-faith litigation tactics**, including contradictory affidavits and omissions designed to mislead the Court; and

5. Grant such other and further relief as this Court deems just and proper to **uphold** the **integrity of its orders** and protect Plaintiff's rights.

Respectfully submitted,

/s/ Dion Storm Holland
Dion Storm Holland, Pro Se
In care of: 566 High Street
Jersey Shore, Pennsylvania 17740
(814) 574-9664
subarudion@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September 2025, I caused a true and correct copy of the foregoing Brief in Opposition of Defendant's (TVMA) Brief in Opposition of Motion to Dismiss Civil Contempt & Permanent Injunctive Relief Doc. 35, Proposed Order and Exhibit A to be served by electronic filing through the Court's CM/ECF system, which constitutes service under Fed. R. Civ. P. 5(b)(2)(D), upon the following counsel of record:

Sean P. McDonough, Esq. (PA I.D. #47428)

Dougherty, Leventhal & Price, LLP

459 Wyoming Avenue

Kingston, PA 18704

E-mail: smcdonough@dlplaw.com


Michael J. Crocenzi, Esq. (PA I.D. #66255)

Barley Snyder

100 East Market Street

York, PA 17401

E-mail: mcrocenzi@barley.com


Sarah L. Doyle, Esq. (PA I.D. #321149)

Barley Snyder

100 East Market Street

York, PA 17401

E-mail: sdoyle@barley.com

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Dion Storm Holland

Dion Storm Holland, Pro Se

In Care of: 566 High Street

Jersey Shore, Pennsylvania 17740

(814) 574-9664 subarudion@gmail.com