IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DION STORM HOLLAND,<br><br>    Plaintiff,<br><br>v.<br><br>JERSEY SHORE AREA JOINT WATER AUTHORITY,<br><br>and<br><br>TIADAGHTON VALLEY MUNICIPAL AUTHORITY, ERIC S. JOHNSTON, JOHN DOE 1-5 in their individual capacities,<br><br>    Defendants. | Civil Action No. 4:25-CV-01323<br><br>The Honorable Keli M. Neary (JUDGE)<br>(MAG. JUDGE CARLSON)<br><br>**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT JERSEY SHORE AREA JOINT WATER AUTHORITY'S BRIEF IN OPPOSITION TO CIVIL CONTEMPT** |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION FOR CONTEMPT AND PERMANENT INJUNCTIVE RELIEF**

**INTRODUCTION**

Defendants' Opposition (Doc. 38) is not a defense; it is damage control. What they have submitted to this Court is riddled with contradictions, phantom billing, and outright misstatements of law. Two affidavits — one from Shawn Lorson (Doc. 35-1) and one from Eric Johnston (Doc. 38-2)— cannot be reconciled with each other, with the record, or with the plain text of 53 P.S. § 3102.502(b)(2).

1

Plaintiff is a Marine Corps veteran trained in reconnaissance, surveillance, and threat detection. He does not speculate about hostile intent — he recognizes it. Defendants' retaliatory conduct, their circling of Plaintiff's residence in municipal vehicles, their concealment of judicial orders from law enforcement, and their coordinated filing of contradictory affidavits prove contempt not as a theory, but as a lived reality.

The June 30th, 2025 injunction from Judge Carlucci was clear: water service was to be restored, and termination barred unless and until statutory procedures were satisfied. Rather than comply, Defendants doubled down — generating defective shutoff notices, timing their "valve repair" story for the 10th day after the injunction, and withholding their true actors from disclosure until months later. This Court cannot allow such gamesmanship cloaked in municipal authority.

## II. DEFENDANTS' CONTRADICTORY AFFIDAVITS DESTROY THEIR CREDIBILITY

**A. Lorson's "Broken Valve" Story (Doc. 35)**

Lorson swore that Defendants' presence was for routine maintenance — a "broken shutoff valve." Yet this narrative did not exist contemporaneously. Plaintiff repeatedly demanded the identity of the individuals that were directly related to

this matter since August 8th; TVMA counsel stayed silent. Only Now, months later, did Lorson appear with a cover story.

**B. Johnston's "Judicial Determination" Story (Doc. 38-2)**

Johnston, by contrast, swore that Defendants were anticipating a "judicial determination of arrears." This is a blatant misstatement of the law. Section 502(b)(2) does not require a determination of "arrears"; it requires a judicial determination of the claim itself before termination. Johnston rewrote the statute to suit his litigation needs. Worse still, his affidavit admits the Authority was preparing for termination — a direct contradiction of Lorson's "valve repair" testimony.

**C. Contradictions Expose Fabrication**

"Broken valve" and "awaiting judicial determination" cannot both be true. The affidavits are irreconcilable. If the valve required repair, Defendants could have contacted Plaintiff, the Court, or law enforcement to explain. They did not. Instead, they returned on July 9th, 2025 — the exact 10th day after the defective June 30th notice — with police in tow, prepared to shut off service in defiance of Judge Carlucci's order.

Courts reject such tactics. Self-serving affidavits contradicted by the record are entitled to no weight. Jiminez v. All American Rathskeller, Inc., 503 F.3d 247, 253

3

(3d Cir. 2007). And "[s]tatements of counsel in their briefs or arguments are not sufficient for a motion to dismiss or for summary judgment." Trinsey v. Pagliaro, 229 F. Supp. 647, 649 (E.D. Pa. 1964). These affidavits are litigation theater — not evidence.

