# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DION STORM HOLLAND, | : |
| Plaintiff, | : **Civil Action No.** 4:25-CV-01323 |
| v. | : **The Honorable Keli M. Neary (JUDGE)** |
| JERSEY SHORE AREA JOINT WATER AUTHORITY, | : **(MAG. JUDGE CARLSON)** |
| and | : **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT JERSEY SHORE AREA JOINT WATER AUTHORITY'S BRIEF IN OPPOSITION TO CIVIL CONTEMPT** |
| TIADAGHTON VALLEY MUNICIPAL AUTHORITY, ERIC S. JOHNSTON, JOHN DOE 1-5 in their individual capacities, | : |
| Defendants. | : |

## ORDER

AND NOW, this ___ day of _____, 2025, upon consideration of Plaintiff's Motion for Civil Contempt and Permanent Injunctive Relief, the Court finds as follows:

1. On June 30th, 2025, Judge William Carlucci entered an order in the Court of Common Pleas of Lycoming County directing restoration of Plaintiff's water service and prohibiting further termination absent strict compliance with applicable statutes and regulations.

2. Defendants thereafter engaged in conduct designed to evade or frustrate that order, including issuance of defective notices, withholding material information from law enforcement, and presenting inconsistent explanations through affidavits.

3. Defendant Eric Johnston's sworn statements—alternately claiming service termination would await "judicial determination," then asserting the issue was merely a "valve repair," and later misstating the governing statute—demonstrate a pattern of contradictions, unreliability, and anticipatory intent to violate court directives.

4. The Court concludes that Defendants' actions constitute contempt and that further injunctive relief is required to protect Plaintiff's constitutional and statutory rights.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Civil Contempt is GRANTED.

2. Defendants, their officers, employees, agents, and attorneys are permanently ENJOINED from terminating or interfering with Plaintiff's water service absent:
   a. A full judicial determination of the underlying claim pursuant to 53 P.S. § 3102.502(b)(2);
   b. Compliance with Rule X of the Authority's regulations; and
   c. Strict adherence to all due process and statutory requirements.

3. Defendant Eric Johnston, in both his official and individual capacities, is expressly prohibited from authorizing, directing, or participating in any termination or interference with Plaintiff's water service. Any violation will subject him personally to sanctions, including but not limited to civil contempt penalties, monetary sanctions, and potential referral for further proceedings.

4. Defendants' affidavits (Docs. 35.1 and 38.2) are deemed unreliable and afforded no evidentiary weight to the extent they contradict prior judicial orders or statutory requirements.

5. The Court retains jurisdiction to enforce this Order and to impose additional sanctions as necessary to protect the integrity of its rulings.

BY THE COURT:

_____

J.