# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DION STORM HOLLAND, | : | |
|    Plaintiff, | : | **Civil Action No**. 4:25-CV-01323 |
| | : | |
| v. | : | **The Honorable Keli M. Neary** |
| | | **(JUDGE)** |
| JERSEY SHORE AREA JOINT | : | **(MAG. JUDGE CARLSON)** |
| WATER AUTHORITY, | : | |
| and | : | **PLAINTIFF'S OPPOSITION TO** |
| | : | **DEFENDANT TIMOTHY CONFAIR** |
| TIADAGHTON VALLEY | : | **RESPONSE TO PLAINTIFFS** |
| MUNICIPAL AUTHORITY, | : | **REQUEST FOR ENTRY OF** |
| ERIC S. JOHNSTON, JOHN | : | **DEFAULT** |
| DOE 1-5 in their individual | : | |
| capacities, | : | |
| Defendants. | : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT TIMOTHY CONFAIR'S**

**RESPONSE TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT**

**(DOC. 62)**

1

# I. INTRODUCTION

Defendant Timothy Confair's "Response" (Doc. 62) is a procedurally defective motion disguised as a pleading, riddled with factual misstatements, distortions of precedent, and omissions amounting to bad faith. Counsel seeks to excuse Confair's default by pretending no summons was issued and no appearance was required. The docket proves otherwise.

The Court ordered issuance of summonses (Doc. 15). The Clerk complied (Doc. 16). Plaintiff promptly identified and served Confair and filed proof (Docs. 30, 34, 56). Defense counsel knew of Confair's involvement, yet deliberately withheld an appearance until Plaintiff forced the issue by requesting default (Doc. 60). To make matters worse, Doc. 62 was filed without the certification of concurrence required by Local Rule 7.1.

Default under Rule 55 is mandatory where a party fails to plead or defend. This Court should strike Doc. 62, enter default against Defendant Confair, and consider sanctions against defense counsel for repeated violations of candor and fair dealing.

# II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed an Amended Complaint on August 1, 2025 (Doc. 10), naming Eric Johnston and John Does 1–5.

On August 4, 2025, Plaintiff requested summonses for Johnston and John Does (Doc. 13).

On August 6, 2025, the Court ordered the Clerk to issue summonses (Doc. 15). The Clerk issued them (Doc. 16), albeit with the placeholder "SEE COMPLAINT" instead of individual names.

On August 22, 2025, Plaintiff served Defendant Timothy Confair with summons and complaint, and filed proof of service (Doc. 30).

On September 2, 2025, Plaintiff filed a Notice formally identifying John Doe Defendant as Timothy Confair (Doc. 34). Additional proof of service followed (Doc. 56).

Attorney McDonough entered an appearance for Johnston on August 14, 2025 (Doc. 17) but refused to enter for Confair, despite actual notice.

After Confair failed to plead or defend by his September 12, 2025 deadline, Plaintiff moved for default (Doc. 60).

Only then did counsel file Doc. 62, mischaracterizing the record, invoking inapposite precedent, and omitting the required Rule 7.1 concurrence certification.

3

### III. ARGUMENT

### A. Doc. 62 Violates Local Rule 7.1 and Should Be Stricken

Local Rule 7.1 requires that every motion include a certification of concurrence or nonconcurrence. Though styled as a "Response," Doc. 62 expressly moves the Court to dismiss Plaintiff's request for default, making it a motion in substance. Counsel included no certification.

This omission alone warrants striking Doc. 62. Counsel's disregard for Rule 7.1 mirrors the broader pattern of obstruction that has characterized Defendants' litigation conduct.

### B. The Clerk's Summons Error Does Not Invalidate Service

Counsel's assertion that "no summons was issued" for Confair is false. The Court ordered summonses (Doc. 15), and the Clerk issued them (Doc. 16). The "SEE COMPLAINT" placeholder was a clerical error, not Plaintiff's fault. Plaintiff diligently corrected the defect, served Confair, and filed proof (Docs. 30, 34, 56).

Rule 4(a)(2) makes clear that technical defects in a summons do not void service if the defendant is fairly apprised of the action. See Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1992). Confair received both summons and complaint, and counsel had actual knowledge. The service was valid.

