# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DION STORM HOLLAND, | : | |
| Plaintiff, | : | **Civil Action No**. 4:25-CV-01323 |
| | : | |
| v. | : | **The Honorable Keli M. Neary (JUDGE)** |
| | : | **(MAG. JUDGE CARLSON)** |
| JERSEY SHORE AREA JOINT WATER AUTHORITY, | : | |
| and | : | **PLAINTIFF'S JUDICIAL NOTICE AND RESPONSE TO DEFENDANTS' MISREPRESENTATIONS** |
| TIADAGHTON VALLEY MUNICIPAL AUTHORITY, ERIC S. JOHNSTON, JOHN DOE 1-5 in their individual capacities, | : | |
| Defendants. | | |

# PLAINTIFF'S JUDICIAL NOTICE AND RESPONSE TO DEFENDANTS' MISREPRESENTATIONS

Plaintiff, appearing pro se, respectfully submits this Judicial Notice pursuant to Fed. R. Evid. 201 and Fed. R. Civ. P. 11, to correct and expose Defendants' and counsel's ongoing misrepresentations regarding the applicability of federal law and Defendants' contractual obligations.

## I. DEFENDANTS' ADMISSIONS IN 2025 PENNVEST CONTRACT

1. On September 4, 2025, the Jersey Shore Area Joint Water Authority

   executed PennVEST Contract No. 12830.

2. In Exhibit G – List of Litigation, Defendants disclosed this exact case,
   stating:

   "A customer has filed a pro se civil rights claim against the Authority as a
   result of the termination of his water service for nonpayment of his water
   bill. The insurance carrier has assumed coverage. The case has been
   removed to federal court."

3. This constitutes a binding admission that:

   a. Defendants are fully aware of this pending federal action;

   b. Defendants' insurance carrier has assumed liability; and

   c. Defendants have acknowledged federal jurisdiction.

4. Any contrary argument by counsel denying applicability of federal statutes,
   jurisdiction, or liability is therefore knowingly false.

## II. TIADAGHTON VALLEY MUNICIPAL AUTHORITY'S CONTRACTUAL OBLIGATIONS

5. Tiadaghton Valley Municipal Authority executed PennVEST Contract No.
71391 on November 20, 2012, continuing through October 1, 2040.

6.     That contract contains the following binding provisions:

- Federal Requirements (pp. 34–36):

   Defendants agreed to comply with Title VI of the Civil Rights Act, Section 504 of the Rehabilitation Act, ADA Title II, Title IX, and Executive Orders.

- Indemnity Clause (p. 48):

   Defendants agreed to "protect, indemnify, defend and hold harmless" against all disputes arising under the Agreement, including those involving guarantors, contractors, or customers.

- Events of Default (pp. 49–50):

   Default occurs upon failure to observe covenants, failure to meet governmental requirements, or impairment of pledged liens. Defendants' noncompliance with ADA, Rehabilitation Act, and Civil Rights statutes places them in continuing contractual default.

- Project Specific Terms & List of Liens (Exhibit A&B):

   Sewer revenues pledged to PennVEST and Jersey Shore State Bank, thereby securitizing customer payments as collateral.

7.     These provisions are binding through 2040 and estop Defendants from denying federal obligations.


## III. FRAUD UPON THE COURT

8.     Counsel Doyle has filed papers denying the applicability of federal law, while Tiadaghton Valley Municipal Authority remains bound under Contract #71391, as outlined above.

9.     Counsel's misrepresentations, in light of these binding contractual admissions, constitute fraud upon the Court.

## IV. NOTICE AND RESERVATION OF RIGHTS

10.     Plaintiff provides Exhibits A–C for Judicial Notice:

- Exhibit A – Federal Requirements, Indemnity Clause, and Events of Default (Contract #71391, Tiadaghton Valley Municipal Authority).

- Exhibit B – List of Liens (Contract #71391).

- Exhibit C – Exhibit G, Litigation Disclosure from PennVEST Contract #12830 (Jersey Shore Area Joint Water Authority, Sept. 4, 2025).

11.     Plaintiff reserves the right to supplement with additional contracts, guaranty agreements, corporate records, and Treasury filings further establishing Defendants' systemic concealment and continuing federal obligations.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court to:

1. Take Judicial Notice of Exhibits A–C.

2. Recognize Defendants' ongoing contractual defaults and binding federal obligations.

3.  Reject as fraudulent any representation by Defendants or counsel denying applicability of federal law.

4.  Consider sanctions under Fed. R. Civ. P. 11 for counsel's misrepresentations.

Respectfully submitted,

/s/ Dion Storm Holland

Dion Storm Holland, Pro Se

In care of: 566 High Street

Jersey Shore, Pennsylvania 17740

(814) 574-9664 subarudion@gmail.com

Date September 20th, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of September 2025, I caused a true and correct copy of the foregoing  Judicial Notice & Response to Defendants' Misrepresentation & Proposed Order to be served by electronic filing through the Court's CM/ECF system, which constitutes service under Fed. R. Civ. P. 5(b)(2)(D), upon the following counsel of record:

Sean P. McDonough, Esq. (PA I.D. #47428)

Dougherty, Leventhal & Price, LLP

459 Wyoming Avenue

Kingston, PA 18704

E-mail: smcdonough@dlplaw.com


Michael J. Crocenzi, Esq. (PA I.D. #66255)

Barley Snyder

100 East Market Street

York, PA 17401

E-mail: mcrocenzi@barley.com


Sarah L. Doyle, Esq. (PA I.D. #321149)

Barley Snyder

100 East Market Street

York, PA 17401

E-mail: sdoyle@barley.com

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Dion Storm Holland

Dion Storm Holland, Pro Se

In Care of: 566 High Street

Jersey Shore, Pennsylvania 17740

(814) 574-9664 subarudion@gmail.com