# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DION STORM HOLLAND | |
| Plaintiff, | |
| v. | Civil Action No. 4:25-cv-01323-DFB |
| JERSEY SHORE AREA JOINT WATER AUTHORITY | The Honorable Daryl F. Bloom |
| and | Electronically Filed |
| TIADAGHTON VALLEY MUNICIPAL AUTHORITY, ERIC JOHNSTON, TIMOTHY CONFAIR, JOHN DOE 1-5 in their individual capacities, | |
| Defendants. | |

## DEFENDANT TVMA'S RESPONSE TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE AND SANCTIONS AND REQUEST TO BE HEARD PURSUANT TO F.R.E. 201(e)

1. On September 20, 2025, Plaintiff filed a document entitled "Plaintiff's Judicial Notice and Response to Defendants' Misrepresentations." (Doc. 66).

2. Plaintiff requests that this Court take judicial notice that federal law applies, that Defendants have federal obligations, and that Defendants receive federal financial assistance, among other things.

3. He attaches various pages of what he alleges are contracts that require Defendants to comply with federal law.

4. Defendant TVMA agrees that federal law applies to certain of Plaintiff's claims in his Amended Complaint, and has not disputed this in its Motion to Dismiss.

5. Further, Defendant TVMA does not oppose the Court taking judicial notice of the existence of PennVEST contract Nos. 71391 and 12830 ("PennVEST Agreements"), as they are public records.

6. However, Defendant TVMA opposes the Court taking judicial notice of assertions of fact in the PennVEST Agreement and Plaintiff's assertions of fact interpreting the PennVEST Agreement.

7. Specifically, Defendant TVMA opposes the Court taking judicial notice that Defendant TVMA is the recipient of federal funds as defined by the Rehabilitation Act.

8. "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

9. By way of background, Defendant TVMA asserts that Plaintiff has failed to plead a claim under the Rehabilitation Act in its Motion to Dismiss.

10. This is because Plaintiff failed to plead whether or not TVMA receives federal financial assistance in his Amended Complaint. To date, the operative

complaint does not contain any allegations that Defendant TVMA receives federal funds. Rather, it merely contains the legal elements of a Rehabilitation Act claim, and a citation to a case that does not exist. (Doc. 10, ¶ 55-56).

    11.    As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

    12.    Defendant TVMA has not yet had an opportunity to develop the record on the question of whether it receives federal financial assistance, and Defendant TVMA's Motion to Dismiss the Rehabilitation Act claim is currently pending because Plaintiff's claim thereunder is legally insufficient. As such, taking judicial notice of facts related to receipt of federal funding at this stage would not be appropriate under F.R.E. 201.

    13.    Defendants will submit to discovery pursuant to the Federal Rules of Civil Procedure regarding questions of fact as to whether it receives federal financial

assistance as defined[1] by the Rehabilitation Act, if Plaintiff is permitted to proceed with his claim thereunder after the ruling on the Motion to Dismiss.

14. Defendant TVMA respectfully requests the opportunity to be heard pursuant to F.R.E. 201(e) regarding this matter, if the Court finds it appropriate.

15. In addition, Plaintiff asserts that undersigned counsel have committed fraud against this Court and requests sanctions pursuant to F.R.C.P. 11.

16. Plaintiff has not followed the procedure set forth in F.R.C.P. 11(c)(2) that requires that the party moving for sanctions to serve a copy of the motion to undersigned counsel and provide at least 21 days for undersigned counsel to correct any violations of F.R.C.P. 11(b) before filing a motion for sanctions.

17. Regardless, there is nothing to correct.

18. As stated above, Defendant TVMA has set forth a Motion to Dismiss for legal insufficiency of a pleading.

19. A Motion to Dismiss does not contain denials or admissions of fact, and in actuality, accepts all facts pled by Plaintiff as true.

---

[1] Whether or not the Defendants are recipients of federal financial assistance implicates questions of fact. Relevant here is whether Defendants are considered "recipients" even though the direct recipient of the federal funds is Pennsylvania, not Defendants. See, *McDonald-Witherspoon v. City of Philadelphia*, 481 F. Supp. 3d 424, 440 (E.D. Pa. 2020), aff'd, No. 21-1019, 2021 WL 6101246 (3d Cir. Dec. 21, 2021); see also 45 CFR §§ 84.2 and 84.10.

20. As such, there have been no denials of fact, much less "fraud upon the Court."

WHEREFORE, Defendant TVMA respectfully requests: that the Plaintiff's request for Judicial Notice be limited in scope to notice of the existence of the above-described PennVEST contracts and to be heard regarding the same, and Plaintiff's request for sanctions be denied.

                          Respectfully submitted,
                          BARLEY SNYDER

By:    /s/ Sarah L. Doyle
Michael J. Crocenzi, Esquire (#66255)
mcrocenzi@barley.com
Sarah L. Doyle, Esquire (#321149)
sdoyle@barley.com
100 East Market Street
York, PA 17401
Telephone (717) 846-8888
*Counsel for Tiadaghton Valley Municipal Authority*

Date: October 3, 2025

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of October, 2025, the foregoing Response to Request for Judicial Notice and Sanctions and Request to be Heard pursuant to F.R.E. 201(e) was electronically filed and available for downloading from the ECF system and, pursuant to Fed. R.C.P. 5(b)(2)(D), such electronic filing constitutes service of the foregoing document on the following parties who have consented to electronic service:

Dion Storm Holland
566 High Street
Jersey Shore, PA  17740
*Pro Se Plaintiff*


Sean P. McDonough, Esquire
Dougherty Leventhal & Price, LLP
459 Wyoming Avenue
Kingston, PA  18704
*Counsel for Defendant Jersey Shore
Area Joint Water Authority and Defendant Eric Johnston*


BARLEY SNYDER

By:     */s/ Sarah L. Doyle*
       Michael J. Crocenzi, Esquire (#66255)
       mcrocenzi@barley.com
       Sarah L. Doyle, Esquire (#321149)
       sdoyle@barley.com
       100 East Market Street
       York, PA  17401
       Telephone (717) 846-8888

13413662.1

*Counsel for Tiadaghton Valley Municipal Authority*

Date:  October 3, 2025

13413662.1