IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DION STORM HOLLAND,<br><br>　Plaintiff,<br><br>v.<br><br>JERSEY SHORE AREA JOINT WATER AUTHORITY,<br><br>and<br><br>TIADAGHTON VALLEY MUNICIPAL AUTHORITY, ERIC S. JOHNSTON, JOHN DOE 1-5 in their individual capacities,<br><br>Defendants. | Civil Action No. 4:25-CV-01323<br><br>The Honorable Keli M. Neary (JUDGE)<br>(MAG. JUDGE CARLSON)<br><br>PLAINTIFF'S REPLY TO DEFEDANT TIADAGHTON MUNICIPAL AUTHORITY'S RESPONSE (DOC. 67) TO PLAINTIFF'S JUDICIAL NOTICE (DOC. 66) |

**PLAINTIFF'S REPLY TO DEFENDANT TIADAGHTON VALLEY MUNICIPAL AUTHORITY'S RESPONSE (DOC. 67) TO PLAINTIFF'S JUDICIAL NOTICE (DOC. 66)**

## I. INTRODUCTION

Plaintiff Dion Storm Holland submits this Reply to correct the record and respond point-by-point to Tiadaghton Valley Municipal Authority's ("TVMA") Response (Doc. 67). TVMA does not—because it cannot—dispute the existence or authenticity of the PennVEST agreements on which Plaintiff relied in (Doc. 66). Instead, counsel attempts to narrow the notice, mischaracterize the

1

pleadings, and accuse Plaintiff of citing a nonexistent case. Those tactics are inaccurate, irrelevant, and should be rejected. The Court should accept Plaintiff's Judicial Notice (Doc. 66) in full, recognize that the PennVEST instruments impose federal obligations, and consider appropriate measures to deter further misrepresentation.

## II. FACTS AND MATERIAL ADMISSIONS

1. TVMA concedes the PennVEST agreements exist and are public records. (Doc. 67 ¶¶ 4–5.)

2. Plaintiff attached pages from PennVEST Contract Nos. 71391 and 12830 and identified provisions mandating compliance with federal law, including indemnity, funding, and lien requirements. Those public records are properly the subject of judicial notice. Fed. R. Evid. 201(b)(2).

3. Plaintiff's Amended Complaint expressly alleges receipt of federal financial assistance. Contrary to TVMA's assertion (Doc. 67 ¶ 10), Paragraphs 55–57 of the Amended Complaint (Doc. 10) specifically plead that Defendants are "public entities and recipients of federal funds" under Title II of the ADA and Section 504 of the Rehabilitation Act. Plaintiff quoted the statute and alleged that "public entities and recipients of federal funds" are prohibited from discriminating against qualified individuals with disabilities. (Doc. 10

¶ 55.) Those allegations satisfy the pleading requirement under Rule 8 and controlling Third Circuit precedent. The PennVEST contracts merely corroborate those existing allegations by demonstrating an established federal funding stream. A motion to dismiss tests legal sufficiency, not proof. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

### III. POINT-BY-POINT RESPONSE

1. **TVMA admits the PennVEST agreements exist—judicial notice is proper.**

   TVMA explicitly concedes that the PennVEST contracts exist and are public records (Doc. 67 ¶ 5). Where a party admits the existence of a public instrument and the instrument is a matter of public record, judicial notice is proper. Fed. R. Evid. 201(b)(2); *South Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). TVMA's attempt to limit judicial notice to "existence" while disputing all facts that flow from those documents is both artificial and improper: a court may take notice of a public instrument and then evaluate the legal effect of its terms. Defendant's reliance on *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988 (9th Cir. 2018), is misplaced. Khoja addressed whether a court may take judicial notice of disputed factual assertions in SEC filings during a securities-fraud motion to dismiss—an entirely different context. It has no

bearing on government-issued loan agreements or public records whose legal effect is clear and undisputed. Courts within the Third Circuit routinely take judicial notice of public contracts and the legal obligations they impose. South Cross, 181 F.3d at 426. The PennVEST agreements are government instruments whose accuracy "cannot reasonably be questioned" under Fed. R. Evid. 201(b)(2). Defense counsel's effort to import a Ninth Circuit securities precedent into a Pennsylvania municipal-funding dispute only underscores the lack of any controlling authority supporting their position.

**2. Plaintiff adequately pleaded receipt of federal funds.**

TVMA's claim that Plaintiff "failed to plead" receipt of federal funds (Doc. 67 ¶ 10) misrepresents the record. As shown in Paragraph 55 of the Amended Complaint, Plaintiff explicitly alleged that Defendants are "recipients of federal funds" subject to the ADA and Rehabilitation Act.

Those allegations must be accepted as true at this stage. **Fowler v. UPMC Shadyside**, 578 F.3d 203, 210–11 (3d Cir. 2009).

Defendants' own authority confirms that this issue is factual, not grounds for dismissal. In **McDonald-Witherspoon v. City of Philadelphia**, 481 F. Supp. 3d 424, 440 (E.D. Pa. 2020), aff'd, 2021 WL 6101246 (3d Cir. Dec. 21, 2021), the court held that § 504 liability extends to both direct and indirect recipients of

4

federal financial assistance and that "recipient status" presents a question of fact for further development. Here, the PennVEST agreements already demonstrate that Defendants participate in federally financed programs—making judicial notice both proper and necessary to corroborate those pleaded facts.

