## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DION STORM HOLLAND,** | : | **Civil No. 4:25-CV-1323** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Neary)** |
| **v.** | : | |
| | : | |
| **JERSEY SHORE AREA JOINT** | : | |
| **WATER AUTHORITY, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendant.** | : | |

## <u>REPORT AND RECOMMENDATION</u>

### I.    <u>Factual and Procedural Background</u>

This case comes before us for consideration of a motion filed by the *pro se* plaintiff which seeks to hold the defendants in contempt of a preliminary injunction entered at the inception of this litigation. (Doc. 21). With respect to this contempt motion, the pertinent facts can be simply stated:

The plaintiff, who is proceeding *pro se*, commenced this action by filing a complaint in state court which was later removed by the defendants to federal court. (Doc. 1). In his complaint, Holland, who describes himself, as "a disabled veteran and non-citizen national," alleged in part that the defendants were violating his civil rights by threatening to cut off his water service without notice or an opportunity to be heard. (Doc. 1-2).

1

On June 30, 2025, prior to the removal of this case to federal court, the state court entered a preliminary injunction which required the defendants to restore Holland's water service and directed that the defendants provide Holland with ten days written notice prior to taking any steps to terminate his service in the future. (Doc. 38-1 at 3). Following the removal of this case to federal court, Holland then filed the instant motion seeking to hold the defendants in contempt for allegedly violating this injunction. (Doc. 21). Holland's motion was inspired by a request he had received to move one of his vehicles to allow authorities to gain access to a water shut off valve near his home. Holland construed this action as a prelude to a contumacious termination of his water service. The defendants have responded to this motion by explaining that they made this request in order to perform maintenance. Thus, the motion is fully briefed and is, therefore, ripe for resolution.

As discussed below, the parties' submissions reveal a remarkable, and undisputed, fact which is fatal to Holland motion for contempt sanctions. While Holland seeks to hold the defendants in contempt for allegedly violating the June 30, 2025, state court preliminary injunction which enjoined them from terminating his water service without reasonable notice, in fact it seems completely uncontested that Holland's water service has *not* been interrupted. In our view, in the absence of some unjustified curtailing of this water service, there simply is no contumacious conduct

by the defendants. Therefore, this motion for contempt sanctions, (Doc. 21), should be denied.

## II.    Discussion

The elements which a movant like Holland must prove to sustain a contempt citation are well-settled. "A plaintiff must prove three elements by clear and convincing evidence to establish that a party is liable for civil contempt: (1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." Marshak v. Treadwell, 595 F.3d 478, 485 (3d Cir. 2009).

In this case, there is no dispute as to any of these elements.

At the outset, it is entirely clear that there was a valid court order; specifically, the June 30, 2025, preliminary injunction entered by the state court which required the defendants to restore Holland's water service and directed that the defendants provide Holland with ten days written notice prior to taking any steps to terminate his service in the future. (Doc. 38-1 at 3). This state court injunction is still unquestionably a valid court order since, by statute: "Whenever any action is removed from a State court to a district court of the United States, . . . .All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. Therefore, the first element of a contempt citation is satisfied here.

3

Likewise, it is entirely beyond dispute that the defendants had knowledge of this order. Accordingly, the second element of civil contempt is also met in this case.

Where Holland's contempt motion fails, however, is on the third element of civil contempt—a showing that the order has been disobeyed. With respect to this critical element, the defendants aver without contradiction by Holland that they have not terminated, interrupted or curtailed his water service. Instead, what appears to have motivated Holland to file this motion was a misapprehension. It seems that Mr. Holland was asked to move a vehicle so water authorities could perform some repairs on the curb stop/shut off valve at his property. (Doc. 38-2 ¶ 6). Mr. Holland construed these actions as preparatory to a denial of water service; but they were not. Instead, all indications are that this water service has continued without interruption.

This stubborn but uncontested fact is fatal to Holland's contempt motion. A straightforward reading of the state court injunction reveals that this order would only be violated if Holland's water service was terminated without proper notice. This has not occurred and there is no indication that it will imminently take place. Therefore, we should decline Holland's request to cite these defendants for contempt.

Finally, to the extent that Holland urges us to enter some form of permanent injunction, at this juncture this form of relief would be both premature and unnecessary. On this score, "in seeking a permanent injunction, '[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that the remedies

4

available at law, such as monetary damages, prove inadequate to compensate for that injury; (3) that the balance of hardships between the plaintiff and defendant favor equitable relief; and (4) 'that the public interest would not be disserved by a permanent injunction.'" Chanel, Inc. v. Matos, 133 F. Supp. 3d 678, 689 (D.N.J. 2015) (quoting eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006)).

In the instant case, Holland's request for a permanent injunction is premature since the parties are still litigating the legal sufficiency of his claims and the plaintiff is seeking to amend his complaint. Until these threshold issues are resolved it is impossible to assess whether Holland has suffered an irreparable injury which cannot be adequately addressed through other legal remedies. Moreover, given the existing preliminary injunction, which preserves Holland's access to water service, further extraordinary equitable relief is unnecessary at this time.

## III.  **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion for contempt, (Doc. 21), be DENIED.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file

with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Submitted this 21st day of January 2026.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
