## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DION STORM HOLLAND

              Plaintiff,

      v.

JERSEY SHORE AREA JOINT
WATER AUTHORITY,

TIADAGHTON VALLEY
MUNICIPAL AUTHORITY,

ERIC JOHNSTON,

TIMOTHY CONFAIR,

and

JOHN DOE 1-5 in their individual
capacities,

              Defendants.

Civil Action No. 4:25-cv-01323-DFB

The Honorable Daryl F. Bloom

Electronically Filed

---

### DEFENDANT'S BRIEF IN SUPPORT OF
### MOTION TO DISMISS SECOND AMENDED COMPLAINT

BARLEY SNYDER

Michael J. Crocenzi, Esquire (#66255)
mcrocenzi@barley.com
Sarah L. Doyle, Esquire (#321149)
sdoyle@barley.com
100 East Market Street
York, PA  17401
Telephone (717) 846-8888
*Counsel for Tiadaghton Valley Municipal Authority*

Date: February 17, 2026

# **TABLE OF CONTENTS**

Procedural and Factual History.................................................................1

Questions Involved ....................................................................................2

Argument....................................................................................................5

    I.     Plaintiff's Claims at Count I related to Procedural Due Process and 42 U.S.C. § 1983 against TVMA are legally insufficient and should be dismissed ..........................................................................................6

          A.    Plaintiff fails to set forth a policy or custom of TVMA's that violated federal law....................................................................7

          B.    Plaintiff admits that there are amounts owed to Defendants. .....7

          C.    Plaintiff was afforded due process..............................................9

          D.    Any procedural irregularities do not establish a failure to supervise or train such that damages are recoverable under §1983....................................................................................11

    II.    Plaintiff's Claims pursuant to the Fourth Amendment and 42 U.S.C. § 1983 at Count IV against TVMA ARE legally insufficient and should be dismissed................................................................................14

    III.   Motion to Dismiss – Plaintiff's Claims pursuant to the Fifth Amendment and 42 U.S.C. § 1983 at Count V against TVMA ARE legally insufficient and should be dismissed........................................17

    IV.   Plaintiff's Claims pursuant to the Constitution of the Commonwealth of Pennsylvania at Count VI against TVMA ARE legally insufficient and should be dismissed ....................................................................19

    V.    Plaintiff's Claims pursuant to 42 U.S.C. § 1985 (Civil Conspiracy) at Count VII against TVMA ARE legally insufficient and should be dismissed ..........................................................................................21

    VI.   Plaintiff's Claim of Fraudulent Misrepresentation at Count VIII against TVMA IS legally insufficient and should be dismissed.........22

    VII.  Plaintiff's Claim of Unjust Enrichment and Rescission at Count IX against TVMA IS legally insufficient and should be dismissed.........23

    VIII. Plaintiff's Claims pursuant to the Unfair Trade Practices and Consumer Protection Law (UTPCL) at Count X against TVMA ARE legally insufficient and should be dismissed......................................24

IX.     Plaintiff's Claim of Intentional Infliction of Emotional Distress at
        Count XI against TVMA IS legally insufficient and should be
        dismissed ...........................................................................................25

X.      Plaintiff's Claim of Breach of Fiduciary Duty at Count XII against
        TVMA IS legally insufficient and should be dismissed ....................27

XI.     Plaintiff's Claims for Injunctive and Declaratory Relief against
        TVMA ARE legally insufficient and should be dismissed................28

XII.    Plaintiff's Claims for Punitive Damages against TVMA ARE legally
        insufficient and should be dismissed....................................................29

CONCLUSION ........................................................................................30

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bell Atlantic Corp v. Twombly*,
   550 U.S. 544 (S. Ct. 2007)..............................................................................5

*Camara v. Mun. Ct. of City & Cnty. of San Francisco*,
   387 U.S. 523, 87 S. Ct. 1727, 18 L. Ed. 2d 930 (1967) ...........................16, 17

*City of Newport v. Fact Concerts, Inc.*,
   453 U.S. 247 (S. Ct. 1981)............................................................................29

*Collins v. City of Harker Heights, Tex.*,
   503 U.S. 115 (S. Ct. 1992)............................................................................20

*Connick v. Thompson*,
   563 U.S. (S. Ct. 2011)..................................................................................12

*Corliss v. O'Brien*,
   200 F. App'x 80 (3d Cir. 2006) ....................................................................29

*Dunmore Sch. Dist. v. Pennsylvania Interscholastic Athletic Ass'n*,
   505 F. Supp. 3d 447 (M.D. Pa. 2020)..........................................................6, 8

*Elliott v. Pennsylvania Interscholastic Athletic Assoc.*,
   No. 3:19-CV-01934, 2022 WL 987887 (M.D. Pa. Mar. 31, 2022)..................13

*Farber v. City of Paterson*,
   440 F.3d 131 (3d Cir. 2006) ....................................................................21, 22

*Feingold v. Se. Pennsylvania Transp. Auth.*,
   488 A.2d 284 (Pa. Super. 1985), aff'd, 517 A.2d 1270 (Pa. 1986)..................29

*Forrest v. Parry*,
   930 F.3d (3d Cir. 2019) ............................................................................12, 13

*Frates v. City of Great Falls*,
   568 F. Supp. 1330 (D. Mont. 1983), *aff'd in part, remanded in
   part,* 732 F.2d 163 (9th Cir. 1984)...........................................................16, 17

**Page(s)**

*Gagliardi v. Clark*,
   No. CIV A 06-20, 2006 WL 2847409 (W.D. Pa. Sept. 28,
   2006)(attached to TVMA's Motion to Dismiss as Appendix A) ................14, 15

*Great Am. Fed. Sav. & Loan Ass'n v. Novotny*,
   442 U.S. 366 (1979)...........................................................................21

*Hoy v. Angelone*,
   720 A.2d 745 (Pa. 1998)..............................................................25, 26

*Indep. Blue Cross v. Pennsylvania Ins. Dep't*,
   802 A.2d 715 (Pa. Commw. Ct. 2002) ................................................28

