IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DION STORM HOLLAND,** : | CIVIL ACTION NO. 4:25-CV-1323 |
| : | |
| Plaintiff : | (Judge Neary) |
| : | |
| v. : | |
| : | |
| **JERSEHY SHORE AREA JOINT** : | |
| **WATER AUTHORITY,** *et al.*, : | |
| : | |
| Defendants : | |

## ORDER

This matter comes before the court upon the Report and Recommendation ("R&R") (Doc. 73) of Magistrate Judge Martin C. Carlson, wherein Judge Carlson recommends the court deny plaintiff Dion Storm Holland's *pro se* motion (Doc. 21) for contempt. Holland sought to hold the defendants in this case in contempt for violating a state court injunctive order preserving his access to his water service. Yet, Holland has submitted no evidence any defendant has turned off his water service.

The court notes that no objections have been filed to date. See FED. R. CIV. P. 72(b)(2). Our court of appeals has made clear that failure of a party to timely object to a magistrate judge's conclusions "may result in forfeiture of *de novo* review at the district court level." Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (citing Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987)). However, as a matter of good practice, a district court should afford "reasoned consideration" to the uncontested portions of the R&R, E.E.O.C. v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (quoting Henderson, 812 F.2d at 879), in order to "satisfy itself that

there is no clear error on the face of the record," FED. R. CIV. P. 72(b), advisory committee notes.

There being no evidence before the court showing defendants have, in fact, violated the state court's injunctive order, this court must adopt Judge Carlson's R&R. Further, the pending motions (Docs. 75, 77) to exceed page limitations and the motion (Doc. 78) for an extension of time[1] shall be granted.

---

[1] Holland filed a notice (Doc. 80) pointing out it has been more than two weeks since defendant Jersey Shore Area Joint Water Authority filed its motion (Doc. 76) to dismiss. Ordinarily, under the local rules, this would mean the motion to dismiss would be considered withdrawn. See M.D. PA. L.R. 7.5. However, Jersey Shore Area Joint Water Authority filed a timely motion (Doc. 78) for an extension of time. That motion, before today, was still pending. Thus, that motion preserves Jersey Shore Area Joint Water Authority's ability to file its brief in support. To find otherwise would penalize it for the court's inaction on its pending motion, which would be contrary to justice.

Thus, AND NOW, this 20th, day of February, 2026, it is hereby ORDERED that:

1. Magistrate Judge Carlson's R&R (Doc. 73) is ADOPTED.

2. Holland's motion (Doc. 21) for contempt and preliminary relief is DENIED.

3. The motions (Docs. 75, 77) to exceed the page limitations are GRANTED. Each defendant shall be permitted to file a brief in support no longer than 40 pages in length.

4. The motion (Doc. 78) for an extension of time to file a brief is GRANTED. The Jersey Shore Area Joint Water Authority Defendants shall file the brief in support of their motion to dismiss on or before **March 6th, 2026**.

5. This case is REMANDED to Magistrate Judge Carlson for full pretrial management, including the issuance of an R&R within the scope of 28 U.S.C. § 636(b)(1)(A)-(B).

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania