# IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DION STORM HOLLAND, | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 4:25-CV-01323 |
| v. | : | |
| JERSEY SHORE AREA JOINT WATER AUTHORITY, TIADAGHTON VALLEY MUNICIPAL AUTHORITY, ERIC S. JOHNSTON, TIMOTHY CONFAIR, JOHN DOE 1-5 in their individual capacities, | : : : : : : : | The Honorable Keli M. Neary (JUDGE) (MAG. JUDGE CARLSON) PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT TVMA'S MOTION TO DISMISS |
| Defendants. | : : | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT TIADAGHTON VALLEY MUNICIPAL AUTHORITY'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Respectfully submitted,

/s/ Dion Storm Holland
Dion Storm Holland, Pro Se
In care of: 566 High Street
Jersey Shore, Pennsylvania 17740
(814) 574-9664 subarudion@gmail.com

1

## **TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT
............................................................................ 7

II.   LEGAL STANDARD
........................................................................................ 8-9

III.   TVMA'S MOTION SHOULD BE DENIED AS TO COUNT I
(PROCEDURAL DUE PROCESS / § 1983) AND COUNT XIII (MONELL /
FAILURE TO TRAIN)
……………………………………………………………………..9-16
        A.  Plaintiff plausibly alleges deprivation of a protected property interest
without constitutionally adequate pre-deprivation process ................................ 9-10
        B.  TVMA's "Plaintiff admits amounts are owed" argument is a defense
inference, not a pleading admission................................................. 10-11
        C.  TVMA's reliance on Ransom does not warrant dismissal because Plaintiff
pleads defective process, not merely a billing disagreement ..........................11-12
        D.  Post-deprivation proceedings do not automatically cure the pleaded pre-
        deprivation constitutional defect ........................................ 12
        E.  Plaintiff plausibly pleads Monell/Canton municipal liability (Count XIII)
........................................................................................12-14
        F.  Counts I and XIII should proceed ....................................... 14-15
        G.  Plaintiff's allegations also support a First Amendment retaliation theory,
        which cannot be dismissed at the pleading stage ................................. 15-16

IV.   TVMA'S MOTION SHOULD BE DENIED AS TO COUNT IV (FOURTH
        AMENDMENT / § 1983), OR, ALTERNATIVELY, LEAVE TO AMEND
……………………………………………………………….….... 16-18

V.    TVMA'S MOTION SHOULD BE DENIED AS TO COUNT V (FIFTH
        AMENDMENT / § 1983), OR, ALTERNATIVELY, LEAVE TO AMEND
........................................................................................18-19

VI.   TVMA'S MOTION AS TO COUNT VI (PENNSYLVANIA
CONSTITUTION) SHOULD BE DENIED IN PART, OR ANY DISMISSAL
SHOULD BE NARROWLY LIMITED TO DAMAGES ONLY
........................................................................................19-20

VII.  TVMA'S MOTION SHOULD BE DENIED AS TO COUNT VII (§ 1985
CIVIL CONSPIRACY), OR, ALTERNATIVELY, LEAVE TO AMEND
.................................................................................................. 20-21

VIII.  TVMA'S ENTITY-SPECIFIC IMMUNITY AND REMEDY
ARGUMENTS DO NOT SUPPORT BLANKET DISMISSAL (COUNTS VIII, X,
XI, XII, AND PUNITIVE DAMAGES)
...........................................................................................21-22

IX.    APPLICATION TO COUNTS VIII, IX, X, XI, XII,
INJUNCTIVE/DECLARATORY RELIEF, AND PUNITIVE
DAMAGES…………………………………..................... 23
      A.  Count VIII (Fraudulent Misrepresentation)
.................................................................. 23
      B.  Count IX (Unjust Enrichment / Rescission)
.............................................................. 23
      C.  Count X (UTPCPL)
................................................................. 23-24
      D.  Count XI (IIED)
.................................................................. 24
      E.  Count XII (Breach of Fiduciary Duty)
................................................................. 24
      F.  Injunctive and Declaratory Relief ............................ 24-26
      G.  Punitive Damages ......................................... 26

X.    CONCLUSION
.................................................................. 26-27

## <u>TABLE OF AUTHORITIES</u>

CONSTITUTIONAL PROVISIONS

U.S. Const. amend. I ............................................................. 14, 15

U.S. Const. amend. IV ...................................................... 16, 17, 18

U.S. Const. amend. V .......................................................... 18, 19

