EXHIBIT "A"

June 30, 2025 Order of Judge Carlucci

**IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| **DION STORM HOLLAND,** | : | No. CV-2025-00952 |
| Plaintiff | : | |
| | : | |
| VS | : | **CIVIL ACTION - LAW** |
| | : | |
| **JERSEY SHORE AREA JOINT** | : | |
| **WATER AUTHORITY,** | : | |
| Defendant | : | **PETITION FOR PRELIMINARY INJUNCTION** |

### O R D E R

AND NOW, this 30th day of June, 2025, after hearing on Plaintiff's Emergency Motion for Preliminary Injunctive Relief filed June 27th, 2025, the Court finds by clear and convincing evidence that the Defendant posted a termination notice introduced into evidence as Defendant's Exhibit 2 more than ten (10) days prior to the termination of water service. The Court further finds by clear and convincing evidence that the Defendant failed to mail the same notice to "the person liable for payment of the rentals and charges and the owner of the property or property manager".

The written documents introduced as Plaintiff's Exhibits A through L consisting of 22 pages do not satisfy the statute with regard to the claim of a just defense because those documents do not indicate that the Plaintiff ever delivered a written statement under oath or affirmation and those documents do not include a statement that "the statement was not executed for the purpose of delay." Therefore, the Plaintiff has not established that the Plaintiff served notice of a bona fide

1

dispute consistent with the terms of the statute. However, the Court notes that the statute provides that "in no case shall the water supply to premises be shut off until ten days after a written notice of intention to do so has been posted at the main entrance and mailed to the person liable for payment of the rentals and charges and the owner of the property or property manager."

Defendant concedes that Defendant never mailed Defendant's Exhibit 2 to anyone. Thus, the termination notice was never mailed to anyone as required by the statute. For that reason, Plaintiff's Emergency Motion for Preliminary Injunctive Relief is granted in part.

Defendant is directed, within twenty-four (24) hours of the filing of this Order to restore water service to 566 High Street, Jersey Shore, Pennsylvania. That water service may be terminated after ten (10) days after mailing and posting of a new termination notice, unless Plaintiff provides a written notice in the form required by the statute.

BY THE COURT,

WILLIAM P. CARLUCCI, JUDGE

cc: Dion Holland – 566 High Street, Jersey Shore, PA 17740
    Paul Ryan, Esquire
        Coploff, Ryan & Houser
        136 East Water Street, Lock Haven, PA 17745
WPC/clj

2