IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DION STORM HOLLAND | |
| Plaintiff, | |
| v. | Civil Action No. 4:25-cv-01323-DFB |
| JERSEY SHORE AREA JOINT WATER AUTHORITY, | The Honorable Daryl F. Bloom |
| TIADAGHTON VALLEY MUNICIPAL AUTHORITY, | Electronically Filed |
| ERIC JOHNSTON, | |
| TIMOTHY CONFAIR, | |
| and | |
| JOHN DOE 1-5 in their individual capacities, | |
| Defendants. | |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

BARLEY SNYDER

Michael J. Crocenzi, Esquire (#66255)
mcrocenzi@barley.com
Sarah L. Doyle, Esquire (#321149)
sdoyle@barley.com
100 East Market Street
York, PA  17401
Telephone (717) 846-8888

Date: March 16, 2026

*Counsel for Tiadaghton Valley Municipal Authority*

14016636.1

## ARGUMENT

I. **PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW DUE TO THE FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

1. <u>42 U.S.C. § 1983 Claims</u>

*A. Procedural Due Process*

Plaintiff's procedural due process claim does not set forth a policy or custom of Defendant TVMA that caused his alleged injuries. Plaintiff continues to fail to identify any such policy or custom in his Brief in Opposition. Regardless of his allegations that he possesses a protected property interest, that he was not mailed notice of termination, or that his medical documentation was not considered, his claim fails as a matter of law without identification of an unconstitutional policy or custom of TVMA.

Lacking any allegation of unconstitutional policy or custom, Plaintiff must proceed with his claims under the failure to supervise/train theory of § 1983 liability. Again, however, Plaintiff's pleadings fall short. He makes no plausible allegation that TVMA has a pattern of engaging in constitutional violations. As such, he must proceed on a single-incident basis to succeed in his claim. The single incident he relies upon is the deprivation of water service that occurred from June 23, 2025 to June 30, 2025. He then broadly states that constitutional injury from defective notice and dispute procedures is foreseeable. While that may be true in hypothetical

contexts, Plaintiff conveniently fails to mention that he had actual notice of the impending termination in this case. Defendants caused a notice to be posted on the entryway to his home. Thus, while the notice process in this matter was statutorily deficient under state law (failure to mail), there was no evidence that the Defendants would repeat the behavior, much less that an actual procedural due process violation as contemplated by the Fourteenth Amendment occurred.

### B. First Amendment Retaliation

The same arguments apply to Plaintiff's assertion that he plausibly pleaded a First Amendment retaliation claim. He asserts no policy or custom, and as such must show failure to train/supervise. Again, while he makes cumulative arguments in his Brief in Opposition, he fails to show how he was retaliated against for taking any of the actions he alleges he took. For example, when he submitted his medical documentation and billing dispute paperwork after receiving notice of shutoff (which is what TVMA assumes he asserts is protected speech), he fails to show how that led to termination of water service in response to the "protected speech." JSAJWA told Plaintiff they were going to shut off his water, and then it did. There is no causal connection between his alleged protected speech and the deprivation established by Plaintiff in his Second Amended Complaint as is required for a retaliation claim.

Therefore, Count I should be dismissed.

14016636.1

### 2. Fourth and Fifth Amendment Claims

Plaintiff sets forth sweeping arguments regarding government intrusion and interference with property rights but fails to acknowledge the specifics of his claims pled in the Second Amended Complaint. As set forth in *Jones* and *Marshall*, there is no "search" as set forth in the Fourth Amendment unless the trespass by the government is for the purpose of investigating a crime or instituting criminal proceedings. *United States v. Jones*, 565 U.S. 400, 407 (S. Ct. 2012); *see also Marshall v. United States*, 422 F.2d 185, 189 (5th Cir. 1970). Neither circumstance is alleged to exist here.

Further, Plaintiff makes no assertion of how the termination of water service for a period of seven days causes an economic impact on the Plaintiff's property interests such that Fifth Amendment taking occurred. The property is currently in receipt of water and sewer service, and Plaintiff alleges no monetary loss due to the termination of services that relates to the value or investment-backed expectations of his property. Again, Plaintiff's claim is legally insufficient.

### 3. Municipal Immunity

Plaintiff admits that his tort claims are barred under the Pennsylvania Tort Claims Act and that his punitive damages claims should be dismissed as they pertain to TVMA. As such, Plaintiff's claims of fraudulent misrepresentation, UTPCL violations, IIED, and breach of fiduciary duty, which are all state law

4

claims, as well as his punitive damages claim, should be dismissed in their entirety against TVMA.

### 4. Declaratory Judgment and Injunction Claims

TVMA's mootness argument only pertains to Plaintiff's claims for relief in the form of declaratory judgment and injunction. Despite Plaintiff's assertions, TVMA does not argue that the underlying claims are moot; rather, that the facts pled to support Plaintiff's requests for declaratory judgment and injunction are insufficient. Specifically, Plaintiff does not plead ongoing harm that is appropriate for injunctive relief, and Plaintiff only indicates he is seeking a declaration that past conduct violates the law, which is improper. This is in contrast to *Ziegler*, in which the issue was whether the appeal itself was moot, not the relief requested. *Ziegler v. City of Reading*, No. 1060 C.D. 2013, 2014 WL 273804, at *3 (Pa. Commw. Ct. Jan. 24, 2014).

## CONCLUSION

For the foregoing reasons, and the reasons set forth in TVMA's Brief in Support of its Motion to Dismiss, Plaintiff's claims should be dismissed for failure to state a claim.

                                        Respectfully submitted,

                                        BARLEY SNYDER

By:    */s/ Sarah L. Doyle*
       Michael J. Crocenzi, Esquire (#66255)
       mcrocenzi@barley.com
       Sarah L. Doyle, Esquire (#321149)
       sdoyle@barley.com
       100 East Market Street
       York, PA  17401
       Telephone (717) 846-8888
       *Counsel for Tiadaghton Valley Municipal Authority*

Date:  March 16, 2026

14016636.1

## CERTIFICATE OF SERVICE

I certify that on this 16th day of March, 2026, the foregoing Reply Brief in Support of Motion to Dismiss was electronically filed and available for downloading from the ECF system and, pursuant to Fed. R.C.P. 5(b)(2)(D), such electronic filing constitutes service of the foregoing document on the following parties who have consented to electronic service:

Sean P. McDonough, Esquire
Dougherty Leventhal & Price, LLP
459 Wyoming Avenue
Kingston, PA  18704
*Counsel for Defendant Jersey Shore
Area Joint Water Authority and Eric Johnston*


Dion Storm Holland
566 High Street
Jersey Shore, PA  17740
*Pro Se Plaintiff*

Respectfully submitted,

BARLEY SNYDER

By:   /s/ Sarah L. Doyle
Michael J. Crocenzi, Esquire (#66255)
mcrocenzi@barley.com
Sarah L. Doyle, Esquire (#321149)
sdoyle@barley.com
100 East Market Street
York, PA  17401
Telephone (717) 846-8888
*Counsel for Tiadaghton Valley Municipal Authority*

Date: March 16, 2026

14016636.1