**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DION STORM HOLLAND<br><br>Plaintiff,<br><br>v.<br><br>JERSEY SHORE AREA JOINT WATER AUTHORITY,<br><br>TIADAGHTON VALLEY MUNICIPAL AUTHORITY,<br><br>ERIC JOHNSTON,<br><br>TIMOTHY CONFAIR,<br><br>and<br><br>JOHN DOE 1-5 in their individual capacities,<br><br>Defendants. | Civil Action No. 4:25-cv-01323-DFB<br><br>The Honorable Daryl F. Bloom<br><br>Motion to Dismiss Decided by Magistrate Judge Carlson<br><br>Electronically Filed |

# DEFENDANT TIADAGHTON VALLEY MUNICIPAL AUTHORITY'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

**BARLEY SNYDER**
Michael J. Crocenzi, Esquire (#66255)
mcrocenzi@barley.com
Sarah L. Doyle, Esquire (#321149)
sdoyle@barley.com
100 East Market Street
York, PA 17401
Telephone (717) 846-8888
*Counsel for Tiadaghton Valley Municipal Authority*

Date: October 12, 2026

# TABLE OF CONTENTS


Procedural and Factual Background ........ 1

Standard of Review ........ 3

Argument ........ 3

I. THE REPORT AND RECOMMENDATION CORRECTLY RECOMMENDS DISMISSAL OF THE PROCEDURAL DUE PROCESS CLAIM ........ 3

- A. The Due Process Clause does not constitutionalize every alleged violation of state procedure. ........ 4
- B. Plaintiff's allegations do not establish that he was denied a meaningful opportunity to be heard. ........ 4
- C. The dispute over the amount due does not alter the constitutional analysis. ........ 6
- D. Post-deprivation state-court relief is relevant to the adequacy of the overall process. ........ 7

II. ANY FIRST AMENDMENT RETALIATION OR PETITION CLAUSE THEORY FAILS TO STATE A CLAIM. ........ 8

- A. Plaintiff does not plead defendant-specific facts connecting TVMA to the alleged police warning. ........ 8
- B. The alleged warning does not plausibly constitute actionable adverse action by TVMA. ........ 9
- C. Plaintiff does not plausibly plead retaliatory causation. ........ 9

III. PLAINTIFF'S OBJECTIONS DO NOT CURE THE DEFECTS IN THE EQUAL PROTECTION CLAIM. ........ 10

IV. THE FOURTH AMENDMENT SEARCH AND SEIZURE AND FIFTH AMENDMENT TAKINGS CLAIMS REMAIN LEGALLY INSUFFICIENT. ........ 12

- A. The alleged entry to access utility equipment does not state an unreasonable search or seizure. ........ 12
- B. The temporary termination of service is not a compensable taking. ........ 13

V. PLAINTIFF HAS NOT PLEADED A VIABLE BASIS FOR MUNICIPAL LIABILITY ........ 14

- A. The failure-to-train allegations are conclusory. ........ 14

B. The complaint does not identify a final policymaker or a policymaking decision....15

C. No underlying constitutional violation is plausibly alleged....16

VI. PLAINTIFF'S SECTION 1985(3) CONSPIRACY CLAIM REMAINS DEFICIENT....16

VII. THE OBJECTIONS DO NOT SAVE PLAINTIFF'S STATE-LAW CLAIMS....17

A. The Pennsylvania constitutional count is redundant and does not support damages....17

B. The UTPCPL claim fails against TVMA as a matter of law....17

C. The fraud, IIED, and fiduciary-duty claims fail against TVMA....18

D. The unjust enrichment claim remains defective....18

VIII. THE COURT SHOULD REJECT PLAINTIFF'S REQUEST FOR BLANKET LEAVE TO AMEND....19

Conclusion....21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Archer v. York City Sch. Dist.*,
No. 1:13-CV-2826, 2014 WL 12884086 (M.D. Pa. Feb. 27, 2014) ....................11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................................................................................3

*Bd. of Trs. of Univ. of Alabama v. Garrett*,
531 U.S. 356 (2001)..................................................................................11

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)..............................................................................3, 11

*Collins v. City of Harker Heights, Tex.*,
503 U.S. 115 (S. Ct. 1992)..........................................................................4

