**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DION STORM HOLLAND, | : | |
| Plaintiff, | : | Civil Action No. 4:25-CV-01323 |
| v. | : | The Honorable Keli M. Neary (JUDGE) (MAG. JUDGE CARLSON) |
| JERSEY SHORE AREA JOINT WATER AUTHORITY, TIADAGHTON VALLEY MUNICIPAL AUTHORITY, ERIC S. JOHNSTON, TIMOTHY CONFAIR, JOHN DOE 1-5 in their individual capacities, | : | **Motion For Extension of Time and Leave To File a Enlarged Consolidated Reply** |
| Defendants. | : | |

**<u>Plaintiff's Motion for an Extension of Time and Leave to File an Enlarged Consolidated Reply</u>**

Plaintiff Dion Storm Holland, proceeding pro se, requests an extension through November 17, 2026, to file one consolidated reply addressing ECF Nos. 94 and 97 in support of his objections at ECF No. 91. He requests a fourteen-day extension of the November 3 deadline concerning ECF No. 97 under Federal Rule of Civil Procedure 6(b)(1)(A), and, to the extent necessary, an extension under Rule 6(b)(1)(B) to address ECF No. 94 in the same reply. Plaintiff also requests prior

authorization under Local Rule 7.8(b)(3) for a consolidated reply not exceeding 10,000 words.

1. Magistrate Judge Carlson issued the Report and Recommendation at ECF No. 90 on September 16, 2026. Plaintiff filed specific objections, a supporting brief, and supplemental materials on September 28. ECF No. 91.

2. On October 5, the Court extended the Jersey Shore defendants' response deadline to October 27. ECF No. 93. TVMA filed its response on October 12. ECF No. 94. The Jersey Shore defendants filed their opposition on October 27. ECF No. 97.

3. The certificates identify electronic service on October 12 for ECF No. 94 and email service on October 27 for ECF No. 97. Under Local Rules 72.2 and 72.3, those dates yield ordinary reply deadlines of October 19 and November 3, respectively, absent a different controlling order or service circumstance.

4. Plaintiff understood that a reply was optional and that his objections remained pending before Judge Neary. He waited for the Jersey Shore defendants' response so that he could consider both responses before deciding whether further briefing was needed.

5. During the period following TVMA's response, Plaintiff participated in an October 14, 2026 PUC hearing requiring a closing brief. He has also been handling motion preparation in the PenFed litigation and preparation for its November 20

summary-judgment deadline, without counsel. Those overlapping responsibilities contributed to his delay, together with his decision to await both oppositions and his failure to understand that the optional reply period concerning TVMA expired independently. Plaintiff offers these circumstances for the Court's consideration and does not contend that workload alone automatically excuses a missed deadline.

6. Plaintiff acknowledges that ECF No. 93 did not expressly extend his separate period to reply to TVMA. He requests permission rather than assuming that the later response reopened that period.

7. Both responses address the same objections and overlap concerning pretermination process, the First Amendment, municipal liability, and amendment. A consolidated reply would avoid repeating common arguments in separate briefs.

8. ECF No. 97 comprises 51 PDF pages and certifies 9,191 words; ECF No. 94 comprises 27 PDF pages. Plaintiff requests fourteen additional days, through November 17, 2026, to research the authorities and prepare a focused, nonduplicative reply addressing the constitutional, statutory, immunity, and pleading issues raised in those responses. The combined volume and overlapping issues support good cause for the requested extension concerning ECF No. 97.

9. Plaintiff requests authorization under Local Rule 7.8(b)(3) for one consolidated reply not exceeding 10,000 words. The additional space would permit a focused response to both oppositions, including distinct arguments concerning each

authority, without repetitive separate briefs. Plaintiff will use only the space reasonably necessary, state the actual word count in a certificate, and include a table of contents and table of authorities if the brief exceeds fifteen pages. This request is made before the existing November 3 deadline and is intended to satisfy the rule's requirement of filing at least two working days before the brief is due.

10. The requested reply will rely on the operative pleading and materials already submitted. It does not add historical facts to the SAC, request an evidentiary proceeding, or seek alteration of another case deadline.

11. Plaintiff asks the Court to evaluate the limited delay, the relationship between the responses, the scope of the requested relief, and his explanation for waiting under the excusable-neglect standard. He does not contend that pro se status or misunderstanding a rule automatically excuses noncompliance.

12. Alternatively, if the Court declines to permit a consolidated reply addressing ECF No. 94, Plaintiff requests an extension through November 17, 2026, to reply to ECF No. 97 alone. Plaintiff recognizes that neither his concurrence request nor this motion itself extends the existing November 3 deadline; an extension requires a Court order.

**WHEREFORE,** Plaintiff requests an order extending his reply deadline through November 17, 2026, and permitting one consolidated reply of no more than 10,000 words addressing ECF Nos. 94 and 97; alternatively, he requests the same

November 17 deadline to reply to ECF No. 97 alone. No other case deadline would change. A proposed order accompanies this motion.

I declare under penalty of perjury that the statements concerning my own understanding, litigation obligations, and reasons for waiting are true and correct. Executed on the date accompanying my signature below.

Respectfully submitted,

/s/ Dion Storm Holland

566 High Street

Jersey Shore, PA 17740

subarudion@gmail.com

(814) 574-9664

Date: 10/29/2026

**Certification Regarding Concurrence**

Plaintiff sought concurrence by email on October 28, 2026, in an extension through November 17 and one consolidated reply addressing ECF Nos. 94 and 97, including relief under Rule 6(b)(1)(B) concerning ECF No. 94. On October 29, Sean P. McDonough stated that the JSAJWA defendants concurred in that motion. At 12:11 p.m. Eastern on October 29, Plaintiff supplemented the request to seek a 10,000-word limit. At 12:50 p.m. Eastern that day, Sarah L. Doyle expressly concurred in the extension under Rule 6(b)(1)(B), a consolidated reply addressing both oppositions, and the 10,000-word limit. No separate response from JSAJWA counsel concerning the added word limit had been received when this certification was prepared. His earlier concurrence is reported only as to the original request.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of October 29, 2026, I caused a true and correct copy of the foregoing Motion for an Extension of Time and Leave to File an Enlarged Consolidated Reply to be served by electronic filing through the Court's CM/ECF system, which constitutes service under Fed. R. Civ. P. 5(b)(2)(D), upon the following counsel of record:

Sean P. McDonough, Esq. (PA I.D. #47428)
Dougherty, Leventhal & Price, LLP
459 Wyoming Avenue
Kingston, PA 18704
E-mail: smcdonough@dlplaw.com
Michael J. Crocenzi, Esq. (PA I.D. #66255)
Barley Snyder
100 East Market Street
York, PA 17401
E-mail: mcrocenzi@barley.com
Sarah L. Doyle, Esq. (PA I.D. #321149)
Barley Snyder
100 East Market Street
York, PA 17401
E-mail: sdoyle@barley.com

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Dion Storm Holland
Dion Storm Holland, Pro Se
In Care of: 566 High Street
Jersey Shore, Pennsylvania 17740
(814) 574-9664 subarudion@gmail.com