**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DION STORM HOLLAND,<br>Plaintiff,<br><br>v.<br>JERSEY SHORE AREA JOINT WATER AUTHORITY; TIADAGHTON VALLEY MUNICIPAL AUTHORITY; ERIC S. JOHNSTON; TIMOTHY CONFAIR; and JOHN DOE 1-5 in their individual capacities,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No.<br>4:25-cv-01323-KMN<br>(Judge Keli M. Neary)<br><br>(Magistrate Judge Carlson) |

# Brief Supporting the Requested Extension and Enlarged Consolidated Reply

Plaintiff requests an extension through November 17, 2026, to file one consolidated reply addressing ECF Nos. 94 and 97. Local Rule 72.3 incorporates Rule 72.2, which permits a reply within seven days after service of the opposing brief. Plaintiff acknowledges the separate service dates and that the extension granted to the Jersey Shore defendants did not expressly extend his period to reply to TVMA.

Rule 6(b)(1)(A) permits an extension for good cause when requested before the existing deadline expires. Plaintiff seeks fourteen additional days beyond November 3 for his reply to ECF No. 97. That opposition comprises 51 PDF pages and certifies 9,191 words, in addition to TVMA's 27-page response. The time requested would allow research and preparation of a focused reply addressing the

overlapping constitutional, statutory, immunity, and pleading issues without repetitive separate briefs. Plaintiff submits that these circumstances establish good cause for the requested November 17 deadline.

Rule 6(b)(1)(B) permits an extension after expiration upon a showing of excusable neglect. The equitable inquiry considers prejudice, the length and effect of delay, the reason for delay and whether it was within the movant's control, and good faith. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 392, 395 (1993). Misunderstanding a rule does not ordinarily excuse noncompliance; Plaintiff requests no automatic exception.

Plaintiff understood that further reply briefing was optional and waited for the response due under ECF No. 93 before deciding whether to submit it. He does not assert that the Court directed him to wait or that Defendants had agreed to an extension before the earlier reply period expired. He candidly asks the Court to consider that explanation with the other circumstances.

Plaintiff also participated in an October 14 PUC hearing requiring a closing brief and has been handling PenFed motion preparation and its November 20 summary-judgment deadline without counsel. These competing obligations contributed to the delay. Plaintiff acknowledges his responsibility for tracking the reply period and asks the Court to evaluate his explanation under all of the Pioneer factors. TVMA's express concurrence supports the absence of material prejudice to

that party from the requested briefing relief. The requested November 17 date is nineteen days after October 29 and twenty-nine days after the ordinary October 19 reply deadline for ECF No. 94. Plaintiff seeks no change to another case deadline.

The requested reply will address the existing objections and record. It requests no new evidentiary proceeding and no change to another case deadline. Consolidation would avoid repetitive arguments common to ECF Nos. 94 and 97. Plaintiff submits that the limited procedural effect and overlapping issues support allowing the consolidated reply notwithstanding expiration of the earlier reply period.

If the Court finds the explanation insufficient under Rule 6(b)(1)(B), Plaintiff alternatively requests an extension through November 17, 2026, to reply to ECF No. 97 alone. The Court can grant that timely requested extension under Rule 6(b)(1)(A) independently of its decision concerning the earlier TVMA response. Plaintiff recognizes that the existing November 3 deadline remains operative unless the Court orders otherwise.

Local Rule 7.8(b)(1) generally limits a brief to fifteen pages, while subsection (b)(2) permits a longer brief up to 5,000 words with an actual-word-count certificate. Subsection (b)(3) requires prior authorization to exceed those limits and requires the motion to specify the requested length and be filed at least two working days before the brief is due. Plaintiff requests a ceiling of 10,000

words for one consolidated reply to both oppositions. TVMA counsel reports that ECF No. 94 contains 4,395 words, exclusive of caption, tables, and certificate of service; Plaintiff does not contend that its 27-page length alone required prior authorization. The combined volume, distinct arguments concerning the two authorities, and overlapping constitutional and statutory issues support the requested enlargement. Plaintiff will avoid repetition and comply with the table requirements of Rule 7.8(a) if the brief exceeds fifteen pages.

Plaintiff respectfully requests that the motion be granted.

Respectfully submitted,

/s/ Dion Storm Holland
566 High Street
Jersey Shore, PA 17740
subarudion@gmail.com
(814) 574-9664

Date: 10/29/2026

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of October 29, 2026, I caused a true and correct copy of the foregoing Brief accompanying the Motion and proposed order for an Extension of Time and Leave to File an Enlarged Consolidated Reply to be served by electronic filing through the Court's CM/ECF system, which constitutes service under Fed. R. Civ. P. 5(b)(2)(D), upon the following counsel of record:

Sean P. McDonough, Esq. (PA I.D. #47428)
Dougherty, Leventhal & Price, LLP
459 Wyoming Avenue
Kingston, PA 18704
E-mail: smcdonough@dlplaw.com

Michael J. Crocenzi, Esq. (PA I.D. #66255)
Barley Snyder
100 East Market Street
York, PA 17401
E-mail: mcrocenzi@barley.com

Sarah L. Doyle, Esq. (PA I.D. #321149)
Barley Snyder
100 East Market Street
York, PA 17401
E-mail: sdoyle@barley.com

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Dion Storm Holland
Dion Storm Holland, Pro Se
In Care of: 566 High Street
Jersey Shore, Pennsylvania 17740
(814) 574-9664 subarudion@gmail.com