**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 23-1644

VINCENT J. TULIO,
Appellant

v.

LANSDALE BOROUGH

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:22-cv-02423)
District Judge: Honorable Timothy J. Savage

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 14, 2023

Before: BIBAS, PORTER, and FISHER, *Circuit Judges*

(Filed: December 18, 2023 )

OPINION*

BIBAS, *Circuit Judge*.

If litigants wait too long to sue, they will find the courthouse doors shut. Vincent Tulio bought a warehouse in Lansdale, Pennsylvania, and converted it into an eight-unit commercial building. When he bought it, its sewer fee was based on having three toilets. After

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

the renovations, it had six. But the Borough of Lansdale insisted on computing the sewer bill based on seven toilets. For three years, he complained to the Borough and its staff, but to no avail.

Frustrated, Tulio refused to pay his utility bills. So the Borough put liens on his property for unpaid sewer and electric fees. And in 2011, it cut off his electricity (except to one unit) and water. In 2015, because there were still outstanding bills, it denied him use-and-occupancy permits. Even after he paid off many of the bills, the liens stayed put.

Pennsylvania state law has a process to challenge liens under the Municipal Claims and Tax Liens Act, 53 Pa. Cons. Stat. § 7182 (the Act). Tulio sued in state court two years ago but has failed to pursue that process. Instead, in 2022, he filed this federal civil-rights suit under 42 U.S.C. § 1983, claiming that the Borough had violated due process and taken his property without just compensation. He also included a state-law claim for breach of a 2013 settlement agreement.

The District Court granted summary judgment for the Borough on Tulio's federal claims and declined to exercise supplemental jurisdiction over the remaining state-law claim. Tulio now appeals. We review his claims de novo. *Tundo v. County of Passaic*, 923 F.3d 283, 286 (3d Cir. 2019).

Tulio's suit comes far too late. In Pennsylvania, the statute of limitations for § 1983 claims based on torts is two years. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); *see* 42 Pa. Cons. Stat. § 5524(4), (7). Tulio's claims arise from the 2011 shutoff of his utilities and liens the Borough imposed between 2008 and 2015. He wanted to sue as early as 2011; in 2015 his lawyer confirmed that he should have sued then. And the persistence of liens is

not a continuing violation that can extend the statute of limitations. *Cowell v. Palmer Township*, 263 F.3d 286, 293–95 (3d Cir. 2001). Likewise, he should have brought his breach-of-settlement claim within the four-year statute of limitations. 42 Pa. Cons. Stat. § 5525(a)(8). He is thus out of time.

In any event, Tulio's due-process claim fails on the merits. He had no right to a pre-deprivation hearing before the Borough recorded its utility liens. *Augustin v. City of Philadelphia*, 897 F.3d 142, 144–45, 149 (3d Cir. 2018). The Act's post-deprivation procedures, we have held, satisfy due process. *Id.* at 153. Plus, because there is a state remedy that is not "patently inadequate," Tulio's failure to pursue it bars his federal due-process claim. *Holland v. Rosen*, 895 F.3d 272, 297 (3d Cir. 2018) (internal quotation marks omitted). Having tossed out the federal claims, the District Court properly declined to exercise jurisdiction over the state-law one. *See* 28 U.S.C. § 1367(c)(3). So it correctly granted summary judgment, and we will affirm.