**D. Phantom Billing Confirms Bad Faith**

On June 30th, Defendants appeared in state court with a "phantom bill" manufactured hours earlier by counsel Paul Ryan. Plaintiff immediately objected in open court, testifying no such bill had ever been received. No envelope, no mailing log, no postage. Counsel conjured a document from thin air. That fabrication, combined with contradictory affidavits, confirms a pattern: invent stories after the fact, shift narratives, and hope the Court indulges them.

**E. Quadruple-Barred Conduct**

Even if Defendants' stories were credited (they should not be), termination was barred for four independent reasons:

1. Judicial Order (June 30th, 2025): Directing restoration and prohibiting shutoff absent compliance.

2. 53 P.S. § 3102.502(b)(2): Requiring judicial determination of the claim when a sworn billing dispute is filed. Plaintiff filed exactly that on June 11th.

3. Medical Certificate: A valid physician's certificate barred shutoff. Johnston personally refused to honor it.

4. Rule X (Authority Regulations): Requiring proper mailed and posted notice, which Defendants ignored by handing Plaintiff a defective notice on his porch.

Any one of these bars was sufficient. Together, they are insurmountable. Defendants ignored all four.

## III. DEFENDANTS' CASE LAW IS MISPLACED

Defendants cite Spectro Foods and Latrobe Steel to suggest contempt requires completed interruption. Wrong. Civil contempt punishes attempts to frustrate a court order, even if thwarted. Intl. Union, UMWA v. Bagwell, 512 U.S. 821, 831 (1994). Here, Defendants:

1. Deployed workers and police on July 9th to bypass the injunction;

2. Concealed the injunction from Captain Cody Smith until Plaintiff personally emailed it;

3. Filed contradictory affidavits to mask retaliation.

**That is textbook contempt.**

As for injunction standards, Shields v. Zuccarini, 254 F.3d 476 (3d Cir. 2001), supports Plaintiff. Irreparable harm is proven: medical hardship, emotional distress, emergency veterinary surgery, and continued surveillance of Plaintiff's home. The risk of recurrence is undeniable.

## IV. CONSTITUTIONAL VIOLATIONS CANNOT BE IGNORED

The Supreme Court has made clear that utilities cannot disregard due process and constitutional rights:

> Goldberg v. Kelly, 397 U.S. 254 (1970) — due process requires notice and hearing before deprivation of essential benefits.

> Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1 (1978) — utility service is a protected property interest.

> Murdock v. Pennsylvania, 319 U.S. 105 (1943) — fundamental rights cannot be converted into privileges subject to fees.

Defendants trampled each of these principles. They deprived Plaintiff of water despite a medical certificate, fabricated billing records, and attempted to enforce termination in defiance of Judge Carlucci's order.

## V. CONCLUSION AND PRAYER FOR RELIEF

Defendants' opposition collapses under its own contradictions. Johnston's shifting explanations — from "judicial determination," to "valve repair," to misstating statutory requirements — expose not only unreliability but an anticipatory eagerness to defy judicial authority. Their defective notices, phantom billing, concealment of court orders from police, and campaign of intimidation confirm contempt in action, not in theory.

This Court cannot rely on the word of an official who has already ignored statutory safeguards, due process, and a valid medical certificate. Johnston's affidavit should be afforded no evidentiary weight. Defendants' attempt to reframe retaliation as "maintenance" is litigation theater, not a defense.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. Grant Plaintiff's Motion for Civil Contempt;

2. Enter permanent injunctive relief prohibiting Defendants, including Eric Johnston individually and in his official capacity, from any future termination or interference with Plaintiff's water service absent full judicial determination under 53 P.S. § 3102.502(b)(2), Rule X, and constitutional due process;

3. Strike or disregard Defendants' affidavits (Docs. 35-1 and 38-2) as contradictory and unreliable;

4. Retain jurisdiction to impose sanctions against Defendants, including Johnston personally, for any further violation; and

5. Award Plaintiff such further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Dion Storm Holland
Dion Storm Holland, Pro Se
In care of: 566 High Street
Jersey Shore, Pennsylvania 17740
(814) 574-9664
subarudion@gmail.com