## C. Counsel's Reliance on Garvin Is Misplaced and Misleading

Counsel cites Garvin v. City of Philadelphia, 354 F.3d 215 (3d Cir. 2003), to argue that Plaintiff needed to file a second amended complaint to substitute Confair. That is a distortion.

Garvin concerned a plaintiff who attempted to add a new party after the statute of limitations expired, without prior notice. The Third Circuit held that Rule 15(c) relation back did not save the claim because the new defendant had no timely notice.

This case is different. Plaintiff:

1. Named John Does in the Amended Complaint (Doc. 10);

2. Promptly identified Confair as a John Doe (Doc. 34);

3. Served him with summons and complaint (Docs. 30, 56); and

4. Placed counsel on actual notice.

Unlike Garvin, there is no prejudice, no surprise, and no limitations issue. The applicable authority is Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 200–01 (3d Cir. 2001), which allows substitution where the defendant had notice and shares counsel. Counsel's reliance on Garvin is not just misplaced — it is a misrepresentation.

## D. Counsel's Failure to Enter an Appearance for Confair Was Strategic Bad Faith

Attorney McDonough entered his appearance for Johnston on August 14, 2025 (Doc. 17), before Confair was served. Once Confair was served on August 22, 2025, and notices were filed (Docs. 30, 34, 56), counsel was fully aware of Confair's involvement. Yet he deliberately failed to enter an appearance for Confair, effectively concealing him from the docket until default was sought.

This was not oversight. It was a tactical effort to shield Confair from accountability. Counsel's conduct violates Rule 11(b) and the duty of candor under Model Rule 3.3. As the Supreme Court held in Chambers v. NASCO, Inc., 501 U.S. 32, 44–46 (1991), courts possess inherent authority to sanction attorneys who engage in bad-faith litigation conduct. This Court should consider such sanctions here.

## E. Default Under Rule 55 Is Proper and Necessary

Rule 55(a) mandates entry of default where a defendant "has failed to plead or otherwise defend." Confair was served August 22, 2025. His deadline expired September 12, 2025. No answer or Rule 12 motion was filed.

Counsel's after-the-fact motion cannot retroactively cure default. See United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984) (default

appropriate where no timely defense). Default here is not a matter of discretion — it is the only remedy consistent with the Rules.

## IV. CONCLUSION

Defendant Confair was named, identified, served, and noticed. He failed to plead or defend. Counsel's Response (Doc. 62) is **procedurally defective, legally baseless, and factually misleading.**

Plaintiff respectfully requests that this Court:

**DENY** Defendant Confair's Response (Doc. 62);

**STRIKE** Doc. 62 for failure to comply with Local Rule 7.1;

**DIRECT** the Clerk to enter default against Defendant Timothy Confair pursuant to Fed. R. Civ. P. 55(a); and

**CONSIDER** sanctions under the Court's inherent authority for counsel's bad-faith conduct.

Respectfully submitted,

/s/ Dion Storm Holland
Dion Storm Holland, Pro Se
In care of: 566 High Street
Jersey Shore, Pennsylvania 17740
(814) 574-9664 subarudion@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 18th day of September 2025, I caused a true and correct copy of the foregoing Response in Opposition of Defendant's (Timothy Confair) Response Doc. 62, Exhibit A, & Proposed Order  to be served by electronic filing through the Court's CM/ECF system, which constitutes service under Fed. R. Civ. P. 5(b)(2)(D), upon the following counsel of record:

Sean P. McDonough, Esq. (PA I.D. #47428)

Dougherty, Leventhal & Price, LLP

459 Wyoming Avenue

Kingston, PA 18704

E-mail: smcdonough@dlplaw.com


Michael J. Crocenzi, Esq. (PA I.D. #66255)

Barley Snyder

100 East Market Street

York, PA 17401

E-mail: mcrocenzi@barley.com


Sarah L. Doyle, Esq. (PA I.D. #321149)

Barley Snyder

100 East Market Street

York, PA 17401

E-mail: sdoyle@barley.com

8

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Dion Storm Holland

Dion Storm Holland, Pro Se

In Care of: 566 High Street

Jersey Shore, Pennsylvania 17740

(814) 574-9664 subarudion@gmail.com