The PennVEST agreements confirm that the municipal authorities operate under federally financed programs—further evidence supporting judicial notice.

### 3. The Ziegler precedent confirms water authorities act under color of law—and this case presents more severe violations.

TVMA's accusation that Plaintiff cited a "nonexistent case" is false. Plaintiff's reference was intended to cite **_Ziegler v. Reading Area Water Authority_**, No. 1060 C.D. 2013 (Pa. Cmwlth. Jan. 24, 2014), a publicly available Commonwealth Court decision directly on point. In Ziegler, the Court held that a water authority acted under color of state law and was required to provide due process before terminating essential water service.

The parallels are unmistakable—except that Defendants' conduct here is worse. Unlike in Ziegler, where the violation was procedural, TVMA and JSAJWA ignored statutory notice, refused to honor a valid ADA medical certificate, entered private property, and enlisted armed law enforcement to carry out the

shutoff. These actions intensify the constitutional violations and confirm that Defendants acted under color of law.

Any earlier citation error ("639 F.3d 615,622 (3d Cir. 2011)") in Doc. 10 was purely clerical and is now corrected.[1] Courts routinely excuse such mistakes from pro se litigants once corrected and supported by the correct controlling authority. **_Haines v. Kerner_**, 404 U.S. 519, 520–21 (1972).

**4. Judicial notice of the contracts' legal effects is appropriate.**

Fed. R. Evid. 201 allows judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

The PennVEST contracts are official state-issued financial instruments that set forth federally imposed obligations.

Because TVMA concedes their authenticity, judicial notice should extend to both the documents and their legal implications.

Defendants' request for an evidentiary hearing under F.R.E. 201(e) is unnecessary. That rule merely ensures a party's opportunity to be heard, which

---

[1] Plaintiff acknowledges that Doc. 10, ¶55, inadvertently referenced "639 F.3d 615,622 (3d Cir. 2011)" instead of the correct citation **_Ziegler v. Reading Area Water Authority_**, No. 1060 C.D. 2013 (Pa. Cmwlth. Jan. 24, 2014). This correction is now made on the record.

Defendants have already exercised through Doc. 67. No further hearing is required.

**5. Plaintiff's request for the Court to consider sanctions is proper.**

Plaintiff did not move for sanctions under Rule 11 but requested that the Court exercise its inherent authority to address bad-faith filings and misrepresentations. ***Chambers v. NASCO, Inc.***, 501 U.S. 32, 43–46 (1991).

If the Court prefers formal Rule 11 compliance, Plaintiff will promptly serve notice consistent with Rule 11(c)(2).

### IV. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court:

1. Accept Plaintiff's Judicial Notice (Doc. 66) in full;

2. Acknowledge that PennVEST Contract Nos. 71391 and 12830 are public documents imposing federal obligations relevant to Plaintiff's ADA and Rehabilitation Act claims;

3. Reject Defendants' attempt to limit judicial notice to mere "existence" and recognize the contracts' legal import;

4. Take judicial notice of ***Ziegler v. Reading Area Water Authority,*** No. 1060 C.D. 2013 (Pa. Cmwlth. Jan. 24, 2014), confirming that Pennsylvania water authorities act under color of state law; and

5. Consider whether counsel's repeated misrepresentations warrant measures under the Court's inherent authority, or alternatively grant Plaintiff leave to pursue Rule 11 relief following proper notice.

Respectfully submitted,
/s/ Dion Storm Holland
Dion Storm Holland, Pro Se
In care of: 566 High Street
Jersey Shore, Pennsylvania 17740
(814) 574-9664 subarudion@gmail.com
Date: October 7th, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of October 2025, I caused a true and correct copy of the foregoing PLAINTIFF'S REPLY TO DEFENDANT TIADAGHTON VALLEY MUNICIPAL AUTHORITY'S RESPONSE (DOC. 67) TO PLAINTIFF'S JUDICIAL NOTICE (DOC. 66) to be served by electronic filing through the Court's CM/ECF system, which constitutes service under Fed. R. Civ. P. 5(b)(2)(D), upon the following counsel of record:

Sean P. McDonough, Esq. (PA I.D. #47428)

Dougherty, Leventhal & Price, LLP

459 Wyoming Avenue

Kingston, PA 18704

E-mail: smcdonough@dlplaw.com


Michael J. Crocenzi, Esq. (PA I.D. #66255)

Barley Snyder

100 East Market Street

York, PA 17401

E-mail: mcrocenzi@barley.com


Sarah L. Doyle, Esq. (PA I.D. #321149)

Barley Snyder

100 East Market Street

York, PA 17401

E-mail: sdoyle@barley.com

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Dion Storm Holland

Dion Storm Holland, Pro Se

In Care of: 566 High Street

Jersey Shore, Pennsylvania 17740

(814) 574-9664 subarudion@gmail.com