*Jones v. City of Philadelphia*,
   890 A.2d 1188 (Pa. Commw. Ct. 2006) ..............................................19

*Keenheel v. Com., Pennsylvania Sec. Comm'n*,
   579 A.2d 1358 (Pa. Cmwlth. 1990)...................................................24

*Lackner v. Glosser*,
   892 A.2d 21 (Pa. Super. 2006) ........................................................23

*Loomis v. Montrose Borough Police Dep't*,
   No. 3:20-CV-1610, 2021 WL 2865290 (M.D. Pa. July 8, 2021)......................12

*Lucas v. S.C. Coastal Council*,
   505 U.S. 1003 (S. Ct. 1992).............................................................18

*Marshall v. United States*,
   422 F.2d 185 (5th Cir. 1970) ............................................................15

*Martinez v. City of Reading Prop. Maint. Div.*,
   No. CV 16-1290, 2017 WL 4347667 (E.D. Pa. Sept. 29, 2017)......................15

*Matarazzo v. Millers Mut. Grp., Inc.*,
   927 A.2d 689 (Pa. Commw. Ct. 2007) ................................................27

*McDaniels v. Flick*,
   59 F.3d 446 (3d Cir. 1995) .................................................................9

**Page(s)**

*Meyer v. Cmty. Coll. of Beaver Cnty.*,
  93 A.3d 806 (Pa. 2014)....................................................................24

*Monell v. Dep't of Soc. Servs. of City of New York*,
  436 U.S. 658 (S. Ct. 1978)..............................................4, 7, 12, 14

*One Three Five, Inc. v. City of Pittsburgh*,
  951 F. Supp. 2d 788 (W.D. Pa. 2013)...............................................20

*Penn Central Transp. Co. v. New York City*,
  438 U.S. 104 ( S. Ct. 1978)........................................................17, 18

*Pension Benefit Guar. Corp. v. White Consol. Indus.*,
  998 F.2d 1192 (3d Cir. 1993) ............................................................5

*Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*,
  442 F. App'x 681 (3d Cir. 2011) ......................................................19

*Port Auth. v. Arcadian Corp.*,
  189 F.3d 305 (3d Cir. 1999) ..............................................................5

*Ransom v. Marrazzo*,
  848 F.2d 398 (3d Cir. 1988) ...........................................................8, 9

*Rogan v. Giant Eagle, Inc.*,
  113 F. Supp.2d 777 (W.D. Pa. 2000)..................................................5

*Estate of Roman v. City of Newark*,
  914 F.3d (3d Cir. 2019) ...................................................................11

*Snyder v. Crusader Servicing Corp.*,
  231 A.3d 20 (Pa. Super. 2020) ........................................................27

*Soldal v. Cook County, Ill.*,
  506 U.S. 56 (S. Ct. 1992)..................................................................14

*Thomas v. Cumberland County*,
  749 F.3d (3d. Cir. 2014) ............................................................12, 13

*Tulio v. Borough*,
  No. 23-1644, 2023 WL 8711822 (3d Cir. Dec. 18, 2023) .................17

**Page(s)**

*Tulio v. Lansdale Borough*,
    660 F. Supp. 3d 368 (E.D. Pa. 2023) ...................................................17, 18, 19

*United States v. Com. of Pa., Dep't of Env't Res.*,
    923 F.2d 1071 (3d Cir. 1991) ...............................................................................28

*United States v. Jones*,
    565 U.S. 400 (S. Ct. 2012)....................................................................................15

*United States v. Katzin*,
    769 F.3d 163 (3d Cir. 2014) .................................................................................16

*Zinermon v. Burch*,
    494 U.S. 113 (S. Ct. 1990)................................................................................9, 10

**Statutes**

53 P.S. § 3102.502 ....................................................................................10, 26

53 P.S. § 7101 et seq. ....................................................................................17

53 Pa.C.S.A. § 5607(d)(17) ............................................................................23

42 U.S.C. § 1983 ...................................................................................*passim*

42 U.S.C. § 1985 ...............................................................................3, 21, 22

**Other Authorities**

Fed. R.C.P. 5(b)(2)(D) .....................................................................................31

Fed. R. Civ. P. 8(a)(2) ......................................................................................5

Fed. R.C.P. 12(b)(6).................................................................................1, 5, 30

## Procedural and Factual History

Plaintiff Dion Storm Holland ("Plaintiff") filed his Complaint on or about June 27, 2025 in the Court of Common Pleas for Lycoming County, Pennsylvania. In the Complaint, Plaintiff makes several claims related to the shut off of his water service at his residence. On July 21, 2025, Defendants Tiadaghton Valley Municipal Authority ("TVMA"), and the Jersey Shore Area Joint Water Authority ("JSAJWA") filed a Notice of Removal to the United States District Court for the Middle District of Pennsylvania and, thereafter, Motions to Dismiss. Plaintiff filed an Amended Complaint on August 1, 2025, adding Eric Johnston and John Does 1-5 as defendants. On August 15, 2025, TVMA filed a renewed Motion to Dismiss pursuant to Rule 12(b)(6) due to the legal insufficiency of Plaintiff's claims.

Plaintiff thereafter entered default judgment against a Doe Defendant, which had been identified as Timothy Confair, and which Defendants opposed. On January 7, 2026, this Court entered an order striking the default judgment and ordering the Plaintiff to file a Motion to Amend his Complaint to add Timothy Confair. Thereafter, Plaintiff filed a Motion to Amend his Complaint on January 14, 2026. On January 21, 2026, this Court granted Plaintiff's Motion and the Second Amended Complaint was filed. Defendant TVMA now files this Motion to Dismiss Counts I and IV through XIII of the Second Amended Complaint and certain requests for relief.

1

## Questions Involved

1.  When Plaintiff fails to set forth a policy or custom of TVMA that violates federal law, Plaintiff admits that amounts are owed to Defendants for water and sewer services, and Plaintiff had actual notice of the impending shutoff, and availed himself of post-deprivation procedure, should Plaintiff's procedural due process claim be dismissed?

    Suggested Answer: Yes.