U.S. Const. amend. XIV ........................................................... 9

Pa. Const. art. I, § 26 ........................................................ 18, 19

Pa. Const. art. I, § 27 ........................................................ 18,19

STATUTES

42 U.S.C. § 1983 ................................................... 8, 15, 17

42 U.S.C. § 1985(3) ..................................................... 21

42 Pa.C.S. § 8541 ......................................................... 23

42 Pa.C.S. § 8550 ................................................... 22, 23


RULES

Fed. R. Civ. P. 8(a)(2) ........................................................ 8

Fed. R. Civ. P. 12(b)(6) ...........................7,8,10,11,12,14,16,18,20,23,25,26,27

Fed. R. Civ. P. 15(a)(2) ................................................ 8, 15, 16, 27

## CASES

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ................................. 8

City of Canton v. Harris, 489 U.S. 378 (1989) ......................................... 13,14

City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981) .......................... 26

Connelly v. Lane Constr. Corp., 809 F.3d 780 (3d Cir. 2016) ..........................8

Connick v. Thompson, 563 U.S. 51 (2011) .......................................................... 13

Estate of Roman v. City of Newark, 914 F.3d 789 (3d Cir. 2019) ..............13,14

First English Evangelical Lutheran Church of Glendale v. County of Los Angeles,
482 U.S. 304 (1987) ……………………………………………………………19

Florida v. Jardines, 569 U.S. 1 (2013) ...........................................................16,17

Forrest v. Parry, 930 F.3d 93 (3d Cir. 2019) ...........................................................13

Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009) .................................8

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167
(2000) ……………………………………………………………………………25

Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159 (3d
Cir. 2010) ……………………………………………………………………… 21

Haines v. Kerner, 404 U.S. 519 (1972) ................................................................ 8

Hoy v. Angelone, 720 A.2d 745 (Pa. 1998) ........................................................ 24

Mathews v. Eldridge, 424 U.S. 319 (1976) ....................................................11

Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1 (1978) ....9, 10, 11, 12, 13

Meyer v. Cmty. Coll. of Beaver Cnty., 93 A.3d 806 (Pa. 2014) ........................... 23

Mirabella v. Villard, 853 F.3d 641 (3d Cir. 2017) .......................................... 16

Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) .......................................13,14

Owen v. City of Independence, 445 U.S. 622 (1980) …………………………….. 22

Phillips v. Cnty. of Allegheny, 515 F.3d 224 (3d Cir. 2008) ...............................8

Ransom v. Marrazzo, 848 F.2d 398 (3d Cir. 1988) ........................................... 9

Soldal v. Cook County, 506 U.S. 56 (1992) ..................................................... 16,17

Thomas v. Cumberland Cnty., 749 F.3d 217 (3d Cir. 2014) ................................. 13

Thomas v. Independence Twp., 463 F.3d 285 (3d Cir. 2006) ............................. 15

Zinermon v. Burch, 494 U.S. 113 (1990) ........................................................ 12

Alan B. Ziegler v. City of Reading & Reading Area Water Auth., No. 1060 C.D. 2013 (Pa. Cmwlth. filed Jan. 24, 2014) (unreported memorandum op.) …. 11,25

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT TVMA'S MOTION TO DISMISS (RULE 12(b)(6))

## I. PRELIMINARY STATEMENT

Defendant TVMA's Motion to Dismiss should be denied because it repeatedly asks the Court to do what Rule 12(b)(6) does not permit: resolve disputed facts, accept Defendant-favorable inferences, and recast Plaintiff's pleaded allegations into a narrowed "nonpayment" narrative that omits the constitutional and procedural defects alleged in the Second Amended Complaint ("SAC").

This case is not pleaded as a routine billing dispute. Plaintiff alleges termination of essential water/sewer service under color of state law in the context of defective notice, disputed and conflicting account amounts, ignored dispute communications, disability/medical-hardship protections, and continued or repeated enforcement-related conduct. Plaintiff further alleges municipal policy/custom and failure-to-train theories, and seeks prospective relief based on an ongoing controversy — not merely retrospective review of a single past event.

TVMA's brief overreaches by conflating: (1) disputed merits arguments with pleading-stage analysis; (2) entity-specific immunity/remedy arguments with blanket dismissal as to all defendants and capacities; and (3) potential narrowing of remedies with dismissal of underlying claims and factual allegations.