*Connick v. Thompson*,
563 U.S. (2011)........................................................................................14

*Corliss v. O'Brien*,
200 F. App'x 80 (3d Cir. 2006) .................................................................17

*Foman v. Davis*,
371 U.S. 178 (1962)..................................................................................19

*Gagliardi v. Clark*,
2006 WL 2847409 ....................................................................................12

*Kneipp v. Tedder*,
95 F.3d 1199 - 1213 (3d Cir. 1996) ..........................................................15

*Krouse v. Am. Sterilizer Co.*,
126 F.3d 494 (3d Cir. 1997) ................................................................9, 10

*Logan v. Zimmerman Brush Co.*,
455 U.S. 422 (1982)....................................................................................7

*Loomis v. Montrose Borough Police Dep't*,
No. 3:20-CV-1610, 2021 WL 2865290 (M.D. Pa. July 8, 2021)..................14, 15

*Memphis Light, Gas & Water Division v. Craft*,
436 U.S. 1 (1978)....................4, 5

*Meyer v. Community College of Beaver County*,
93 A.3d 806 (Pa. 2014)....................17, 18

**Page(s)**

*Mirabella v. Villard*,
853 F.3d 641 (3d Cir. 2017)....................8, 9

*Monell v. Department of Social Services*,
436 U.S. 658 (1978)....................2, 14, 15, 16

*Ransom v. Marrazzo*,
848 F.2d 398 (3d Cir. 1988)....................4

*Tulio v. Lansdale Borough*,
660 F. Supp. 3d 368 (E.D. Pa. 2023), aff'd, 2023 WL 8711822 (3d Cir. Dec. 18, 2023)....................13

*United States v. Jiles*,
658 F.2d 194 (3d Cir. 1981)....................4

*Ziegler v. City of Reading*, No. 1060 C.D. 2013 (Pa. Cmwlth. Jan. 24, 2014)....................5, 6

**Statutes**

42 Pa.C.S. §§ 8541-8542....................18

28 U.S.C. § 636(b)(1)....................3

**Other Authorities**

F.R.C.P. 8....................8

F.R.C.P. 9(b)....................18

F.R.C.P. 12....................2

F.R.C.P. 12 (b)(6)....................1, 3

F.R.C.P. 72(b)(3)....................3

Pennsylvania Municipal Authorities Act Section 5610(e)....................15

## Procedural and Factual Background

Plaintiff Dion Storm Holland commenced this action after a temporary interruption of water service at his residence. The operative Second Amended Complaint (Doc. 72) asserts thirteen federal and state claims against the Jersey Shore Area Joint Water Authority ("JSAJWA"), Tiadaghton Valley Municipal Authority ("TVMA"), two individual defendants, and John Doe defendants. On February 3, 2026, TVMA moved to dismiss Counts I and IV through XIII and certain requests for relief under Federal Rule of Civil Procedure 12 (b)(6). On February 4, 2026, JSAJWA moved to dismiss all claims pursuant to F.R.C.P. 12 (b)(6).

On September 16, 2026, Magistrate Judge Carlson issued a Report and Recommendation ("R&R") recommending that the motions to dismiss be granted in part and denied in part. The R&R recommends that the institutional Title II ADA claim proceed, that the Rehabilitation Act claim be dismissed without prejudice, and that all remaining claims be dismissed with prejudice. Plaintiff filed fifteen objections and a supporting brief, together with supplemental records directed principally to the Rehabilitation Act funding element.

Plaintiff's objections do not establish that the R&R reached an incorrect disposition. While several objections state that the R&R contains imprecise descriptions, including its statement that the Second Amended Complaint does not specifically state a First Amendment claim, an objection to wording does not save a

claim that remains deficient under the governing elements. The Court may adopt the R&R's recommended disposition for any ground supported by the record and applicable law.

The central due process facts are not materially disputed for purposes of the objections. Plaintiff received actual advance notice of the proposed termination; submitted written materials challenging the account and raising a claimed medical emergency; knew that termination remained threatened; and obtained restoration through a state-court proceeding. Plaintiff's theory is that the Defendants failed to mail a second form of notice and failed to provide the type of investigation he believes was required. Those allegations may support an asserted violation of state procedure, which was addressed by the state court. They do not, without more, plausibly establish a federal constitutional violation by TVMA.