2.  When access to a utility is not considered a "personal effect" protected by the Fourth Amendment, and no search occurred, should Plaintiff's Fourth Amendment claim be dismissed?

    Suggested Answer: Yes.

3.  When no physical taking or regulatory taking occurred, should Plaintiff's Fifth Amendment claim be dismissed?

    Suggested Answer: Yes.

4.  When relief under 42 U.S.C. § 1983 can only be obtained for violations of federal law, Plaintiff's federal law claims are duplicative of his claims under the Pennsylvania Constitution, and Pennsylvania has no right to sue based on the Pennsylvania Constitution alone, should Plaintiff's State constitutional claims be dismissed?

    Suggested Answer: Yes.

2

5. When Plaintiff has not established a constitutional violation, should Plaintiff's 42 U.S.C. § 1985 civil conspiracy claim be dismissed?

    Suggested Answer: Yes.

6. When Defendants are immune from tort liability pursuant to the Political Subdivision Tort Claims Act, and there is no exception for Plaintiff's claims, should Plaintiff's fraudulent misrepresentation claim be dismissed?

    Suggested Answer: Yes.

7. When the imposition of fees for shutoff and reconnection were not unconscionable, Defendants received no benefit in exchange for Plaintiff's veterinary bills, and Plaintiff cannot return the water and sewer service he received in order to effect rescission of the contract, should Plaintiff's unjust enrichment and rescission claims be dismissed?

    Suggested Answer: Yes.

8. When the Unfair Trade Practices and Consumer Protection Law (UTPCPL) does not apply to political subdivisions like Defendants, should Plaintiff's UTPCPL claim be dismissed?

    Suggested Answer: Yes.

9. When Defendants are immune from tort claims pursuant to the Political Subdivision Tort Claims Act, and when Plaintiff has failed to set forth facts

so extreme and outrageous to rise to the level of intentional infliction of emotional distress (IIED), should Plaintiff's IIED claim be dismissed?

    Suggested Answer: Yes.

10. When Defendants are immune from tort claims pursuant to the Political Subdivision Tort Claims Act, should Plaintiff's breach of fiduciary duty claim be dismissed?

    Suggested Answer: Yes.

11. When Plaintiff has not set forth a pattern of similar constitutional violations by untrained employees or a single incident that makes it likely that a constitutional violation will occur again, should Plaintiff's *Monell* claim for failure to supervise be dismissed?

    Suggested Answer: Yes.

12. When there is no controversy that warrants injunctive relief, and when Plaintiff only seeks declaratory judgment to adjudicate past conduct, should Plaintiff's injunctive and declaratory relief requests be dismissed?

    Suggested Answer: Yes.

13. When punitive damages are not available against municipal defendants, should Plaintiff's request for punitive damages be dismissed?

    Suggested Answer: Yes.

## **Argument**

A Rule 12(b)(6) motion tests the sufficiency of the complaint's allegations. A complaint need only contain a short and plain statement of the facts demonstrating the plaintiff's entitlement to relief. *See* Fed. R. Civ. P. 8(a)(2). The complaint's factual allegations, however, "must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 545 (S. Ct. 2007).

The rule is designed to screen out cases when "a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted. . . ." *Port Auth. v. Arcadian Corp.*, 189 F.3d 305, 312 (3d Cir. 1999) (internal quotations and citations omitted). When analyzing a 12(b)(6) motion, courts consider the allegations contained in the complaint, exhibits attached to the complaint, and public records of which the court may take judicial notice. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Rogan v. Giant Eagle, Inc.*, 113 F. Supp.2d 777, 782 (W.D. Pa. 2000) (holding that a court may consider, among other documents, an EEOC charge of discrimination without converting a motion to dismiss into a motion for summary judgment).

Here, based on application of federal and Pennsylvania law, Plaintiff's claims are legally insufficient and there is no right to relief.

## I.     PLAINTIFF'S CLAIMS AT COUNT I RELATED TO PROCEDURAL DUE PROCESS AND 42 U.S.C. § 1983 AGAINST TVMA ARE LEGALLY INSUFFICIENT AND SHOULD BE DISMISSED

Plaintiff sets forth an allegation that his right to procedural due process was violated and he seeks redress pursuant to 42 U.S.C. § 1983.

"To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law." *Dunmore Sch. Dist. v. Pennsylvania Interscholastic Athletic Ass'n*, 505 F. Supp. 3d 447, 459 (M.D. Pa. 2020).

When the defendant in a § 1983 action is a local government, there are additional requirements that a plaintiff must satisfy and that the court must consider. Namely, the plaintiff must show that there is a policy or custom that caused his injuries, and further, there must be a balancing of the government's interests against the risk and type of deprivation. Alternatively, the plaintiff may allege a failure to train or supervise as the basis for relief. Here, plaintiff fails to set forth any of these requirements.

A.    <u>Plaintiff fails to set forth a policy or custom of TVMA's that violated federal law.</u>

"…[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (S. Ct. 1978)(emphasis added).

Importantly, Plaintiff does not set forth a policy or custom of TVMA that violated the law. Plaintiff only cites to JSAJWA's rules and regulations. The Amended Complaint is devoid of allegations related to TVMA's rules or customs. Further, he does not contend that JSAJWA's policy regarding water shutoff is inherently violative of his rights, nor does he allege an unlawful custom. Rather, he asserts that the act of shutting off his water actually violated the JSAJWA's rules. As such, Plaintiff has failed to set forth a policy or custom that caused his alleged injuries, and therefore his § 1983 claim should be dismissed for failure to state a claim.

B.    <u>Plaintiff admits that there are amounts owed to Defendants.</u>

Even if this Court were to find that Plaintiff set forth requisite facts to establish a policy or custom that caused his alleged injuries, Plaintiff's claim still must fail.