At minimum, if the Court finds any claim, theory, or remedy insufficiently pleaded as to TVMA in its municipal capacity, any ruling should be narrowly limited by claim, defendant, and capacity, and Plaintiff should be granted leave to amend under Rule 15(a)(2).

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint, not whether Defendant disputes Plaintiff's facts or believes it will ultimately prevail. To survive dismissal, a complaint need only contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

At this stage, the Court must accept Plaintiff's well-pleaded factual allegations as true, construe the SAC in the light most favorable to Plaintiff, and draw all reasonable inferences in Plaintiff's favor. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233-34 (3d Cir. 2008); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009); *Connelly v. Lane Constr. Corp.,* 809 F.3d 780, 786-87 (3d Cir. 2016). Because Plaintiff proceeds pro se, the SAC must be construed liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

TVMA recites portions of the Rule 12(b)(6) standard, but then departs from it by repeatedly treating disputed matters such as "amounts owed," "actual notice," adequacy of process, and the curative effect of later proceedings as established

facts. Those are merits disputes, not grounds for dismissal on the pleadings. Where competing inferences can be drawn from public records or referenced documents, the Court must still draw reasonable inferences in Plaintiff's favor at the Rule 12 stage.

### III. TVMA'S MOTION SHOULD BE DENIED AS TO COUNT I (PROCEDURAL DUE PROCESS / § 1983) AND COUNT XIII (MONELL / FAILURE TO TRAIN)

**A**. Plaintiff plausibly alleges deprivation of a protected property interest without constitutionally adequate pre-deprivation process.

TVMA correctly recognizes that utility service is a protected property interest. See *Memphis Light, Gas & Water Div. v. Craft,* 436 U.S. 1, 11-12 (1978); *Ransom v. Marrazzo,* 848 F.2d 398, 409-11 (3d Cir. 1988). But TVMA then attempts to defeat Count I by replacing Plaintiff's pleaded allegations with TVMA's own characterization of the dispute.

The SAC plausibly alleges constitutionally inadequate process, including defective and/or unmailed notice, conflicting/disputed account amounts, ignored dispute communications, and disregard of medical-hardship/disability-related protections before termination of essential service. Those allegations state a procedural due process claim under Craft. TVMA cannot obtain dismissal by relabeling this as a simple "nonpayment" case. Accepting the well-pleaded allegations as true, Plaintiff has plausibly alleged that Defendants terminated essential utility service

while material billing disputes were pending, without constitutionally adequate pre-deprivation notice or a meaningful opportunity to be heard. Under *Memphis Light, Gas & Water Div. v. Craft,* 436 U.S. 1 (1978), utility service constitutes a protected property interest, and due process requires procedures sufficient to minimize the risk of erroneous deprivation before termination. Plaintiff's allegations of defective notice, conflicting account balances, ignored dispute communications, and disregard of medical-related protections plausibly state such a violation. Defendant's attempt to recast these allegations as a simple nonpayment dispute improperly asks the Court to resolve factual disputes and draw inferences in Defendant's favor, which Rule 12(b)(6) forbids. Accordingly, dismissal of Plaintiff's procedural due process claim would be inconsistent with governing pleading standards and controlling Supreme Court precedent.

 **B**. **TVMA's "Plaintiff admits amounts are owed" argument is a defense inference, not a pleading admission**. TVMA repeatedly argues that Plaintiff "tacitly acknowledges" some amount is owed based on allegations that account balances were inconsistent or disputed. That is not a pleading admission. It is an allegation of disputed billing and defective procedure. Plaintiff's pleaded position is that Defendants asserted conflicting amounts, failed to provide adequate accounting and legally sufficient process, and terminated service despite disputes

10

and protections. At Rule 12(b)(6), the Court must evaluate Plaintiff's allegations, not adopt TVMA's preferred account-status narrative.

**C. TVMA's reliance on Ransom does not warrant dismissal because Plaintiff alleges defective process, not merely disagreement with a bill.**

TVMA's Ransom argument depends on collapsing Plaintiff's allegations into an "unpaid services rendered" scenario while ignoring the pleaded defects in pre-deprivation process. Plaintiff alleges materially more than a billing disagreement: defective/unmailed notice, conflicting amounts, ignored dispute communications, and termination despite medical/disability protection issues.

Those allegations go directly to the risk of erroneous deprivation and the adequacy of pre-deprivation process. See *Craft*, 436 U.S. at 13-19; *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976). *Ransom* does not authorize dismissal where the process itself is the constitutional injury alleged.