The objections also expand or reorganize theories that were not plausibly pleaded against TVMA. Plaintiff attempts to recast generalized allegations as a First Amendment retaliation claim, a final-policymaker *Monell* claim, a disability-based Section 1985 conspiracy, and multiple individual state-law claims. But, a F.R.C.P. 12 review remains confined to the operative pleading and documents properly considered with it. A party may not amend a complaint through objections or briefing.

## Standard of Review

Under 28 U.S.C. § 636(b)(1) and F.R.C.P. 72(b)(3), the District Court reviews *de novo* those portions of a report and recommendation to which a proper, specific objection is made. *De novo* review does not alter the Rule 12(b)(6) pleading standard. The Court accepts well-pleaded factual allegations as true, but it need not accept legal conclusions, conclusory characterizations, or unwarranted inferences. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).

The question is not whether the complaint uses the vocabulary of a cause of action, but whether its factual content permits a reasonable inference that each defendant is liable for the alleged misconduct. A plaintiff cannot cure a deficient complaint by adding facts or theories in a brief. Nor does liberal construction of a *pro se* pleading relieve a litigant of the obligation to allege facts supporting each element of a claim.

## Argument

### I. THE REPORT AND RECOMMENDATION CORRECTLY RECOMMENDS DISMISSAL OF THE PROCEDURAL DUE PROCESS CLAIM.

Objections I, II, IV, and IX turn on the assertion that Plaintiff's written billing disputes were not investigated before termination. Even accepting that allegation, the Second Amended Complaint does not plausibly allege that TVMA denied constitutionally sufficient process.

A. The Due Process Clause does not constitutionalize every alleged violation of state procedure.

The Fourteenth Amendment protects an established customer's property interest in continued water service. *Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1, 9 (1978); *Ransom v. Marrazzo*, 848 F.2d 398, 409 (3d Cir. 1988). The existence of that interest does not mean that every departure from a state statute, municipal rule, or preferred procedure is a federal constitutional violation. The constitutional inquiry concerns the process provided as a whole, not whether every state-law requirement was followed perfectly. *United States v. Jiles*, 658 F.2d 194, 200 (3d Cir. 1981).

Plaintiff acknowledges actual advance notice and an opportunity to communicate objections. He was aware of the threatened deprivation, submitted a written challenge and medical materials, and pursued judicial review that restored service. The state court's conclusion that an additional mailed notice was required under state law does not itself establish that the federal Constitution was violated. Section 1983 does not provide a remedy for a violation of state law standing alone. *Collins v. City of Harker Heights, Tex*., 503 U.S. 115, 119 (S. Ct. 1992).

B. Plaintiff's allegations do not establish that he was denied a meaningful opportunity to be heard.

*Memphis Light* requires notice reasonably calculated to inform the customer of a procedure for contesting the proposed termination and an opportunity to present

the complaint to personnel empowered to review disputed bills and correct error. *Memphis Light*, 436 U.S. at 16 n.17; 18-22. It does not require a formal evidentiary hearing, a written decision, or a formal adjudication favorable to the Authority before service may be terminated.

Plaintiff's pleading and exhibits show that he communicated his dispute before termination. In fact, part of his claims rely on allegations that he hand delivered certain of his objections to key personnel, namely, Eric Johnston and Timothy Confair. (Doc. 72, ¶20.) His objections now equate the absence of the response he wanted with the absence of any opportunity to be heard. That inference is not compelled by *Memphis Light*.

More importantly as to TVMA, the pleading does not identify that TVMA ever received the June 11, June 20, or July 2 submissions, that TVMA had authority to review them or correct errors, or what action by TVMA prevented review. Conclusions that the materials were 'unacknowledged and uninvestigated' do not supply defendant-specific facts showing TVMA's deprivation of process.

Plaintiff relies heavily on *Ziegler v. City of Reading*, an unreported Pennsylvania Commonwealth Court decision. There, the court stated that the record of the evidentiary proceedings contained no indication that the authority considered the customer's complaint or offered consultation with empowered personnel. *Ziegler v. City of Reading*, No. 1060 C.D. 2013, slip op. at 8-9 (Pa. Cmwlth. Jan. 24, 2014).