7

Regarding the first prong set forth in *Dunmore, supra*, receipt of water service is a cognizable state law property interest. "As a constitutionally cognizable state law property interest, the interest in receiving water service is subject to the tri-partite balancing analysis of 1) the property interest, 2) the risk of erroneous deprivation, and 3) the government's interest… for a determination of what procedural safeguards are due." *Ransom v. Marrazzo*, 848 F.2d 398, 409 (3d Cir. 1988). The Court in *Ransom* goes on to analyze the tri-partite test, finding that, "Although the private interest in receiving water and sewer service is strong, so too is the [government's] interest in recovering the costs of providing service." *Id*. at 410-411

The Third Circuit in *Ransom* found that, "no particular risk of erroneous deprivation of service due to inadequate notice was posed by [the government] because, as a substantive matter, it is not error to deprive service to property where unpaid services have been rendered." *Id*.

In *Ransom*, residents of the City of Philadelphia alleged due process and equal protection claims when they were denied water and sewer service until they paid delinquent services charges incurred by prior occupants of the residences. *Id*. at 401. During the pendency of the lawsuit, the City issued regulations indicating that the Water Department was authorized to deprive premises of service ten days after a customer is delinquent for two billing periods. The Court found that the regulations provided constitutionally adequate notice that a delinquent resident could have their

property interest deprived. *Id*. at 410. Here, JSAWSA's regulations contain similar language, thus satisfying the issue of constitutionally adequate notice of shutoff.

Further, the Court in Ransom analyzed whether, in the absence of regulations, a shutoff would create a procedural due process violation. *Id*. at 410-411. The Court found that it would not cause a violation because it is not error to deprive service to a property where unpaid services have been rendered, and where the resident does not contend that the bills were unpaid. *Id*. Here, Plaintiff does not contend that he paid his bills. To the contrary, he asserts that there is a discrepancy in what is owed, but tacitly acknowledges that some amount is owed to Defendants for water and sewer service. *See*, Exhibit C and D to Amended Complaint. As such, his claim should be dismissed for legal insufficiency.

C.    <u>Plaintiff was afforded due process.</u>

Pre- and post-deprivation procedures exist, which Plaintiff utilized to have his water service restored.

 "The constitutional [procedural due process] violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *McDaniels v. Flick*, 59 F.3d 446, 460 (3d Cir. 1995)(citing the U.S. Supreme Court in *Zinermon v. Burch*, 494 U.S. 113, 126 (S. Ct. 1990). For example, a discharged tenured employee cannot claim in federal court that a deprivation of due process occurred because a pretermination hearing was held

by a biased individual where the employee has not taken advantage of his right to a post-termination hearing before an impartial tribunal. *Id*.

While Plaintiff correctly cites to the statute that governs pre-deprivation procedures in municipal water services matters (53 P.S. § 3102.502), Plaintiff erroneously refers to regulations under Pennsylvania Code Title 52 that govern public utilities instead of municipal authorities. Amended Complaint ¶¶ 43 , 47 a-c. Despite this, he followed the pre-termination dispute process outlined in Pennsylvania's termination of service statute (though he did not set forth a just defense to the unpaid bills, as noted by the Court in its June 30, 2025 Order, Amended Complaint, Exhibit T). 53 P.S. § 3102.502.

Even though the pre-termination procedure resulted in a deprivation, Plaintiff availed himself to a post-deprivation proceeding in the form of a complaint and motion for preliminary injunction at the Court of Common Pleas for Lycoming County. See, Amended Complaint, ¶ 25. After the post-deprivation proceeding at the Court of Common Pleas, his water service was ordered to be restored. *See*, Amended Complaint, ¶ 25, Exhibit T. His water service was, in fact, restored in compliance with the Court's order. *See*, Amended Complaint ¶ 25.

Finally, he admits to receiving the posted notice on his property regarding water shut off for non-payment. *See*, Amended Complaint, Exhibit A. As such, while Plaintiff was allegedly not afforded notice because the posting was not also mailed,

Plaintiff admits that he was placed on actual notice of the Defendants' rules and that water shut off was imminent unless his account was paid in full, which allowed him the opportunity to submit a just defense for non-payment. *See*, Amended Complaint,¶ 12, Exhibit A.

Due to Plaintiff's actual notice that amounts were owed for services rendered and the non-payment thereof could result in water shutoff, his engagement in an attempt to avoid shut-off through submission of medical documents and billing dispute paperwork, as well as post-deprivation proceedings that adequately protected his rights under the applicable statute for water shut off by municipal authorities, there was no procedural due process violation.

> D.    Any procedural irregularities do not establish a failure to supervise or train such that damages are recoverable under §1983.

Plaintiff asserts that Defendants' employees were not supervised or trained with regard to notice requirements, accommodations, and respecting court orders, rights under the constitution, federal law and JSAJWA's rules and regulations in support of his claims at both Counts I and XIII. A plaintiff asserting a municipal liability claim based on a failure or inadequacy of training, supervision, or discipline "need not allege an unconstitutional policy." *Estate of Roman v. City of Newark*, 914 F.3d at 798 (3d Cir. 2019). Rather, he must show that the municipality's failure to train, supervise, or discipline "its employees 'reflects a deliberate or conscious choice.'" *Id*. (quoting *Brown v. Muhlenberg Twp*., 269 F.3d 205, 215 (3d Cir. 2001)).

11

In this regard, the plaintiff must show "a failure or inadequacy amounting to deliberate indifference on the part of the municipality." *Forrest v. Parry*, 930 F.3d at 106 (3d Cir. 2019). This requires a showing that "(1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id*.

To show deliberate indifference, a plaintiff usually must show a "pattern of similar constitutional violations by untrained employees." *Connick v. Thompson*, 563 U.S. at 62 (S. Ct. 2011). Here, Plaintiff has not alleged a pattern of constitutional violations by untrained employees. Also, as stated further herein, Plaintiff has not established a single constitutional violation.

However, even if Plaintiff has established in his Amended Complaint that a constitutional right was potentially infringed upon, Plaintiff still cannot set forth a *Monell* claim against Defendants pursuant to 42 U.S.C. § 1983. In limited circumstances a pattern of prior violations is not required, and "a single incident may evidence deliberate indifference sufficient to establish *Monell* liability." *Loomis v. Montrose Borough Police Dep't*, No. 3:20-CV-1610, 2021 WL 2865290, at *4 n.4 (M.D. Pa. July 8, 2021). "Liability in single-incident cases depends on '[t]he likelihood that the situation will recur and the predictability that an officer lacking specific tools to handle that situation will violate citizens' rights.'" *Thomas v.*

12

*Cumberland County*, 749 F.3d at 223–24 (3d. Cir. 2014) (quoting *Brown*, 520 U.S. at 409). "To find deliberate indifference from a single-incident violation, the risk of [the plaintiff's] injury must be a 'highly predictable consequence' of the defendant's failure to provide the specific training at issue." *Id.* at 225 (quoting *Connick*, 563 U.S. at 64).