Pennsylvania authority further reinforces Plaintiff's procedural due process theory in the municipal utility shutoff context. In *Alan B. Ziegler v. City of Reading & Reading Area Water Authority,* No. 1060 C.D. 2013 (Pa. Commw. Ct. Jan. 24, 2014) (unreported mem. op.), the Commonwealth Court recognized that a utility shutoff dispute implicates procedural due process and discussed Memphis Light and Ransom in analyzing the governing framework. In doing so, the court addressed the need for meaningful pre-termination process where a customer

disputes charges, including an opportunity to present a billing complaint and obtain consideration of that dispute before shutoff. TVMA's effort to recast this case as a simple "nonpayment" matter ignores the same type of pleaded defects Plaintiff alleges here: disputed/conflicting amounts, defective notice/process, ignored dispute communications, and termination of essential service without constitutionally adequate pre-deprivation procedures.

**<u>D</u>. Post-deprivation proceedings do not automatically cure the pleaded pre-deprivation constitutional defect.** TVMA argues there was no due process violation because Plaintiff later sought and obtained state-court relief. That argument overstates the law and ignores the pleaded timing and nature of the alleged violation. Plaintiff alleges the constitutional injury occurred when essential service was terminated without constitutionally adequate pre-deprivation notice and dispute procedures, while disregarding medical/disability protections. Whether later proceedings mitigated harm does not erase the pleaded pre-termination defect as a matter of law at Rule 12(b)(6). See *Craft*; *Zinermon v. Burch,* 494 U.S. 113, 127-32 (1990).

Plaintiff also alleges ongoing and repeated conduct after restoration, which further defeats TVMA's "cured" framing at the pleading stage.

**<u>E</u>. Plaintiff plausibly pleads Monell/Canton municipal liability (Count XIII).**

TVMA's attack on Count XIII improperly demands proof rather than plausibility. A plaintiff may plead municipal liability through policy/custom and failure-to-train/supervise theories supported by factual allegations of deliberate indifference and causation. See *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978); *City of Canton v. Harris,* 489 U.S. 378 (1989); *Connick v. Thompson,* 563 U.S. 51 (2011); *Thomas v. Cumberland Cnty.,* 749 F.3d 217, 222-26 (3d Cir. 2014); *Estate of Roman v. City of Newark,* 914 F.3d 789, 798 (3d Cir. 2019); *Forrest v. Parry,* 930 F.3d 93, 105-10 (3d Cir. 2019).

The SAC alleges that Defendants, including TVMA, failed to train and supervise personnel regarding notice requirements, dispute handling, medical-hardship/disability protections, and compliance with court-ordered restraints, and that these deficiencies were a moving force behind the deprivation and resulting injuries. In the utility-termination context, the risk of constitutional injury from defective notice and dispute procedures is foreseeable. See *Craft*; *Canton*. TVMA's characterization of the alleged failures as a "minor deficiency" is a merits argument. It is not a basis for dismissal at the pleading stage. The SAC specifically alleges that JSAJWA and TVMA failed to train, supervise, or discipline managers, agents, and field personnel regarding mandatory shut-off procedures, statutory notice requirements, medical-certificate protections, and disability-accommodation laws, and further alleges that those deficiencies directly resulted in the unlawful

termination and attempted termination of Plaintiff's essential utility service. SAC ¶

17. In the utility-shutoff context, inadequate training on notice, medical

protections, and court-order compliance presents an obvious and foreseeable risk

of constitutional injury. Plaintiff's allegations plausibly support municipal liability

under Monell at the pleading stage. A plaintiff need not prove a policy or custom at

Rule 12(b)(6); he must only allege facts permitting a reasonable inference that a

municipal policy, custom, or failure to train caused the constitutional violation. See

*Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978); *City of Canton v. Harris,* 489

U.S. 378 (1989); *Estate of Roman v. City of Newark,* 914 F.3d 789 (3d Cir. 2019).

Plaintiff alleges that Defendants repeatedly ignored billing disputes, failed to

provide constitutionally adequate notice procedures, disregarded medical-related

protections, and engaged in coordinated enforcement conduct. Those allegations

permit a plausible inference of a municipal policy, custom, or deliberately

indifferent failure to train that was a moving force behind the alleged constitutional

deprivation. Defendant's arguments instead contest factual accuracy and causation,

issues not resolvable on a motion to dismiss. Accordingly, Plaintiff's municipal

liability claim is sufficiently pleaded.