However, here, Plaintiff states that, "Defendants deemed [his Affidavit of Billing Error and Demand for Forensic Audit & Notice of Medical Emergency Conditional Acceptance Disputing all Charges] 'insufficient.'" (Doc. 72, ¶ 19.a.) The state court agreed, noting that the Affidavit did not assert that the Affidavit was "not for the purpose of delay" as required by Water Services Act. (Doc. 10-1, Exhibit T.) As such, as pled, the Defendants did review his complaint and determined it was insufficient, which is different from *Ziegler*, where the Authority apparently ignored the complaints submitted by the customer.

Further, *Ziegler* is nonprecedential state authority (*see*, Commonwealth Court internal operating procedures, Section 414) and does not hold that a customer states a federal damages claim whenever a utility does not issue a written response before termination.

C. The dispute over the amount due does not alter the constitutional analysis.

Plaintiff objects to references to an outstanding balance as though those references adjudicated the billing dispute. They do not. TVMA's position does not require the Court to determine the precise amount due. The relevant point is that 1) the threatened termination arose from a billing dispute, 2) Plaintiff received actual notice of the delinquency, and 3) procedures existed through which he ultimately successfully challenged the proposed action. Even if Plaintiff disputed that any

amount was due, that dispute does not itself establish that the available procedures were constitutionally inadequate.

Plaintiff's reliance on *Logan v. Zimmerman Brush Co*. is misplaced. *Logan* involved the state's failure to convene a hearing within a statutory period, resulting in complete destruction of the claimant's property interest. *Logan v. Zimmerman Brush Co*., 455 U.S. 422, 434 (1982). Plaintiff's own allegations show that he was able to present his dispute, seek emergency judicial relief, obtain restoration, and continue litigating his claims.

D. <u>Post-deprivation state-court relief is relevant to the adequacy of the overall process.</u>

Plaintiff argues that later judicial relief cannot substitute for pretermination process. TVMA does not contend that post-deprivation review always excuses the absence of required pre-deprivation process. The point is narrower: the full procedural framework matters in this specific case, and Plaintiff's successful resort to state court confirms that he was not denied all meaningful review. The alleged deprivation was temporary, and the state court promptly restored service based on the notice defect it identified (though it noted that Plaintiff's objection was also defective).

At minimum, the allegations do not plausibly show that TVMA maintained or implemented an unconstitutional procedure. The Court should overrule Objections I, II, and IV and adopt the recommended dismissal of Count I as to TVMA.

## II. ANY FIRST AMENDMENT RETALIATION OR PETITION CLAUSE THEORY FAILS TO STATE A CLAIM.

Objection III correctly notes that the Second Amended Complaint references the First Amendment, even though it was not pled as a separate count. The R&R's statement that the complaint did not specifically state a First Amendment claim is therefore imprecise. But that does not require rejection of the recommended disposition. Assuming the theory is properly before the Court, the pleaded facts do not plausibly establish retaliation or an unconstitutional restriction on petitioning by TVMA.

### A. Plaintiff does not plead defendant-specific facts connecting TVMA to the alleged police warning.

A First Amendment retaliation claim requires a constitutionally protected activity, retaliatory action sufficient to deter a person of ordinary firmness from exercising his or her constitutional rights, and a causal connection between the two. *Mirabella v. Villard*, 853 F.3d 641, 649 (3d Cir. 2017). Paragraph 23 of the Second Amended Complaint alleges generally that "Defendants" caused police to appear and that officers warned Plaintiff about continued contact. Group pleading is insufficient pursuant to F.R.C.P. 8; the allegation does not identify any constitutionally protected speech that TVMA retaliated against or facts supporting an inference that TVMA requested a threat or no-contact directive because of protected activity.

B. The alleged warning does not plausibly constitute actionable adverse action by TVMA.

*Mirabella* recognizes that governmental speech is actionable only when it amounts to a threat, coercion, or intimidation intimating that punishment, sanction, or adverse regulatory action will follow. *Mirabella*, 853 F.3d at 651. Plaintiff alleges no arrest, citation, prosecution, or actual denial of access. He filed suit shortly thereafter, obtained a hearing, secured restoration, and continued petitioning. Although actual deterrence is not an element, the surrounding allegations inform whether the alleged communication objectively rose above criticism, advice, or a channeling of communications.