In addition to deliberate indifference, a plaintiff asserting a municipal liability claim based on a failure or inadequacy of training, supervision, or discipline must also allege causation. *Elliott v. Pennsylvania Interscholastic Athletic Assoc.*, No. 3:19-CV-01934, 2022 WL 987887, at *5 (M.D. Pa. Mar. 31, 2022). "[T]he causation inquiry focuses on whether 'the injury [could] have been avoided had the employee been trained under a program that was not deficient in the identified respect.'" *Thomas*, 749 F.3d at 226 (quoting *City of Canton v. Harris*, 489 U.S. 378, 391 (S. Ct. 1989)).

"The alleged deficiency in a training program must be closely related to the alleged constitutional injury because '[i]n virtually every instance where a person has had his or her constitutional rights violated by a [county] employee, [said] plaintiff will be able to point to something the [county] "could have done" to prevent the unfortunate incident.'" *Forrest*, 930 F.3d at 109 (quoting *Harris*, 489 U.S. at 392).

Given that the 1) employees posted notice regarding the termination of service, 2) provided Plaintiff time to correct the delinquency, 3) Plaintiff failed to provide the proper just defense for non-payment, and 4) employees immediately restored service after the State court found a minor deficiency in their procedure, Plaintiff has failed to establish a *Monell* claim based on a single event. It is unlikely that Defendants will make the same mistake again, as mailing the notice *in addition* to posting the property was all that was required.

As such, Plaintiff's Procedural Due Process claim and the related § 1983 claim for damages at Count I, as well as his *Monell* claim at Count XIII, should be dismissed.

## II.   PLAINTIFF'S CLAIMS PURSUANT TO THE FOURTH AMENDMENT AND 42 U.S.C. § 1983 AT COUNT IV AGAINST TVMA ARE LEGALLY INSUFFICIENT AND SHOULD BE DISMISSED

"The Fourth Amendment, made applicable to the States by the Fourteenth [Amendment] ... provides in pertinent part that the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated....' *Soldal v. Cook County, Ill*., 506 U.S. 56, 61 (S. Ct. 1992) (quoting U.S. CONST. amend. XIV), see also *Gagliardi v. Clark,* No. CIV A 06-20, 2006 WL 2847409, at *14 (W.D. Pa. Sept. 28, 2006)(attached to TVMA's Motion to Dismiss as Appendix A).

14

"A 'seizure' of property, we have explained, occurs when 'there is some meaningful interference with an individual's possessory interests in that property." *Id*. The Fourth Amendment protects the people from unreasonable searches and seizures of "their persons, houses, papers, and effects." *Id*. at 62 (quoting U.S. CONST. amend. XIV). It, however, "does not protect possessory interests in all kinds of property." *Id*. at 63 n. 7 (citing *Oliver v. United States*, 466 U.S. 170, 176-77 (S. Ct. 1984))(emphasis added).

"Access to utility service cannot reasonably be construed as a 'personal effect' which is protected by the Fourth Amendment." *Gagliardi*, No. CIV A 06-20, 2006 WL 2847409, at *14 (cited by the United States District Court for the Eastern District of Pennsylvania in *Martinez v. City of Reading Prop. Maint. Div*., No. CV 16-1290, 2017 WL 4347667, at *23 (E.D. Pa. Sept. 29, 2017). While not binding on this court, the decisions from the Western and Eastern Districts are persuasive, particularly since Plaintiff has not paid for water and sewer services.

Further, when the entry onto a property owner's property is not for the purpose of obtaining information or instituting a criminal action, the entry is not a "search" within the meaning of the Fourth Amendment. *United States v. Jones*, 565 U.S. 400, 407 (S. Ct. 2012); *see also Marshall v. United States*, 422 F.2d 185, 189 (5th Cir. 1970). "A physical trespass is only marginally relevant to the question of whether the Fourth Amendment has been violated, ... for an actual trespass is neither

15

necessary nor sufficient to establish a constitutional violation." *United States v. Katzin*, 769 F.3d 163, 175 (3d Cir. 2014).

For example, in *Frates v. City of Great Falls*, the claimant alleged that accessing her property for the purpose of water termination without a warrant was an unlawful search of her property. The Court in the Ninth Circuit disagreed, citing *Marshall*, and stating: "The intrusion of the plaintiff's premises, at issue here, was for the purpose of terminating water services, and to no extent was it directed at instituting criminal proceedings against the plaintiff. The situation is not one in which government officials embarked on a mission designed to determine whether the subject individuals were in compliance with certain ordinances, violations of which were punishable by fine or imprisonment." *Frates v. City of Great Falls*, 568 F. Supp. 1330, 1334 (D. Mont. 1983), *aff'd in part, remanded in part*, 732 F.2d 163 (9th Cir. 1984). As such, the Court found that no search occurred, much less an unreasonable search. This is consistent with the Supreme Court's holding in *Camara v. Municipal Court of City and County of San Francisco*, which found that an administrative agency's warrantless entry into a property owner's home for the purpose of inspection for fire and property code violations was an unreasonable search. *Camara v. Mun. Ct. of City & Cnty. of San Francisco*, 387 U.S. 523, 532, 87 S. Ct. 1727, 1732–33, 18 L. Ed. 2d 930 (1967). The difference in *Camara* was that criminal penalties could result from the search. As such, the Supreme Court found

that the entry without a warrant constituted a search *and* an unreasonable search. *Id.* In *Frates* and in the case *sub judice*, no such circumstance exists. Only water shut off, late charges, or civil action and the placement of a lien could result. 53 P.S. § 7101 et seq.; *see also*, Exhibit F to Plaintiff's Amended Complaint, Doc. 10-1.