## **F**. Counts I and XIII should proceed.

TVMA's Count I and Count XIII arguments rely on disputed facts and defense-

favorable inferences. Those issues cannot be resolved on a Rule 12(b)(6) motion.

The SAC plausibly alleges deprivation of a protected property interest without constitutionally adequate process and plausibly alleges municipal liability under Monell/Canton. The motion should be denied as to Counts I and XIII.

In the alternative, if the Court finds any aspect of Count I or XIII insufficiently pleaded, Plaintiff respectfully requests leave to amend under Rule 15(a)(2).

## <u>G</u>. Plaintiff's Allegations Also Support a First Amendment Retaliation Theory, Which Cannot Be Dismissed at the Pleading Stage

Although TVMA does not separately address retaliation, the SAC's factual allegations plausibly state a First Amendment retaliation claim under § 1983. The right to petition the government for redress of grievances and to engage in protected speech is secured by the First Amendment to the United States Constitution. A retaliation claim requires only that a plaintiff allege (1) constitutionally protected activity, (2) adverse governmental action sufficient to deter a person of ordinary firmness, and (3) a causal connection between the two. See *Thomas v. Independence Twp.,* 463 F.3d 285, 296 (3d Cir. 2006).

Plaintiff alleges that he repeatedly asserted statutory, constitutional, and procedural rights concerning billing disputes, notice deficiencies, and medical-hardship protections, including filing complaints and seeking judicial relief. Plaintiff further alleges that, after and in response to those protected activities, Defendants engaged in escalated enforcement conduct, shutoff-related actions, and coordinated pressure

involving municipal actors. Such allegations plausibly satisfy the adverse-action and causation elements at the pleading stage. See *Mirabella v. Villard,* 853 F.3d 641, 649–50 (3d Cir. 2017).

At minimum, the pleaded chronology and context support a reasonable inference that Defendants' conduct was motivated, at least in part, by Plaintiff's protected activity. Because Rule 12(b)(6) requires all reasonable inferences to be drawn in Plaintiff's favor, dismissal of any retaliation theory would be improper. If the Court concludes that the SAC does not expressly label retaliation as a separate count, Plaintiff respectfully requests leave to amend to clarify that theory rather than dismissal. Fed. R. Civ. P. 15(a)(2).

## IV. TVMA'S MOTION SHOULD BE DENIED AS TO COUNT IV (FOURTH AMENDMENT / § 1983), OR, ALTERNATIVELY, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND

TVMA mischaracterizes Count IV as a pure claim that utility service itself is a "personal effect." Plaintiff's Fourth Amendment theory is broader: governmental intrusion and interference in connection with shutoff enforcement activity at Plaintiff's residence, including alleged entry onto private property/curtilage and coordinated enforcement conduct under color of state law.

Those allegations implicate established Fourth Amendment protections concerning the home and curtilage, see *Florida v. Jardines,* 569 U.S. 1, 6-7 (2013), and

16

governmental interference with possessory interests, see *Soldal v. Cook County,* 506 U.S. 56, 61-62 (1992). TVMA cannot obtain dismissal by narrowing Count IV to the most defendant-favorable framing of the claim.

TVMA relies on nonbinding, fact-specific authorities and seeks resolution of disputed issues regarding the nature, scope, and reasonableness of the alleged conduct. At most, those are merits arguments for a later stage, not grounds for dismissal on the pleadings.

If the Court concludes Count IV requires additional specificity regarding the nature or location of the intrusion/interference, Plaintiff respectfully requests leave to amend rather than dismissal with prejudice.

Plaintiff's Fourth Amendment claim likewise survives dismissal. The Complaint does not rely on an abstract theory that utility service itself constitutes property; rather, Plaintiff alleges governmental intrusion onto private property and interference with possessory interests in connection with enforcement activity. Such allegations implicate established Fourth Amendment protections governing the home and its curtilage and governmental interference with possessory rights. See *Florida v. Jardines,* 569 U.S. 1 (2013); *Soldal v. Cook County,* 506 U.S. 56 (1992). At the pleading stage, the Court must accept those factual allegations as true and draw reasonable inferences in Plaintiff's favor. Defendant's attempt to recast the claim as legally deficient rests on its own factual characterization of

events, which cannot support dismissal under Rule 12(b)(6). Plaintiff has therefore plausibly stated a Fourth Amendment claim.