The allegation that officers said continued contact regarding his billing dispute "could turn criminal" is not attributed to TVMA and lacks the context needed to show an actionable threat. The officer never said that Plaintiff should not file suit or take other protected actions. The officer simply stated that his actions may become criminal in nature if they continued, i.e., his continued contact with the "Defendants" about his dispute. Without an actual threat related to filing suit or some other coercive action that would reasonably prevent a person from exercising their rights, Plaintiff's retaliation claim must fail.

C. Plaintiff does not plausibly plead retaliatory causation.

Temporal sequence alone is insufficient where the challenged conduct arose from the same ongoing billing and access dispute. *Krouse v. Am. Sterilizer Co.*, 126

F.3d 494, 503 (3d Cir. 1997). Like in *Krouse*, there is no "unusually suggestive" retaliatory action, like a dismissal from employment only two days after the filing of a claim of discrimination. The complaint does not allege facts showing that TVMA sought police involvement or restricted Plaintiff's direct communications with the court *because* Plaintiff engaged in protected activity. Nor does it identify statements by a TVMA policymaker reflecting retaliatory motive. The causation allegations remain conclusory.

The later July 9 incident does not cure the deficiency. Plaintiff characterizes it as a warrantless towing threat following his lawsuit and state-court order, but he does not allege that TVMA towed his vehicle, prosecuted him, prevented access to court, or took any other concrete action because he petitioned. The June 30 order also expressly contemplated a later termination process if statutory requirements were met. The existence of continued dispute over billing after the state court order does not plausibly establish retaliation.

Accordingly, the Court may clarify that the First Amendment was referenced (though not set forth as a separate cause of action) while still dismissing the theory for failure to state a claim.

## III. PLAINTIFF'S OBJECTIONS DO NOT CURE THE DEFECTS IN THE EQUAL PROTECTION CLAIM.

Objection VII points to paragraphs 52 and 53 of the Second Amended Complaint, which allege that other customers received favorable treatment in billing

disputes. Those paragraphs recite the comparator element but do not plead facts showing that any comparator was similarly situated in all relevant respects in this situation. The complaint does not identify the comparators, their account status, the nature and timing of their disputes, the documentation they supplied, the officials involved, or the conditions governing termination.

*Phillips v. County of Allegheny* does not eliminate the plausibility requirement, and was decided pre-*Iqbal*. "Plaintiffs must identify similarly situated individuals and occasions or circumstances of differential treatment to survive a motion to dismiss." *Archer v. York City Sch. Dist.*, No. 1:13-CV-2826, 2014 WL 12884086, at *9 (M.D. Pa. Feb. 27, 2014). Even if a comparator need not always be named, the complaint must provide facts permitting a reasonable inference of materially similar circumstances and intentional differential treatment. A generalized assertion that "other customers" received accommodations is a formulaic recital and does not raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). There is simply not enough information pled to allow TVMA to adequately respond and prepare its defense.

The alternative disability-based theory fares no better. Disability is not a suspect classification for equal protection purposes, and rational-basis review applies. *Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 366 (2001). Curtailing service based on a perceived unpaid account is rationally related to the

legitimate governmental interest in collecting charges and maintaining utility operations. Plaintiff's disagreement with the unpaid account balance or method of collection does not negate every conceivable rational basis.

## IV. THE FOURTH AMENDMENT SEARCH AND SEIZURE AND FIFTH AMENDMENT TAKINGS CLAIMS REMAIN LEGALLY INSUFFICIENT.

### A. The alleged entry to access utility equipment does not state an unreasonable search or seizure.

Objection VIII attempts to distinguish between abstract access to service and physical entry onto the front yard or curtilage. The distinction does not save Count IV. The alleged entry was for the limited purpose of accessing utility infrastructure and terminating service, not gathering information, conducting a criminal investigation, or seizing household property. Courts have repeatedly rejected Fourth Amendment claims arising from comparable utility access.