As such, Plaintiff's Fourth Amendment claim should be dismissed.

## III.    MOTION TO DISMISS – PLAINTIFF'S CLAIMS PURSUANT TO THE FIFTH AMENDMENT AND 42 U.S.C. § 1983 AT COUNT V AGAINST TVMA ARE LEGALLY INSUFFICIENT AND SHOULD BE DISMISSED

"The Takings Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, provides that private property cannot be taken for public use without compensation. The Takings Clause applies to the government's physical appropriation of private property for public use. In addition, it also applies to government regulation that deprives the owner of the economically beneficial or productive use of his property. *Tulio v. Lansdale Borough*, 660 F. Supp. 3d 368, 379 (E.D. Pa. 2023), aff'd sub nom. *Tulio v. Borough*, No. 23-1644, 2023 WL 8711822 (3d Cir. Dec. 18, 2023)(internal citations omitted). Here, as in *Tulio*, the Defendants have not physically taken Plaintiff's water or sewer. *Id*. at 379. As such, no physical taking has occurred. Therefore, the question becomes whether there has been a regulatory taking.

A regulatory taking occurs when a government regulation restricting the use of property "goes too far." *Penn Central Transp. Co. v. New York City*, 438 U.S.

104, 124 ( S. Ct. 1978). The test for "too far" includes an analysis of the economic impact of the regulation, its interference with reasonable investment-backed expectations, and the character of the government action. *Id*. A regulation that denies all economically beneficial or productive use of land effects a regulatory taking under the Fifth Amendment. *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1015, (S. Ct. 1992). In addition, "[a] partial regulatory taking may occur even when the owner is not deprived of all economically beneficial use. If he asserts that he has been improperly deprived of a legally cognizable property interest by government action, he may make a claim for a partial taking." *Tulio*, 660 F. Supp. 3d 368, 379. However, the *Penn Central Transp. Co.* factors still apply.

Fundamentally, Plaintiff does not allege that a regulation caused his injuries. To the contrary, he states that the termination of water and sewer service caused his damages, not any regulation of the Defendants'. However, even when viewing his Second Amended Complaint broadly, and considering JSAJWA's rules regarding water termination as the regulations at issue, there is no assertion regarding the economic impact of the water termination regulation, or its interference with investment-backed expectations. In addition, when considering the character of the government regulation, "[t]he government has a legitimate interest in collecting debts to stabilize municipal finances, and the public has a strong interest in a viable utility distribution." *Tulio,* 660 F. Supp. 3d 368 at 380. "Government action

providing utility services for a fee and disconnecting service for failure to pay does not substantially interfere with his property rights." *Id*. at 381. As such there is no regulatory taking at issue.

Thus, Plaintiff's claim pursuant to the Fifth Amendment should be dismissed.

## IV. PLAINTIFF'S CLAIMS PURSUANT TO THE CONSTITUTION OF THE COMMONWEALTH OF PENNSYLVANIA AT COUNT VI AGAINST TVMA ARE LEGALLY INSUFFICIENT AND SHOULD BE DISMISSED

Plaintiff avers that Defendants' actions deprived him of his rights under Article I of the Constitution of the Commonwealth of Pennsylvania. However, no private right of action exists under Article I of the Pennsylvania Constitution, unlike the right of action provided by federal law at 42 U.S.C. § 1983. *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist*., 442 F. App'x 681, 687 (3d Cir. 2011)(citing *Jones v. City of Philadelphia*, 890 A.2d 1188, 1213 (Pa. Commw. Ct. 2006).

"There is no state statute similar to § 1983, that … provides for a general right to sue for a constitutional violation." *Jones*, 890 A.2d 1188, 1213. While Article I provides rights, there must be an underlying cause of action available to a claimant in order to seek the remedies afforded by Article I.

"No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution." *Pocono Mountain Charter Sch*., 442 F. App'x 681, 687. Plaintiff

19

claims that violations of Pennsylvania's Constitution afford a right of action pursuant to 42 U.S.C.A. § 1983. However, this is incorrect.

"Although [§1983] provides the citizen with an effective remedy against those abuses of state power that violate federal law, it does not provide a remedy for abuses that do not violate federal law." *Collins v. City of Harker Heights, Tex*., 503 U.S. 115, 119 (S. Ct. 1992). "[§ 1983] is a statute designed to protect federal rights and may not be used by litigants as a vehicle to enforce provisions of the Pennsylvania Constitution." *One Three Five, Inc. v. City of Pittsburgh*, 951 F. Supp. 2d 788, 809 (W.D. Pa. 2013).

Plaintiff appears to assert that the Pennsylvania Constitution contains similar rights protected by federal law, and as such, he should be able to sue for declaratory and injunctive relief under § 1983 pursuant to the Pennsylvania Constitution. However, he has already asserted the federal law violations in other counts (Fourth Amendment, Fourteenth Amendment Due Process, Equal Protection, Fifth Amendment, etc.). As such, even if Plaintiff's assertions are legally sufficient, they are duplicative and should be struck.

Plaintiff's claims under the Constitution of the Commonwealth of Pennsylvania fail as legally insufficient and should be dismissed.

20

## V.    PLAINTIFF'S CLAIMS PURSUANT TO 42 U.S.C. § 1985 (CIVIL CONSPIRACY) AT COUNT VII AGAINST TVMA ARE LEGALLY INSUFFICIENT AND SHOULD BE DISMISSED

Plaintiff claims that the Defendants conspired with law enforcement to chill Plaintiff's right to petition and access the courts in violation of 42 U.S.C. § 1985.

Section 1985(3) "creates no rights." *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 376 (1979). Rather, "[i]t is a purely remedial statute, providing a civil cause of action when some otherwise defined federal right—to equal protection of the laws or equal privileges and immunities under the laws—is breached by a conspiracy in the manner defined by the section." *Id.*

In other words, it "permits an action to be brought by one injured by a conspiracy formed 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'" *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (quoting § 1985(3)).