### V. TVMA'S MOTION SHOULD BE DENIED AS TO COUNT V (FIFTH AMENDMENT / § 1983), OR, ALTERNATIVELY, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND

TVMA improperly attempts to force Plaintiff's allegations into a fully developed Penn Central regulatory-takings framework and then argues Plaintiff has not pleaded evidence-level detail. That is not the Rule 12(b)(6) standard.

The SAC alleges governmental action under color of state law that materially interfered with Plaintiff's protected property interests, including the use, habitability, and practical enjoyment of his home, through termination and enforcement conduct tied to essential utility service. A government-imposed deprivation that renders residential property unusable, even temporarily, can constitute compensable interference under the Fifth Amendment. Whether the interference ultimately satisfies *Penn Central* or another takings framework is a fact-intensive merits question not appropriate for resolution at the pleading stage.

Moreover, Plaintiff alleges that restoration of essential service was conditioned on payment of disputed and procedurally defective charges, raising unconstitutional-conditions concerns where the government conditions restoration of property use

on compliance with challenged monetary demands. These allegations plausibly

implicate the Takings Clause and related Fifth Amendment protections. Plaintiff

alleges that termination of essential utility service rendered his home temporarily

uninhabitable, constituting a direct interference with the use and enjoyment of real

property. Temporary deprivation of fundamental property use may constitute a

compensable taking. See *First English Evangelical Lutheran Church of Glendale*

*v. County of Los Angeles,* 482 U.S. 304 (1987).

At minimum, Plaintiff has plausibly alleged substantial governmental interference

and concrete harm. TVMA's reliance on takings authorities presents merits

arguments but does not compel dismissal at the pleading stage. In the alternative, if

the Court determines more precise constitutional framing is required, the proper

remedy is leave to amend not dismissal with prejudice.

## VI. TVMA'S MOTION AS TO COUNT VI (PENNSYLVANIA CONSTITUTION) SHOULD BE DENIED IN PART, OR ANY DISMISSAL SHOULD BE NARROWLY LIMITED TO DAMAGES ONLY

Plaintiff acknowledges that Pennsylvania courts generally have not recognized a

broad private damages action directly under Article I of the Pennsylvania

Constitution comparable to 42 U.S.C. § 1983. But TVMA overreaches by seeking

wholesale dismissal of Count VI and by treating Plaintiff's Pennsylvania

constitutional allegations as legally immaterial.

19

A limitation on damages is not the same as erasing state constitutional theories,

particularly where Plaintiff pleads overlapping constitutional protections, seeks

declaratory/equitable relief, and pleads in the alternative.

This includes Plaintiff's reliance on Article I, § 26 (anti-discrimination by the

Commonwealth and political subdivisions) and Article I, § 27 (public trust / natural

resources) as part of the Pennsylvania constitutional framework. TVMA may

dispute ultimate applicability, but those disputes do not justify blanket dismissal at

Rule 12(b)(6).

If the Court narrows Count VI, any ruling should be limited to damages against

TVMA in its municipal capacity and should be without prejudice to Plaintiff's

reliance on Pennsylvania constitutional provisions in support of

equitable/declaratory theories and related claims.

## VII. TVMA'S MOTION SHOULD BE DENIED AS TO COUNT VII (§ 1985 CIVIL CONSPIRACY), OR, IN THE ALTERNATIVE, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND

TVMA argues that Plaintiff could not have been injured or "chilled" because

Plaintiff filed suit and obtained emergency relief. That is an improper pleading-

stage inference. The fact that Plaintiff persisted in asserting rights despite the

alleged conduct does not negate allegations of coordinated intimidation, coercive

pressure, or injury. Plaintiff alleges coordinated conduct involving municipal

actors and law enforcement in connection with shutoff enforcement, dispute-

related pressure, and Plaintiff's exercise of rights. Defendants acted in concert and

pursuant to a shared understanding to carry out the challenged enforcement

conduct.

At the pleading stage, Plaintiff is not required to prove the conspiracy or produce

direct evidence of agreement; plausibility is sufficient. At the pleading stage,

conspiracy may be established through circumstantial allegations of coordinated

conduct and parallel action under color of state law. Direct evidence of agreement

is not required. See *Great Western Mining & Mineral Co. v. Fox Rothschild LLP,*

615 F.3d 159 (3d Cir. 2010).

To the extent TVMA challenges the motive/class-based element of § 1985(3),

dismissal with prejudice is unwarranted. Plaintiff alleges disability-related

targeting and differential treatment in connection with medical-hardship

protections and enforcement conduct. If the Court determines additional specificity

is required as to the conspiracy or motive/class-based element, Plaintiff

respectfully requests leave to amend rather than dismissal with prejudice.