*Gagliardi v. Clark* held that access to utility service is not a protected personal effect and dismissed a Fourth Amendment seizure claim arising from termination of water service. *Gagliardi v. Clark,* 2006 WL 2847409, at *14. Plaintiff relies on the general seizure standard set forth in *Soldal* and *Jacobsen* but does not identify a possessory interest in property with which TVMA meaningfully interfered. The complaint does not allege that TVMA took possession of Plaintiff's lines, meter, fixtures, or real property.

Even assuming the front yard was curtilage, the complaint must plausibly allege an unreasonable governmental intrusion to establish a search. The asserted purpose and scope of entry were tied to utility service. The JSAJWA's rules allow the Authority "free access to all parts of the property to property to which water is delivered for the purposes of inspection, examination of fixtures, etc…". See, Doc. 10-1, Exhibit F, Section IV. Subsection E. Here, that is exactly what occurred for a legitimate governmental purpose of shutting off water for non-payment.

B. The temporary termination of service is not a compensable taking.

*Tulio v. Lansdale Borough* is directly persuasive. It rejected a takings claim arising from termination of water service for nonpayment because no physical appropriation occurred and the municipality acted within its legitimate interest in providing and regulating utility service. *Tulio v. Lansdale Borough,* 660 F. Supp. 3d 368, 379-81 (E.D. Pa. 2023), aff'd, 2023 WL 8711822 (3d Cir. Dec. 18, 2023).

Plaintiff alleges a temporary loss of service, not governmental appropriation of private property for public use. He does not plead facts satisfying *Lucas* or *Penn Central*, including denial of all economically beneficial use, interference with investment-backed expectations, or a regulatory burden equivalent to appropriation. The contention that he could not fully use household property during the interruption describes consequential effects of lost service, not a taking of that property. The Court should overrule Objection VIII.

## V. PLAINTIFF HAS NOT PLEADED A VIABLE BASIS FOR MUNICIPAL LIABILITY.

Objection X argues that the R&R analyzed failure to train while overlooking a final-policymaker route. However, the objection does not identify well-pleaded facts establishing *either* route against TVMA.

### A. The failure-to-train allegations are conclusory.

A municipality is not liable merely because an employee allegedly violated federal law. *Monell v. Department of Social Services*, 436 U.S. 658, 691-94 (1978). A failure-to-train claim requires deliberate indifference and a direct causal connection. Ordinarily, a plaintiff must identify a pattern of similar constitutional violations or a narrow circumstance in which the unconstitutional consequence of failing to train is patently obvious. *Connick v. Thompson*, 563 U.S. at 62 (2011); *Loomis v. Montrose Borough Police Dep't*, No. 3:20-CV-1610, 2021 WL 2865290, at *4 n.4 (M.D. Pa. July 8, 2021).

Paragraphs 131 through 135 of the Second Amended Complaint recite training subjects and legal standards. They do not identify prior similar incidents, reports to policymakers, deficient training materials, policymaker decisions, or facts showing that TVMA consciously disregarded a known risk. Allegations about several events in Plaintiff's singular billing dispute do not establish a constitutional injury. Instead, what is established is that 1) the employees posted notice regarding the termination of service, 2) provided Plaintiff time to correct the delinquency, 3)

Plaintiff failed to provide the proper just defense for non-payment, and 4) employees immediately restored service after the State court found a minor deficiency in their procedure. As such, Plaintiff has failed to establish a failure-to-train *Monell* claim based on a single event.

B. The complaint does not identify a final policymaker or a policymaking decision.

A single decision can constitute municipal policy only when made by an official with final policymaking authority for the challenged action. *Loomis v. Montrose Borough Police Dep't,* No. 3:20-CV-1610, 2021 WL 2865290, at *4 (M.D. Pa. July 8, 2021). Here, there are no allegations establishing that a person or entity issued an official proclamation, policy, or edict that caused Plaintiff's injuries. *Kneipp v. Tedder,* 95 F.3d 1199, 1212 - 1213 (3d Cir. 1996). The complaint does not identify the TVMA Board as having made or ratified the challenged decision or allege the terms of any delegation of any decision. In fact, the Second Amended Complaint alleges that the "Defendants" violated the JSAJWA rules, i.e., the actual policies, when it shut off Plaintiff's water. It does not allege that the policies themselves are unlawful.