To state a claim under § 1985, a plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen

of the United States." *Farber*, 440 F.3d at 134 (quoting *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828–29 (1983)).

Here, Plaintiff while Plaintiff asserts that his ability to petition the courts was "chilled" by the actions of the Defendants and local police. Yet, Plaintiff was able to immediately access the court, as he filed his Complaint within five days of his water being shut off and was granted a preliminary injunction within three days of filing his Complaint. He also baldly asserts that he was targeted for being a disabled veteran, but offers no facts to support this statement.

As such, Plaintiff's claims of conspiracy pursuant to § 1985 should be dismissed for legal insufficiency.

## VI.    PLAINTIFF'S CLAIM OF FRAUDULENT MISREPRESENTATION AT COUNT VIII AGAINST TVMA IS LEGALLY INSUFFICIENT AND SHOULD BE DISMISSED

Plaintiff sets forth a claim of common law fraud against Defendants. However, TVMA is immune from a claim of fraud pursuant to the Political Subdivision Tort Claims Act. 42 Pa.C.S.A. § 8541. TVMA is a municipal authority organized under the Pennsylvania Municipal Authorities Act. See, Amended Complaint, ¶6-7. As a municipal authority, it is subject to the protections from tort liability afforded by 42 Pa.C.S.A. § 8541.

Therefore, Plaintiff's claims of fraudulent misrepresentation are legally insufficient and should be dismissed.

## VII.  PLAINTIFF'S CLAIM OF UNJUST ENRICHMENT AND RESCISSION AT COUNT IX AGAINST TVMA IS LEGALLY INSUFFICIENT AND SHOULD BE DISMISSED

"The elements of unjust enrichment are 'benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.'" *Lackner v. Glosser*, 892 A.2d 21, 34 (Pa. Super. 2006).

Plaintiff argues that he should be made whole for the shutoff and reconnection fees, as well as veterinary fees he claims are the result of the water being shut off. With regard to the shutoff and reconnection fees, Municipal Authorities are permitted by law to establish reasonable rules and regulations. 53 Pa.C.S.A. § 5607(d)(17). The rules and regulations of JSAJWA are lawfully adopted rules and regulations of the JSAJWA, which Plaintiff concedes and relies upon in his allegations that the rules were violated. *See*, Amended Complaint, ¶ 32, 34-36, 39, and Exhibit F.

The rules permit the Authority to charge penalties and fees associated with water shutoff. *See*, Amended Complaint, Exhibit F. As such, it is not "unconscionable" for JSAJWA to charge and ultimately retain these fees for water shutoff and reconnection. Had Plaintiff paid his bill in a timely manner, the fees would not have been incurred.

With regard to his claim for veterinary bills, Plaintiff does not establish that the Defendants received some benefit in exchange for his payment of those fees. As such, Plaintiff's claim for unjust enrichment should be dismissed.

Further, "[t]he purpose of an equitable rescission is to return the parties as nearly as possible to their original positions with regard to the subject matter of the contract." *Keenheel v. Com., Pennsylvania Sec. Comm'n*, 579 A.2d 1358, 1361 (Pa. Cmwlth. 1990). "One who wishes to rescind a contract must restore or tender a return of the property or security which was the subject matter of the contract." *Id*. It would be impossible for Plaintiff to return the water and sewer services he received. As such, recission is not a proper remedy and should be dismissed.

## VIII. PLAINTIFF'S CLAIMS PURSUANT TO THE UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCL) AT COUNT X AGAINST TVMA ARE LEGALLY INSUFFICIENT AND SHOULD BE DISMISSED

Plaintiff claims that Defendants violated the UTPCL by engaging in deceptive practices. However, the UTPCL does not apply to political subdivision agencies such as TVMA. *Meyer v. Cmty. Coll. of Beaver Cnty.*, 93 A.3d 806, 815 (Pa. 2014).

Therefore, Plaintiffs claims under the UTPCL and demand for treble damages and attorney's fees, which are claimed pursuant to the UTPCL, are legally insufficient and should be dismissed.

## IX.    PLAINTIFF'S CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AT COUNT XI AGAINST TVMA IS LEGALLY INSUFFICIENT AND SHOULD BE DISMISSED

TVMA is immune from tort claims such as a claim of Intentional Infliction of Emotional Distress (IIED) pursuant to the Political Subdivision Tort Claims Act. 42 Pa.C.S.A. § 8541. There is no exception to the Political Subdivision Tort Claims Act that applies to this claim. However, even if an exception existed, "[t]o prove intentional infliction of emotional distress, Plaintiff must set forth facts so extreme and outrageous that the conduct described must 'go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'" *Hoy v. Angelone*, 720 A.2d 745, 753–54 (Pa. 1998).

"Described another way, it has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort." *Id*.

Here, Plaintiff generically asserts that Defendants shut off water and sewer service "during a medical emergency," "enlisting police officers to intimidate Plaintiff under threat of arrest or towing," "conditioning restoration on an in-person signing or full payment despite a court injunction," and "continuing to bill and

threaten further shut-offs in knowing violation of state law and judicial order." *See*, Amended Complaint.

Preliminarily, Defendants' rules for service reasonably require payment of bills in exchange for water and sewer service. This is not outrageous or extreme. As such, conditioning restoration of service on full payment does not rise to the level of intentional infliction of emotional distress.

Further, the Court Order dated June 30, 2025 (Exhibit T to Amended Complaint) indicates that Plaintiff failed to produce evidence that his claim of a just defense for non-payment was not sufficient to serve as a bona fide dispute consistent with 53 Pa.C.S. § 3102.502. In fact, the Order states that water service may be discontinued if the statutory process is followed by Defendants. As such, Plaintiff's claim that continued threats of shutoff were in violation of state law and court order is meritless.

Additionally, Plaintiff provides no detail regarding what the medical emergency was, or why shutting off water and sewer was conduct was "beyond all possible bounds of decency." He further fails to provide any context for his interactions with the police officers, other than they "intimidated" him. This falls far short of the conduct contemplated by the Pennsylvania Supreme Court in *Hoy*, particularly considering that Plaintiff admits he owes payment for water services and was aware that non-payment could result in water shut-off.