## VIII. TVMA'S ENTITY-SPECIFIC IMMUNITY AND REMEDY ARGUMENTS DO NOT SUPPORT BLANKET DISMISSAL (COUNTS VIII, X, XI, XII, AND PUNITIVE DAMAGES)

Across multiple counts and remedies, TVMA raises arguments that may be

substantial as to TVMA in its municipal capacity (including PSTCA-based entity

immunity, UTPCPL applicability, and punitive damages against municipal

entities), but then seeks relief in an overbroad form that extends beyond the municipal entity and beyond the specific claim or remedy addressed.

TVMA is not entitled to blanket relief. To the extent TVMA's briefing blurs state-law immunity or generalized immunity concepts into Plaintiff's federal constitutional claims, a municipality may not assert qualified or good-faith immunity as a defense to § 1983 liability. *Owen v. City of Independence,* 445 U.S. 622 (1980). Entity-specific arguments do not automatically:

(1) dispose of claims or theories against named individual defendants or Doe defendants;

(2) resolve personal-capacity issues requiring defendant-specific and capacity-specific analysis (including 42 Pa.C.S. § 8550 where Plaintiff alleges willful misconduct, actual malice, fraud, or intentional misconduct);

(3) eliminate underlying factual allegations relevant to surviving constitutional, Monell, conspiracy, equitable, and declaratory claims; or

(4) justify blanket dismissal with prejudice.

Accordingly, if the Court finds any of TVMA's entity-specific arguments persuasive, any ruling should be expressly limited by claim, defendant, and capacity, and should be without prejudice to amendment or clarification as to named individual defendants and Doe defendants.

## IX. APPLICATION TO COUNTS VIII, IX, X, XI, XII, INJUNCTIVE/DECLARATORY RELIEF, AND PUNITIVE DAMAGES

### A. Count VIII (Fraudulent Misrepresentation)

TVMA invokes PSTCA immunity (42 Pa.C.S. § 8541) as to the municipal authority. Even if that may limit a stand-alone common-law fraud claim against TVMA in its municipal capacity, TVMA does not perform the required defendant-specific/capacity-specific analysis as to individuals or Doe defendants, including § 8550 issues. Any ruling should be narrow and should not erase underlying factual allegations of misrepresentation/concealment relevant to other claims.

### B. Count IX (Unjust Enrichment / Rescission)

TVMA's argument depends on disputed merits assumptions (lawful procedures, undisputed delinquency, proper fees). Plaintiff alleges defective notice/procedure, disputed billing, and wrongful shutoff-related charges. Those factual disputes cannot be resolved in TVMA's favor on Rule 12(b)(6). At most, the Court may later narrow specific equitable theories or remedy components, but wholesale dismissal is unwarranted at this stage.

### C. Count X (UTPCPL)

Plaintiff acknowledges TVMA's substantial argument under Meyer as to UTPCPL applicability to TVMA in its municipal capacity. But any ruling should be limited to TVMA in that capacity and should not be used to eliminate Plaintiff's factual

allegations of deceptive conduct, inconsistent billing representations, concealment, and unfair practices, which remain relevant to other claims.

**D. Count XI (IIED)**

TVMA's PSTCA argument is entity-specific and does not automatically resolve personal-capacity or Doe-defendant issues, including 42 Pa.C.S. § 8550 analysis. TVMA's alternative argument under Hoy also depends on factual minimization and defense-favorable inferences. Any dismissal, if any, should be narrowly limited by defendant and capacity and should not erase Plaintiff's emotional-harm allegations from the case.

**E. Count XII (Breach of Fiduciary Duty)**

To the extent PSTCA immunity may bar a stand-alone fiduciary-duty tort claim against TVMA in its municipal capacity, TVMA still is not entitled to blanket dismissal across defendants/capacities or elimination of factual allegations underlying other claims and equitable theories. Any ruling should be expressly limited and without prejudice as to individuals/Doe defendants and amendment.