Section 5610(e) of the Pennsylvania Municipal Authorities Act states generally that an authority board manages the authority's business and determines the duties of officers and employees. That general allocation does not establish that any board or named employee was a final policymaker for account disputes, water

termination, disability accommodations, or police involvement in this case. The objection itself acknowledges that discovery would be needed to determine who possessed authority. A request to discover whether a claim exists does not substitute for plausible allegations.

C. No underlying constitutional violation is plausibly alleged.

Municipal liability also fails absent an underlying constitutional violation. For the reasons above, Plaintiff does not plead a viable due process, First Amendment, Fourth Amendment, Equal Protection, or Takings claim. The *Monell* count therefore cannot proceed independently.

## VI. PLAINTIFF'S SECTION 1985(3) CONSPIRACY CLAIM REMAINS DEFICIENT.

Objection XI notes that paragraphs 89 through 91 of the Second Amended Complaint use the words "agreement," "shared plan," and "overt acts." Those are legal conclusions. *Great Western Mining* requires factual allegations plausibly suggesting a meeting of the minds, including the approximate time of agreement, parties, object, and conduct supporting a reasonable inference of concerted action. *Great Western Mining,* 615 F.3d 159, 178-79 (3d Cir. 2010).

The complaint does not allege the content of communications between TVMA and any other party, identify an agreement to violate a federal right, or describe each Defendant's role. Parallel participation in utility-related events does not itself establish conspiracy.

The claimed class-based animus is also deficient. Plaintiff alleges he is a disabled veteran and asserts that Defendants acted because of that status, but he pleads no facts showing invidiously discriminatory animus toward veterans or the disabled.

## VII. THE OBJECTIONS DO NOT SAVE PLAINTIFF'S STATE-LAW CLAIMS.

### A. The Pennsylvania constitutional count is redundant and does not support damages.

Plaintiff emphasizes that Count VI disclaims an independent damages action under the Pennsylvania Constitution. That clarification does not create a viable freestanding claim against TVMA. To the extent Count VI merely duplicates the federal constitutional theories, it adds no independent basis for relief. To the extent Plaintiff seeks prospective declaratory or injunctive relief, he must still allege an ongoing controversy and a legally cognizable cause of action, not solely past conduct. The water service was restored, so the pleading principally seeks a declaration concerning past conduct. Declaratory relief is not a substitute for a failed damages claim or a vehicle to obtain an advisory determination of past liability. *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006)(internal citations omitted).

### B. The UTPCPL claim fails against TVMA as a matter of law.

Plaintiff accepts *Meyer v. Community College of Beaver County* as to the municipal authorities. In that case, the Pennsylvania Supreme Court held that

political subdivision agencies are not 'persons' subject to the UTPCPL. *Meyer v. Community College of Beaver County,* 93 A.3d 806, 815 (Pa. 2014). Objection XIV therefore supplies no basis to preserve Count X against TVMA.

C. The fraud, IIED, and fiduciary-duty claims fail against TVMA.

The Pennsylvania Political Subdivision Tort Claims Act bars these intentional tort claims against TVMA. 42 Pa.C.S. §§ 8541-8542. Plaintiff's objections focus on potential individual liability, but no statutory exception permits these claims against TVMA.

The claims also fail on their elements. The fraud allegations do not identify a specific TVMA representation, speaker, time, place, falsity, knowledge, justifiable reliance, and resulting loss with F.R.C.P. 9(b) particularity. The aggregate course of conduct alleged for IIED does not meet Pennsylvania's exceptionally demanding outrageousness standard. The fiduciary-duty claim fails because an ordinary utility-customer relationship is arm's length and does not involve Plaintiff ceding decision-making control to TVMA.

D. The unjust enrichment claim remains defective.

Plaintiff identifies fees, payments, and credits as benefits allegedly retained. But the pleading also alleges a service relationship governed by rates and rules. Unjust enrichment is unavailable where an express contractual or statutory payment relationship governs the subject. Alternative pleading does not excuse a plaintiff

from alleging facts showing that no enforceable agreement governs the precise subject matter.