26

As such, Plaintiff's claim for IIED should be dismissed for legal insufficiency.

## X. PLAINTIFF'S CLAIM OF BREACH OF FIDUCIARY DUTY AT COUNT XII AGAINST TVMA IS LEGALLY INSUFFICIENT AND SHOULD BE DISMISSED

Plaintiff claims that the Defendants breached their fiduciary duty to Plaintiff.

"To prevail on [a] breach of fiduciary duty claims, [Plaintiff is] required to prove the following elements: the existence of a fiduciary relationship between Plaintiff and [Defendants], that [Defendant] negligently or intentionally failed to act in good faith and solely for [Plaintiff]'s benefit, and that [Plaintiff] suffered an injury caused by [Defendants'] breach of … fiduciary duty." *Snyder v. Crusader Servicing Corp.*, 231 A.3d 20, 31 (Pa. Super. 2020).

Breach of fiduciary duty claims sound in tort. *Matarazzo v. Millers Mut. Grp., Inc.*, 927 A.2d 689, 694 (Pa. Commw. Ct. 2007), as amended (Sept. 17, 2007)(holding that "tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual agreements between particular parties."). However, as explained *supra*, TVMA is immune from tort claims such as a claim of breach of fiduciary duty pursuant to the Political Subdivision Tort Claims Act. 42 Pa.C.S.A. § 8541.

There is no exception to the Political Subdivision Tort Claims Act that applies to this claim. As such, the Plaintiff's breach of fiduciary duty claim should be dismissed.

## XI.   PLAINTIFF'S CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF AGAINST TVMA ARE LEGALLY INSUFFICIENT AND SHOULD BE DISMISSED

Plaintiff has already obtained injunctive relief. On June 30, 2025, an emergency hearing was held during which the Court ordered that water service be restored within twenty-four (24) hours. *See*, Amended Complaint, Exhibit T. Also on June 30, 2025, service was restored. *See*, Amended Complaint, ¶ 25. No controversy exists that warrants injunctive relief. As such, Plaintiff's demand for injunctive relief is now moot and should be dismissed.

Further, Plaintiff's demand for declaratory relief fails for similar reasons. Plaintiff seeks declaratory relief pursuant to state and federal law. However, under both statutory schemes, the relief requested is not available.

Under both federal and Pennsylvania law, declaratory judgment requires consideration of the likelihood that a declaration will resolve the uncertainty of obligation which gave rise to the controversy. *United States v. Com. of Pa., Dep't of Env't Res.*, 923 F.2d 1071, 1075 (3d Cir. 1991); *Indep. Blue Cross v. Pennsylvania Ins. Dep't*, 802 A.2d 715, 719 (Pa. Commw. Ct. 2002).

Here, the Defendants were ordered to restore water service because the Court found that the procedure for shut off was not properly followed. *See*, Amended Complaint, Exhibit T. As such, there is no longer a controversy to resolve as requested by Plaintiff. Yet, Plaintiff requests that the Court "enter a declaratory

judgment that Defendants' conduct violated the U.S. Constitution, federal statutes…
and Pennsylvania law and constitutional provisions..." *See*, Amended Complaint, ¶
124.

"Declaratory judgment is inappropriate solely to adjudicate past conduct. Nor
is declaratory judgment meant simply to proclaim that one party is liable to another."
*Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006)(internal citations omitted).
The demand at Plaintiff's Prayer for Relief requesting an injunction and declaratory
relief should be dismissed because the requested relief cannot be granted.

## XII. PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES AGAINST TVMA ARE LEGALLY INSUFFICIENT AND SHOULD BE DISMISSED

Plaintiff is seeking an entry of judgment that includes the award of punitive
damages due to alleged extreme and reckless conduct on the part of Defendants.

Plaintiff does not distinguish between his state and federal law claims;
however, punitive damages are generally not recoverable against municipal entities
under federal law, and are specifically not available in claims made pursuant to 42
U.S.C. § 1983 against municipal entities. *City of Newport v. Fact Concerts, Inc.*, 453
U.S. 247, 271 (S. Ct. 1981).

Further, punitive damages are not available against municipal entities under
Pennsylvania law. *Feingold v. Se. Pennsylvania Transp. Auth.*, 488 A.2d 284, 293

(Pa. Super. 1985), aff'd, 517 A.2d 1270 (Pa. 1986). As such, Plaintiff's demand for punitive damages should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant TVMA respectfully requests that Counts I and IV through XIII of the Second Amended Complaint be dismissed pursuant to F.R.C.P. 12(b)(6).

Respectfully submitted,

BARLEY SNYDER

By: _____*/s/ Sarah L. Doyle*_____
Michael J. Crocenzi, Esquire
Attorney I.D. #66255
mcrocenzi@barley.com
Sarah L. Doyle, Esquire
Attorney I.D. #321149
sdoyle@barley.com
100 East Market Street
York, PA  17401
Telephone (717) 846-8888
*Counsel for Tiadaghton Valley*
*Municipal Authority*

Date: February 17, 2026

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 17th day of February, 2026, the foregoing Brief in

Support of Motion to Dismiss was electronically filed and available for

downloading from the ECF system and, pursuant to Fed. R.C.P. 5(b)(2)(D), such

electronic filing constitutes service of the foregoing document on the following

parties who have consented to electronic service:

Sean P. McDonough, Esquire
Dougherty Leventhal & Price, LLP
459 Wyoming Avenue
Kingston, PA  18704
*Counsel for Defendant Jersey Shore
Area Joint Water Authority and Eric Johnston*


Dion Storm Holland
566 High Street
Jersey Shore, PA  17740
*Pro Se Plaintiff*


Respectfully submitted,

BARLEY SNYDER

By:     /s/ Sarah L. Doyle
Michael J. Crocenzi, Esquire (#66255)
mcrocenzi@barley.com
Sarah L. Doyle, Esquire (#321149)
sdoyle@barley.com
100 East Market Street
York, PA  17401
Telephone (717) 846-8888
*Counsel for Tiadaghton Valley Municipal
Authority*

Date: February 17, 2026