**F. Injunctive and Declaratory Relief**

TVMA's mootness argument is a transparent attempt to rewrite the pleadings by collapsing this case into a single past restoration event. That is not what Plaintiff

alleges. Plaintiff alleges continuing and repeated disputes concerning shutoff procedures, notice requirements, billing disputes, disability/medical protections, and post-restoration enforcement conduct. A temporary restoration of service after emergency court intervention does not moot claims for prospective and declaratory relief where Plaintiff plausibly alleges an ongoing controversy and a realistic threat of repeated harm arising from the same challenged practices. Under the voluntary cessation doctrine, a defendant's cessation of challenged conduct does not moot a case unless it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur. See *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 189-90 (2000).

TVMA's position is also inconsistent with utility-shutoff precedent recognizing that restoration does not automatically moot a live controversy when disputed balances remain and future shutoff risk persists. In *Alan B. Ziegler,* the Commonwealth Court rejected a mootness argument where a disputed balance remained and the plaintiff continued to face risk of future shutoff, such that judicial relief would still have practical effect. Plaintiff alleges the same essential circumstance here: ongoing disputes concerning billing/procedure, notice compliance, disability/medical protections, and repeated or threatened enforcement conduct after restoration. At bottom, TVMA asks the Court to accept Defendants' preferred version of events and declare the controversy over while Plaintiff alleges

25

the opposite. Rule 12(b)(6) does not permit that. TVMA has not established

mootness at the pleading stage.

## **G**. Punitive Damages

Plaintiff acknowledges TVMA's substantial argument that punitive damages are

unavailable against municipal entities under *City of Newport* and Pennsylvania

law. But that is, at most, a remedy limitation as to TVMA in its municipal capacity

only. It does not dispose of punitive-damages requests against named individual

defendants or Doe defendants in their individual capacities where otherwise

permitted and supported by the facts. Any ruling must be defendant-specific and

capacity-specific.

## **X. CONCLUSION**

Dismissal is particularly inappropriate where, as here, the motion depends on

competing factual narratives and alternative inferences rather than legal

insufficiency. Defendant's motion ultimately asks the Court to resolve factual

disputes, credit Defendant's preferred narrative, and reject reasonable inferences

supporting Plaintiff's claims. That is not the function of Rule 12(b)(6). Accepting

the well-pleaded allegations as true as the Court must at this stage, Plaintiff has

plausibly alleged constitutional and statutory violations arising from Defendants'

conduct. Whether Plaintiff can ultimately prove those allegations is a question for

discovery and later stages of litigation, not a basis for dismissal at the pleading phase. Accordingly, Defendant's motion should be denied.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant TVMA's Motion to Dismiss pursuant to Rule 12(b)(6).

In the alternative, to the extent the Court determines that any claim, theory of relief, or remedy is insufficiently pleaded or unavailable as to TVMA in its municipal capacity, Plaintiff respectfully requests that the Court:

1. make any ruling narrowly and expressly by claim, defendant, and capacity;

2. decline to extend entity-specific arguments to named individual defendants or Doe defendants without defendant-specific and capacity-specific analysis;

3. preserve Plaintiff's ability to rely on the underlying factual allegations in support of remaining claims and forms of relief; and

4. grant leave to amend under Fed. R. Civ. P. 15(a)(2) to clarify, narrow, or replead any claim or request for relief the Court finds deficient.

Plaintiff further requests such other and further relief as the Court deems just and proper.

Respectfully submitted,
/s/ Dion Storm Holland
Dion Storm Holland, Pro Se
In care of: 566 High Street
Jersey Shore, Pennsylvania 17740
(814) 574-9664 subarudion@gmail.com
Dated: March 2nd, 2026

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of March 2026, I caused a true and correct copy of the foregoing Brief in Opposition to Defendant TVMA's Motion to Dismiss the Second Amended Complaint to be served by electronic filing through the Court's CM/ECF system, which constitutes service under Fed. R. Civ. P. 5(b)(2)(D), upon the following counsel of record:

Sean P. McDonough, Esq. (PA I.D. #47428)

Dougherty, Leventhal & Price, LLP

459 Wyoming Avenue

Kingston, PA 18704

E-mail: smcdonough@dlplaw.com


Michael J. Crocenzi, Esq. (PA I.D. #66255)

Barley Snyder

100 East Market Street

York, PA 17401

E-mail: mcrocenzi@barley.com


Sarah L. Doyle, Esq. (PA I.D. #321149)

Barley Snyder

100 East Market Street

York, PA 17401

E-mail: sdoyle@barley.com

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Dion Storm Holland

Dion Storm Holland, Pro Se

In Care of: 566 High Street

Jersey Shore, Pennsylvania 17740

(814) 574-9664 subarudion@gmail.com