Even if pleaded in the alternative, the complaint does not plausibly allege why retention of authorized fees or payment for service was inequitable as to TVMA. Plaintiff's veterinary expenses were not benefits conferred upon TVMA. Rescission is also unavailable because consumed utility service cannot be returned and Plaintiff does not identify a contract capable of rescission.

## VIII. THE COURT SHOULD REJECT PLAINTIFF'S REQUEST FOR BLANKET LEAVE TO AMEND.

Objection XV argues that Plaintiff has not previously received a merits-based opportunity to cure every deficiency identified in the R&R. Even if that procedural characterization is accepted, Rule 15 does not require leave where amendment would be futile. "…[R]epeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" are all reasons to deny the opportunity to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962) The Court should evaluate these factors claim by claim.

Several claims fail categorically as to TVMA: punitive damages under Section 1983, UTPCPL liability of a municipal authority, intentional-tort liability barred by the Tort Claims Act, a Fourth Amendment search or seizure, and a Fifth

Amendment taking based solely on temporary termination of water service. Repleading factual detail again (for the fourth time) cannot cure those legal defects.

Other proposed amendments depend on facts Plaintiff has not represented he can truthfully plead, including identified comparators, an actual conspiratorial agreement, a final TVMA policymaker, prior similar incidents, or defendant-specific fraudulent statements and reliance. A generalized request to investigate and later supply facts is not a good-faith basis for pleading a claim. *Id*.

The Court may permit the targeted Rehabilitation Act amendment recommended by the R&R because Plaintiff has submitted records bearing on federal financial assistance. TVMA preserves all arguments concerning whether the identified funding constitutes federal financial assistance to the relevant "program or activity," whether the funding was operative at the relevant time, causation, and available remedies.

As to the remaining claims, Plaintiff has not supplied a proposed amended pleading or concrete factual proffer demonstrating cure. The Court should deny blanket leave and dismiss with prejudice those claims in which Plaintiff has had three opportunities to replead, and which defects are legal or which allegations already demonstrate futility. In the alternative, any leave to amend should be expressly limited by claim, defendant, and identified deficiency, with a direction that Plaintiff may not replead claims foreclosed as a matter of law.

## Conclusion

For the foregoing reasons, Defendant Tiadaghton Valley Municipal Authority respectfully requests that the Court overrule Plaintiff's objections to the extent they seek to preserve claims against TVMA, adopt the Report and Recommendation's recommended disposition of TVMA's motion to dismiss, dismiss Counts I and IV through XIII and the challenged requests for relief as to TVMA, and limit any leave to amend to the Rehabilitation Act funding issue or other specific deficiency the Court determines is plausibly curable and non-prejudicial to TVMA.

Respectfully submitted,

BARLEY SNYDER

By: *_/s/ Sarah L. Doyle_*

Michael J. Crocenzi, Esquire (#66255)
mcrocenzi@barley.com
Sarah L. Doyle, Esquire (#321149)
sdoyle@barley.com
100 East Market Street
York, PA 17401
Telephone (717) 846-8888
*Counsel for Tiadaghton Valley Municipal Authority*

Date: October 12, 2026

**CERTIFICATE OF SERVICE**

I certify that on this 12th day of October, 2026, the foregoing Response to Plaintiff's Objections to the Report and Recommendation was electronically filed and available for downloading from the ECF system and, pursuant to Fed. R.C.P. 5(b)(2)(D), such electronic filing constitutes service of the foregoing document on the following parties who have consented to electronic service:

Sean P. McDonough, Esquire
Dougherty Leventhal & Price, LLP
459 Wyoming Avenue
Kingston, PA 18704
*Counsel for Defendant Jersey Shore*
*Area Joint Water Authority and Eric Johnston*

Dion Storm Holland
566 High Street
Jersey Shore, PA 17740
*Pro Se Plaintiff*

Respectfully submitted,

BARLEY SNYDER

By: *__/s/ Sarah L. Doyle__*
Michael J. Crocenzi, Esquire (#66255)
mcrocenzi@barley.com
Sarah L. Doyle, Esquire (#321149)
sdoyle@barley.com
100 East Market Street
York, PA 17401
Telephone (717) 846-8888
*Counsel for Tiadaghton Valley Municipal Authority*

Date: October 12, 2026